| | |
|---|---|
| CPI SECURITY SYSTEMS, INC.,<br><br>                     Plaintiff,<br><br>v.<br><br>VIVINT SMART HOME, INC.<br>f/k/a MOSAIC ACQUISITION CORP.<br>AND LEGACY VIVINT SMART HOME,<br>INC.<br>f/k/a VIVINT SMART HOME, INC.,<br><br>                     Defendants. | **PROTECTIVE ORDER** |

It is hereby ORDERED that the Standing Protective Order adopted in this case is supplemented such that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests in this case:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except: (a) the requesting party and counsel; (b) employees of such counsel assigned to and necessary to assist in the litigation; (c) consultants or experts to the extent deemed necessary by counsel; (d) any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and (e) the Court or the jury at trial or as exhibits to motions.

5. Information designated as "Confidential" may also be designated "ATTORNEYS' EYES ONLY." The "Attorneys' Eyes Only" designation is reserved for confidential information that constitutes or contains: (a) a trade secret as defined in 18 U.S.C. § 1839(3); or (b) proprietary business data, or other commercially sensitive information, the disclosure of which is likely to cause harm to the disclosing party. Any information designated "Attorneys' Eyes Only" shall also be considered

"Confidential" and subject to the same provisions of this Order, except as otherwise provided herein.

6. Except as set forth herein, or in any subsequent order of the Court, a receiving party which receives any information, document, or electronic file designated as "Attorneys' Eyes Only" may deliver, exhibit, or disclose such information, document, or electronic file, after compliance with the remaining provisions of this Order and only to the following persons: (a) outside counsel of record for each party in this case, or attorneys or staff in such counsel's firm; (b) any person identified in the information, document, or electronic file itself as having authored or previously received the information, document, or electronic file; (c) outside consultants or outside experts retained for the purposes of assisting counsel in the investigation, trial, or appeal of this case or testifying at trial, on the condition that the consultant or expert executes the attestation annexed to this Protective Order, agreeing to be bound hereby; (d) the Court or the jury at trial or as exhibits to motions. Documents and electronic files designated "Attorneys' Eyes Only" and information contained therein shall not be given, shown, made available, or communicated in any way to any employee, officer, director, manager, member, partner, or owner of the party or parties to whom such materials are produced.

7. Prior to disclosing or displaying the confidential information to any person, counsel shall: (a) inform the person of the confidential nature of the information or documents; and (b) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this

litigation and has enjoined the disclosure of that information or documents to any other person.

8. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 4(c), 4(d), 6(b), and 6(c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

9. For the purposes of Paragraphs 4(d), 4(e), and 6(d), it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. To the extent a party intends to file with the Court any document that has been designated by the opposing party as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," the parties shall meet and confer regarding how such documents should be filed and whether and to what extent certain information should be redacted from the publicly filed documents or filed under seal in accordance with Local Civil Rule 6.1 and paragraph 1(h) of the Case Management Order. Absent agreement between the parties prior to the filing of any such documents, the filing party shall take appropriate steps to protect the information designated as

"CONFIDENTIAL" or "ATTORNEY EYES ONLY" from public disclosure, including through a motion to seal such exhibit(s) in accordance with Local Civil Rule 6.1 and paragraph 1(h) of the Case Management Order and/or by applying reasonable redactions to protect the sensitive information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by the opposing party.

10. Information possessed by any Party that may through public disclosure violate, infringe upon or affect either Parties' customers' right to privacy or security (hereafter "Private Customer Information") shall be redacted from any documents publicly filed by any Party. Private Customer Information includes a customer's alarm passcode(s) and related security screening information, Social Security Number, bank account information, credit card information, and other sensitive personal information related to the customer's home alarm system.

11. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

12. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: August 12, 2021

David S. Cayer
United States Magistrate Judge

Exhibit A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *CPI Security Systems, Inc. v. Vivint Smart Home, Inc.*, et al., No. 3:20-CV-00504-FDW-DSC (W.D.N.C.), have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" and/or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)