UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00504-FDW-DSC

CPI SECURITY SYSTEMS, INC.,

                                    Plaintiff,

         v.

VIVINT SMART HOME, INC. f/k/a Mosaic Acquisition
Corp.; and LEGACY VIVINT SMART HOME, INC. f/k/a
Vivint Smart Home, Inc.,

                                    Defendants.

**PLAINTIFF CPI SECURITY SYSTEMS, INC.'S DESIGNATION OF INTERROGATORIES AND REQUESTS FOR PRODUCTION (With Defendants' Objections and Counter Designations)**

Pursuant to the Court's Case Management Order [Doc 35 at p. 10, subsection (5)], CPI hereby designates the following discovery materials that CPI may offer at trial (except those offered solely for impeachment or cross-examination). The portions of the discovery requests and responses being designated are **bolded** in the tables that follow:

1

# 1. **Vivint's Responses to CPI's First Set of Interrogatories:**

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections[1] |
|---|---|---|
| **Interrogatory No 1**: **Identify the legal entit(y)(ies) through which door-to-door sales operations have been conducted by or on behalf of Vivint during all years relating to the sales practices at issue in the Complaint in this suit, including but not limited to the years 2016 to present.** | **Answer:** Defendants object to this request on the grounds that it is overbroad in scope. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff has not provided a single instance of the alleged "false and deceptive sales practices" or the relevant dates for these allegations. As a result, there is no basis for requesting this information as far back as 2016. Defendants will provide information for other years upon basic specificity from Plaintiff as to the date range of the alleged conduct. **For the foregoing reasons, below is Defendants' response to this request for the current year, 2021, only:** | F FM |

---

[1] For each entry herein, including all Interrogatories and Requests for Production herein, Vivint hereby adopts and incorporates all objections set forth in its Answers/Responses cited to in the second column herein ("Vivint Response") as if set forth at length in the third column herein ("Defendants' Counter-Designations/Objections").

| | | |
|---|---|---|
| | **Vivint, Inc.**<br>**Smart Home Pros, Inc.**<br>**Vivint Louisiana, LLC**<br>**Vivint, Inc. also works with third-party**<br>**dealers who perform door-to-door sales.** | |
| **Interrogatory No 2:**<br>**With respect to the period of**<br>**September 11, 2016 to**<br>**present, identify each and**<br>**every Vivint customer (or**<br>**former customer, if the**<br>**customer has since ceased**<br>**Vivant's services) that was a**<br>**CPI Security Systems, Inc.**<br>**customer immediately prior**<br>**to becoming a Vivint**<br>**customer including the date**<br>**on which the CPI customer**<br>**switched from being a**<br>**customer of CPI to a**<br>**customer of Vivint.** | **Answer:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6), not provide any details as to those complaints, and then request confidential customer information in the hopes of finding that customer complaints were actually made. *See Greenbelt Ventures, LLC v. Washington Metro. Area Transit Auth.*, 481 Fed. Appx. 833, 837 n.1 (4th Cir. 2012) (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). | F<br>FM<br>R<br>H |

This amounts to nothing more than a "fishing expedition" in which Plaintiff is asking Defendants to prove that consumers complained about Vivint under the guise of previously having received unspecified complaints about Vivint from its unidentified customers at an unidentified time(s) or place(s). See id. Furthermore, this request seeks information as to all customers who switched to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to information regarding Vivint customers who just happened to be CPI customers sometime before signing with Vivint, as this does not in itself mean that false or misleading sales tactics led to the customer switching from CPI to Vivint. In addition, this request is unduly burdensome because Vivint does not maintain a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. For the foregoing reasons, Defendants will not respond to this request.

**<u>Supplemental Answer:</u>**
**Vivint does not maintain a uniform or mandated practice of documenting a customer's former alarm service provider(s). In its best efforts to comply with this request, Vivint has searched all**

| | | |
|---|---|---|
| | account notes from September 11, 2016 to the present for any mention of CPI as a previous provider and has produced all agreements, documents and audio related to those customers in the corresponding production. Pursuant to Fed. R. Civ. P. 33(d), information responsive to this request can be ascertained by reviewing the customer Purchase Service Agreements provided in the corresponding production. | |
| **Interrogatory No. 3:** With respect to each and every customer identified in response to Interrogatory No. 2 above, identify whether such customer (or someone on his or her behalf) has ever contacted Vivint and alleged that a Vivint sales representative obtained that customer's account by any potentially false or misleading representation or claim of affiliation whatsoever with CPI Security Systems, Inc. or the customer's existing alarm "company" (sometimes referred to by Vivint as an "affiliation misrepresentation," "AM" or | **Answer:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. if 6), not provide any details as to those complaints, and then request confidential customer information in the hopes of discovering that such customer complaints were ever made. Plaintiff speculates that such complaints and | F FM R H |

| | | |
|---|---|---|
| **"slam"), and if so, the date of such contact and all details regarding the sales encounter provided to Vivint by the customer.** | misconduct must have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." See Greenbelt Ventures, LLC, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition" in which Plaintiff is asking Defendants to prove that consumers complained about Vivint under the guise of previously having received unspecified complaints about Vivint from its unidentified customers at an unidentified time(s) or place(s). See id. Furthermore, this request seeks information as to all Vivint customers, including non-CPI customers, who are irrelevant to the lawsuit. CPI is not entitled to information regarding Vivint customers or sales representatives who have never had an affiliation with CPI or its customers. In addition, this request is unduly burdensome because Vivint does not maintain a uniform or mandated practice of documenting a customer's former alarm service provider(s). In order to determine whether the customer had an alarm service provider prior to signing with Defendants would be required to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide this information upon receipt of basic details as to | |

| | | |
|---|---|---|
| | the allegations, including the names of the CPI customers at issue. For the foregoing reasons, Defendants will not respond to this request.<br><br>**Supplemental Answer: Defendants have produced all agreements, documents and audio related to those customers identified by a search of customer account notes during the relevant period in the corresponding production. Pursuant to Fed. R. Civ. P. 33(d), information responsive to this request can be ascertained by reviewing the account notes and correspondence provided in the corresponding production for each identified customer.** | |
| **Interrogatory No. 4: With respect to each and every customer identified in response to Interrogatory No. 2 above, identify the Vivint sales representative(s) who interacted with such customer in any door-to-door sales transaction to obtain that customer account.** | <u>Answer</u>:<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim | F<br>FM<br>R<br>H |

7

Case 3:20-cv-00504-FDW-DSC   Document 81-5   Filed 12/10/21   Page 7 of 110

alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details as to those complaints, and then use discovery in the hopes of discovering that such claims actually exist. Plaintiff cannot use the discovery process to determine if any claims exist or to collect confidential information, such as the names of customers and sales representatives. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Furthermore, this request seeks information as to sales representatives who sold to non-CPI customers, who are irrelevant to this lawsuit. CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information, as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s) or whether the customer even had an alarm service provider prior to signing with Vivint. This request would

| | | |
|---|---|---|
| | require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers and then determine the sales representative who sold to that customer. Defendants will identify the sales representatives related to the CPI customers at issue upon receipt of basic details of the customers, including their names. For the foregoing reasons, Defendants will not respond to this request.<br><br>**Supplemental Answer: Pursuant to Fed. R. Civ. P. 33(d), information responsive to this request can be ascertained by reviewing the Purchase Service Agreements and service documents provided in the corresponding production for each identified customer.** | |
| **Interrogatory No. 5:**<br>**With respect to the sales representatives identified in response to Interrogatory No. 4 above, identify any and all Vivint sales representatives or employees whose employment was terminated by Vivint, in whole or in part, or who was fined or disciplined by Vivint, due to** | **Answer:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant | F<br>FM<br>R |

9

| | | |
|---|---|---|
| **any alleged false or misleading sales practices or alleged misrepresentations of affiliation with CPI Security Systems, Inc., and for each describe in full the amount of the fine, the nature of any disciplinary action or termination, and the date each action was taken.** | jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any details as to those complaints, and then request confidential employee information in the hopes of proving that such complaints were made. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff is also not entitled to termination information as to sales representatives or employees not engaged in door-to-door sales because that is the only form of sales referenced in the Amended Complaint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information, as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s) or whether the customer even had an | |

| | alarm service provider prior to signing with Vivint. This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers, and then determine the sales representative who sold to that customer. Defendants will provide the requested termination information as it relates to the CPI customers at issue upon receipt of basic specificity as to the claims, discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff is also not entitled to termination information as to sales representatives or employees not engaged in door-to-door sales because that is the only form of misleading sales alleged in the Amended Complaint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information, as there is not a uniform or mandated practice of documenting a customer's former alarm service provider or whether the customer even had an alarm service provider prior to signing with Vivint. This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio | |
|---|---|---|

| | | |
|---|---|---|
| | to (potentially) determine their former alarm security providers and then determine the sales representative who sold to that customer, and then determine who managed or trained those sales representatives. Defendants will provide this information upon receipt of basic specificity as to the claims, including the names of the CPI customers and date range at issue. **For the foregoing reasons, Defendants will not respond to this request.** | |
| **Interrogatory No. 6**: **Identify the supervisor, sales manager, and/or sales trainer of all Vivint sales representatives or employees identified in response to Interrogatory No. 4 above, and for each supervisor, sales manager or sales trainer, that individual's direct supervisor.** | **Answer**: Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints for those claims, and then request confidential employee information in the hopes of finding that complaints were actually made. Plaintiff speculates that such complaints and misconduct have occurred, but | F<br>FM<br>R<br>H |

| | provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any specifics as to those complaints. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery as to a writing of which plaintiff provided no basis for why or how it believed such a document existed). This amounts to nothing more than a "fishing expedition." *See id*. The request does not define a timeframe for the requested information. Moreover, the vague and ambiguous terms "false or misleading statements" and "potential customer" are left undefined. **Without waiving the foregoing** | |

| | | |
|---|---|---|
| | objections, Defendants respond with the following 2021 company-wide procedures and policies in place to prohibit, punish and deter the use of illegal sales tactics in door-to-door sales: Vivint employs a robust training program that is intended to both train sales representatives to properly sell Vivint's products and services and to educate sales representatives as to types of behavior that are not acceptable. Vivint's managers and leaders are empowered to address behaviors with their respective teams, including coaching and discipline, up to and including termination. Vivint implements a robust compliance program that investigates and addresses instances of alleged misconduct. If an investigation supports the allegation of misconduct, the sales representative may be subject to a fine and/or other discipline, including and up to termination. In all cases, Vivint's response to misconduct depends upon the nature of the conduct and all surrounding circumstances.

**Supplemental Answer:**
*See* Supplemental Response to CPI's First Set of Requests for Production Nos. 13 and 17. Pursuant to Fed. R. Civ. P. 33(d), information responsive to this request can be ascertained by reviewing the documents | |

| | | |
|---|---|---|
| | **provided in response to Request for Production Nos. 13 and 17.** | |
| **Interrogatory No. 7**: For any Vivint sales representative identified in response to Interrogatory No. 5 above whose employment was terminated by Vivint (in whole or in part) due to any alleged false or misleading sales practices or alleged misrepresentations of affiliation with CPI Security Systems, Inc., please indicate whether the sales representative was ever rehired by any Vivint entity in any capacity (including but not limited to Vivint Solar), the date the sales representative was rehired, and the reason the sales representative was rehired. | **Answer:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints, then use discovery in the hopes of finding that such complaints actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. CPI is not entitled to | F<br>FM<br>R |

|  | information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff is also not entitled to termination information as to sales representatives or employees not engaged in door-to-door sales because that is the only form of misleading sales alleged in the Amended Complaint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information, as there is not a uniform or mandated practice of documenting a customer's former alarm service provider or whether the customer even had an alarm service provider prior to signing with Vivint. This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers and then determine the sales representative who sold to that customer. Moreover, Vivint Solar is an independent entity, that is not owned by or affiliated with Vivint and therefore, information related to the hiring of sales representatives at Vivint Solar are not immediately accessible by Vivint nor are they relevant to this lawsuit. Defendants will provide this termination information, as it applies to Defendants, upon receipt of basic specificity as to the claims, including the names of the CPI customers and date range at issue. **For the foregoing reasons, Defendants will not respond to this request.** |  |

| | | |
|---|---|---|
| **Interrogatory No. 8:** Identify any and all Vivint sales representatives who were terminated, disciplined or fined for making (or allegedly making) misrepresentations of any kind to any customer of any alarm services provider from 2010 to present, and for each please indicate the following:<br>**(a)** The nature of any disciplinary action, fine or other deterrent measure;<br>**(b)** The basis for imposing any such disciplinary action, fine or other deterrent measure;<br>**(c)** The identity of the customer who reported any conduct against such sales representative; and The alarm company with which the customer held an account when solicited by Vivint's sales representative(s). | **Answer**:<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. The issues in this lawsuit are whether sales representatives made misrepresentations to CPI customers. Disciplinary information in connection with non-CPI customers is wholly irrelevant to the issues in this case. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints, then use discovery in the hopes of finding that such complaints were actually made. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it | F<br>FM<br>R |

| | | |
|---|---|---|
| | believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers. Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiffs failure to provide a factual predicate for its allegations does not entitle Plaintiff to over ten years of disciplinary records for sales representatives it has provided no reasonable basis for the belief that they used misleading sales tactics with CPI customer. **Based on the foregoing objections. Defendants will not respond to this request.** | |
| **Interrogatory No. 9: Identify all safeguards, procedures, or practices in place by Vivint to prohibit, punish or deter the use of sales tactics by its sales representatives that violate state or federal law or Vivint's company policies, including but not limited to the use of false or misleading sales statements or employing false claims of affiliation between Vivint and a potential customer's existing alarm services** | <u>Answer</u>: Defendants object to this request on the grounds that it seeks information that is irrelevant, overbroad in scope, vague and ambiguous. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance3 of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) | F<br>FM<br>R |

18

Case 3:20-cv-00504-FDW-DSC   Document 81-5   Filed 12/10/21   Page 18 of 110

| | | |
|---|---|---|
| **provider at the time of the respective sale.** | without providing any specifics as to those complaints. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis fo rhtat conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." This amounts to nothing more than a "fishing expedition." *See Id.* The request does not define a timeframe for the requested information. Moreover, the vague and ambiguous terms "false or misleading statements" and "potential customer" are left undefined." **Without waiving the foregoing objections, Defendants respond with the following 2021 company-wide procedures and policies in place to prohibit, punish and deter the use of illegal sales tactics in door-to-door sales:** <br><br> **Vivint employs a robust training program that is intended to both train representatives to properly sell Vivint's products and services and to educate sales representatives as to the types of behavior that are not acceptable. Vivint's managers and leaders are empowered to address behavior with their respective teams,** | |

| | | |
|---|---|---|
| | **including coaching and discipline, up to and including termination. Vivint implements a robust compliance program that investigates and addresses instances of alleged misconduct. If an investigation supports the allegation of misconduct, the sales representative may be subject to a fine and/or other discipline, including and up to termination. In all cases, Vivint's response to misconduct depends upon the nature of the conduct and all surrounding circumstances.** | |
| **Interrogatory No. 10:** **Identify each sales representative identified in response to Interrogatory No. 4 above who has been named or mentioned in any investigation, enforcement proceeding, inquiry, or other action by any federal, state, municipal, county, or other local regulatory, administrative, or law enforcement agency, or by the Better Business Bureau or other consumer protection agency, and for each, identify the agency involved and the date and caption for the proceeding.** | <u>Answer:</u> Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. This request embodies the heart of the issue with Plaintiff's claims and all of its discovery requests—Plaintiff has initiated this lawsuit and has propounded discovery by relying on allegations of misconduct against Defendants by non-parties to engage in a fishing expedition for potential claims involving Plaintiff. For example, this broad request seeks information as to all "action" brought in all levels of government and in all jurisdictions against Vivint sales representatives of whom Plaintiff demands that Defendants identify. This would include information as to investigations involving non-CPI customers and in jurisdictions where no CPI customers reside. It also goes as | F<br>FM<br>R<br>H<br>MIL |

| | far to request information regarding all "action" taken by the Better Business Bureau or other consumer protection agencies related to those same sales representatives. Actions taken by government entities or the BBB are irrelevant to the issue of whether Vivint sales representatives made misleading statements to CPI customers. "Conclusory claims of bad faith may not be the bases for conducting marginally relevant discovery which is by its nature burdensome." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124-25 (M.D.N.0 1989) (finding that defendant was not required to provide information about prior lawsuits because the request was "an out of season fishing expedition"). "Producing litigation histories very often is by its nature burdensome." *Id*. Plaintiff has failed to provide any showing of need as to why it is entitled to discovery on irrelevant investigations or how such information would tend to prove or disprove its conclusory allegations that Vivint engaged in deceptive sales practices with respect to CPI customers. Information as to allegations of misconduct in connection with non-CPI customers have no bearing on the issues before the Court. This is especially the case where Plaintiff "has not made a prima facie or any other preliminary showing that [Defendants] acted in bad faith." *Id*. at 125. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a | |
|---|---|---|

single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred in order to narrowly tailor this request as required. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints, and then use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." See id. Also, to the extent pleadings have been filed in any such lawsuits and are not under seal, this request needlessly increases the cost of litigation by making the request rather than performing a search for public court documents and information. Defendants will provide this information, as it relates to deceptive sales practices, upon receipt of basic specificity as to the claims, including the names of the CPI customers and date range at issue. **For the**

| | | |
|---|---|---|
| | **foregoing reasons, Defendants will not respond to this request.** | |
| **Interrogatory No. 11:** Please describe in detail the methods by which Vivint records customer complaints regarding Vivint sales representatives using or allegedly using false or misleading statements or claims of affiliation with a customer's existing alarm company, including but not limited to the repository(y)(ies) in which Vivint keeps records to memorialize such complaints and any actions taken by Vivint in response to such complaints, and the identity of Vivint personnel responsible for investigating any such complaints. | **Answer:**<br>Defendants object to this request on the grounds that it seeks information that is irrelevant, overbroad, vague and ambiguous. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints, then use discovery in the hopes of finding that such complaints actually exist. Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Furthermore, | F<br>FM<br>R<br>H |

| | | |
|---|---|---|
| | Plaintiff has not provided a date range for the requested information, so presumably, is requesting information for an indefinite amount of time. Such a request is overbroad and would be an undue burden on Defendants to compile this information from years past when Plaintiff has provided no evidence that misconduct even occurred in those years. Plaintiff has also seemingly attempted to combine multiple subparts into one request in order by asking for both the respective repositories and actions taken by Vivint in response to those complaints, in order to circumvent that thirty (30) interrogatory limit mandated by the Case Management Order. **Without waiving the foregoing objections, Defendants hereby respond with the current method by which complaints regarding Vivint sales representatives using or allegedly using false or misleading statements or claims of affiliation are recorded, including the repository where records are kept and the name of the department responsible for investigating such complaints:** <br><br> **When a customer makes such an allegation, the call is transferred to the Competitive Response Team. The audio of the call documenting the complaint is recorded, the representative makes corresponding notes on the customer's account, and a Feedback Case is created for the sales** | |

| | | |
|---|---|---|
| | representative at issue. **The Competitive Response Team then investigates those claims.** | |
| <u>**Interrogatory No 12:**</u> **Identify each lawsuit (by parties, docket number, court and year filed) in which Vivint has claimed (by complaint or by counterclaim) that Vivint is entitled to damages or an injunction for alleged unfair or deceptive sales practices by alarm services competitors aimed at Vivint's customers.** | **Answer:** Defendants object to this request on the grounds that it seeks irrelevant information, is overbroad in scope and is unduly burdensome. This request embodies the heart of the issue with Plaintiffs claims and all of its discovery requests—that Plaintiff has initiated this lawsuit and has propounded discovery by relying on allegations of misconduct against Defendants by non-parties to engage in a fishing expedition for potential claims involving Plaintiff. With nothing more than mere speculation that Defendants have engaged in false and deceptive sales practices with respect to Plaintiffs customers, yet hopes to rifle through prior, unrelated lawsuits in the hopes of plagiarizing claims brought by Defendants. "Conclusory claims of bad faith may not be the bases for conducting marginally relevant discovery which is by its nature burdensome." *Marker*, 125 F.R.D. at 124-25 (M.D.N.C. 1989) (finding that defendant was not required to provide information about prior lawsuits because the request was "an out of season fishing expedition"). "Producing litigation histories very often is by its nature burdensome." *Id*. Plaintiff has failed to provide any showing of need as to why it is entitled to discovery on irrelevant litigation or how such information would tend to prove or disprove its | F<br>FM<br>R<br>H<br>MIL |

| | conclusory allegations that Vivint engaged in deceptive sales practices with respect to CPI customers. Information as to allegations of misconduct in connection with non-CPI customers have no bearing on the issues before the Court. This is especially the case where Plaintiff "has not made a prima facie or any other preliminary showing that [Defendants] acted in bad faith." *Id*. at 125. Also, to the extent pleadings have been filed in any such lawsuits and are not under seal, this request needlessly increases the cost of litigation by making the request rather than performing a search for public court documents and information. Based on the foregoing objections, Defendants will not respond to this request.<br><br>**Supplemental Answer:**<br>**The following is a list of lawsuits responsive to this request which involved litigation with other entities:**<br><br>***Vivint, Inc. v. Antoine Chamberland, et al.,* Case No. 110401553, Fourth District Court, Utah, filed on June 3, 2011.**<br><br>***Vivint, Inc. v. AMP Security, LLC,* Case No. 140400049, Fourth District Court, Utah County, filed on January 10, 2014.** | |

| | | |
|---|---|---|
| | ***Vivint v. Alarm Protection, et al.,*** Case No. 2:14-c. -00441-CW, District of Utah, filed on June 13, 2014.<br><br>***Vivint, Inc. v. North tar Alarm Services,*** Case No. 150908315, Third District Court, Salt Lake County, filed on November 20, 2015. Case removed to Case No. 2:16-cv-00106-JNP, District of Utah on February 5, 2016. | |
| **Interrogatory No 13:** **Describe all revenues generated by Vivint residential alarm and home automation customer accounts in the states of North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida from September 11, 2016 to present, and specify the total revenue generated from such sources during this timeframe.** | <u>Answer:</u><br>Defendants object to this request on the grounds that the request seeks information that is irrelevant, is overbroad in scope, and unduly burdensome. Plaintiff is not entitled to information as to revenue generated by customers with whom CPI has never had an affiliation. Financial information outside of revenue generated by former CPI customers as a result of false or misleading sales are irrelevant to this lawsuit. *See Rayfield Aviation, LLC v. Lyon Aviation, Inc.*, No. 1:11CV274, 2012 WL 3095332, at *2 (M.D.N.C. July 30, 2012) (denying motion to compel discovery on discovery requests seeking a party's financial information unrelated to the parties' financial agreement with one another as irrelevant and unduly burdensome). Furthermore, Plaintiff has failed to provide any specific allegations of deceptive sales by Vivint against CPI customers, so Defendants are left with no way of evaluating | F<br>FM<br>R |

| | whether the states listed in this request are relevant to this case. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Amended Compl. ¶ 6) without providing any details of those complaints, and then use discovery to request confidential financial information. Furthermore, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. At this juncture, Plaintiff has not provided a single instance of misconduct in any of the states listed in this request, and therefore, has not established any | |

| | | |
|---|---|---|
| | entitlement to information related to those states. Moreover, this request places an undue burden on Defendants, as it would require Defendants to look through thousands of customer account notes and contracts because accounts are not maintained according to the state in which they reside. **Based on the foregoing objections, Defendants will not respond to this request.**<br><br>**Supplemental Answer:**<br>**In their ordinary course of business, Defendants do not track sales revenues, profits, and expenses by state. Therefore, Defendants have not withheld information responsive to this request.** | |
| **Interrogatory No 14**: **Has Vivint ever attempted to quantify or estimate the amount of total revenue (or range of revenue) that Vivint has generated through Vivint sales persons' use or alleged use of false or misleading statements or claims of affiliation with prospective customers' existing alarm companies? If the answer is yes, please identify all sources of information related to or reflecting** | **Answer:**<br>Defendants object to this request on the grounds that it seeks information that is irrelevant and outside the scope, unduly burdensome, and is vague and ambiguous. With nothing more than mere speculation, this request presumes that it has been established that Vivint has made any sales as a result of misleading statements. Plaintiff has not submitted a single customer complaint in support of its claims that any false or misleading sales have ever occurred against CPI customers. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) not provide any details of those complaints, and then request confidential | F<br>FM<br>R |

| | | |
|---|---|---|
| **Vivint's analysis and all individuals knowledgeable of this topic, and please describe in detail the estimated range of revenue generated by Vivint related to such conduct in the past 10 years.** | financial information related to those baseless claims. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Regardless, this request seeks revenue information related to non-CPI customers, in jurisdictions were no CPI customers reside, and for years in which no misconduct has been alleged. Furthermore, Plaintiff has not defined "prospective customers" or "false or misleading sales." The request is also unduly burdensome because Defendants do not have a means of compiling and separating revenue under these vague terms and regardless, would require Defendants to scour hundreds of thousands of customer documents to do so over the span of 10 years. The benefit of this irrelevant information does not overcome the overwhelming burden to Defendants. **Without waiving the foregoing objections, Defendants respond as follows:** | |

| | | |
|---|---|---|
| | **Vivint has not attempted to quantify or estimate the amount of total revenue (or range of revenue) that Vivint has generated through Vivint sales persons' use or alleged use of false or misleading statements or claims of affiliation with prospective customers' existing alarm companies.** | |
| **Interrogatory No 15:** In addition to the terms "affiliation misrepresentation," (or the acronym, "AM") and "slam," what other terms does Vivint use to refer to or memorialize a situation where a Vivint sales representative is alleged to have led a prospective Vivint customer to believe that there is, or may be, an affiliation between Vivint and the customer's existing alarm services provider at the time of the solicitation by a Vivint sales person? | <u>Answer:</u><br>Defendants object to this request on the grounds that it seeks information that is irrelevant and outside the scope, unduly burdensome, and is vague and ambiguous. With nothing more than mere speculation, this request presumes that it has been established that Vivint has made any sales as a result of misleading statements. Plaintiff has not submitted a single customer complaint in support of its claims that any false or misleading sales have ever occurred against CPI customers. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) not provide any details of those complaints, and then request confidential financial information related to those baseless claims. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures,* | F<br>FM<br>R |

| | | |
|---|---|---|
| | *LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Furthermore, Plaintiff has not defined the term "prospective Vivint customer" as used in this request. **Without waiving the foregoing objections, Defendants provide the following additional term used by Vivint to describe a reported false affiliation complaint:**<br><br>**Misaffiliation** | |
| **Interrogatory No 16:** **In the past 10 years, what is the approximate (or, if known, total) number of sales representatives that Vivint has (a) terminated and (b) fined for the use or alleged use of false claims of affiliation with a potential new Vivint customer's existing alarm services provider (regardless of whether such customer was a customer of CPI Security Systems, Inc. or another provider at the time of the Vivint solicitation)? If an approximate or total** | **Answer:**<br>Defendants object to this request on the grounds that it seeks information that is irrelevant and outside the scope, unduly burdensome, and is vague and ambiguous. With nothing more than mere speculation, this request presumes to have established that Vivint has made any sales as a result of misleading statements. Plaintiff has not submitted a single customer complaint in support of its claims that any false or misleading sales have ever occurred against CPI customers. Regardless, this request seeks information about sales representatives who have never contacted a CPI customer or never sold on behalf of Vivint in jurisdictions in which CPI customers reside. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) not | F<br>FM<br>R |

| | | |
|---|---|---|
| **number is not known, please provide all known information as to the potential range.** | provide any details of those complaints, and then request confidential financial information in the hopes of finding that such complaints actually exist. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* This overbroad request seeks ten years' worth of information while failing to allege when any claimed misconduct occurred. Ten years far exceeds the applicable statute of limitations for the causes of action in the Amended Complaint and is not tied to any of the allegations in this case. Furthermore, any information related to non-CPI customers, as this request seeks, is wholly irrelevant to the claims at issue—deceptive sales involving CPI customers. Information regarding sales representatives who were not disciplined for any conduct involving a CPI customer are not and should not be at issue here. Plaintiff has also not defined the vague terms, "potential new customer" and "false claims of affiliation." This request is also unduly burdensome to | |

| | | |
|---|---|---|
| | Defendants because Defendants do not have a discrete and uniform means of compiling a list of such sales representatives without having to scour thousands of personnel files. The benefit of this irrelevant information does not overcome the overwhelming burden to Defendants. **Based on the foregoing objections, Defendants will not respond to this request.** | |

## 2. Vivint's Responses to CPI's Second Set of Interrogatories:

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Interrogatory No. 17:** **Describe the total revenue generated by Vivint from residential alarm and home automation customer accounts in the United States from September 11, 2016 to present, broken down by year for each year (2016, 2017, 2018, 2019, 2020 and 2021 to date).** | **Answer:** Defendants object to this request on the grounds that it seeks information irrelevant to the claims, defenses, and damages at issue in this matter, is overbroad in scope, and is not proportionate to the needs of this case. Vivint's revenue related to sources independent of damages flowing from deceptive sales practices during discrete door-to-door encounters with certain CPI customers is irrelevant to CPI's damages. Furthermore, as a publicly traded company, Vivint is required to make public disclosures as to its revenue and thus, this information is easily obtainable from an alternative, public source. **Based on the foregoing objections, Defendants will not produce documents responsive to this request; however, Defendants reserve the right to supplement with updated and additional data responsive to this request through expert analyses, testimony, and reports, insofar as calculating revenue may require expert analysis and opinion, as relevant to the** | F FM R |

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | claims, counterclaims, and potential damages. | |
| **Interrogatory No. 18:** Of the 49 Customers CPI has disclosed in its initial disclosures to date, specify each and every Customer whose sales encounter with Vivint's sales representative or agent involved a deceptive or misleading sales practice, and for each specify the details of the representations made by Vivint's sales agent or representative. | **Answer:** Defendants object to this request on the grounds that the request is overbroad in scope, unduly burdensome, and asks for a legal conclusion. Plaintiffs have not identified which of the 49 CPI Customers are former or current CPI customers, which of those customers became Vivint customers, if any, or the allegations made by those customers. Defendants have not been presented with the information necessary to determine whether the customers are relevant to CPI's DSP claims or whether Vivint has any information related to those customers. Notwithstanding the fact that the request seeks the very legal conclusion being posed to a jury in this case, CPI has not presented the facts necessary to even make an improper application of the law as requested. Furthermore, to the extent the 49 CPI Customers were identified by virtue of Defendants' best efforts to identify former CPI customers, despite the fact | F FM R H |

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | that Vivint does not uniformly track former service providers, all documents and audio were produced for those customers in response to Plaintiff's RFP No. 4. For the foregoing reasons, Defendants will not further respond to this request. | |
| **Interrogatory No. 19:** Of the 49 Customers CPI has disclosed in its initial disclosures to date, does Vivint admit that at least some of such Customer's interactions with Vivint sales representative or agent involved a deceptive or misleading sales practice? If so, specify which Customer(s) Vivint admits were approached in a deceptive or misleading fashion by Vivint's sales representative or agent and all details regarding the sales approach that render the sale improper and/or contrary to Vivint's written policies regarding sales conduct. | **Answer:** Defendants object to this request on the grounds that the request is overbroad in scope, unduly burdensome, and asks for a legal conclusion. Plaintiffs have not identified which of the 49 CPI Customers are former or current CPI customers, which of those customers became Vivint customers, if any, or the allegations made by those customers. Defendants have not been presented with the information necessary to determine whether the customers are relevant to CPI's DSP claims or whether Vivint has any information for those customers. Notwithstanding the fact that the request seeks the very legal conclusion being posed to a jury in this case, CPI has not presented the facts necessary to even make an improper application of the law. To the | F FM R H |

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | extent the 49 CPI Customers were identified by virtue of Defendants' best efforts to identify former CPI customers, despite the fact that Vivint does not uniformly track former service providers, all documents and audio were produced for those customers in response to Plaintiff's RFP No. 4. Furthermore, this request seeks to circumvent the Court's March 2, 2021 Minute Order specifically excluding information relating to discipline resulting from an alleged deceptive sales practice. For the foregoing reasons, Defendants will not further respond to this request. | |
| **Interrogatory No. 20:** Please identify all of the CPI Customers listed on CPI's initial disclosures that Vivint contends were <u>not</u> subject to an action or statement by a representative of Vivint prohibited by Vivint's written policies regarding sales conduct. | <u>Answer:</u> Defendants object to this request on the grounds that the request is overbroad in scope, unduly burdensome, and asks for legal conclusion. Plaintiffs have not identified which of the 49 CPI Customers are former or current CPI customers, which of those customers became Vivint customers, if any, or the allegations made by those customers. Defendants have not been presented with the information necessary to | F FM R H |

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | determine whether the customers are relevant to CPI's DSP claims or whether Vivint has any information for those customers. Notwithstanding the fact that the request seeks the very legal determination being posed to a jury in this case, CPI has not presented the facts necessary to even make an improper application of the law. Furthermore, to the extent the 49 CPI Customers were identified by virtue of Defendants' best efforts to identify former CPI customers, despite the fact that Vivint does not uniformly track former service providers, all documents and audio were produced for those customers in response to Plaintiff's RFP No. 4. For the foregoing reasons, Defendants will not further respond to this request. | |
| Interrogatory No. 21: Explain in detail the purpose of Vivint's SWAT team with respect to Vivint's efforts to rectify Vivint customers who are converted to Vivint competitors potentially by the use of deceptive sales practices, including why Vivint deploys | Answer: Defendants object to this request on the grounds that the request is overbroad in scope and seeks irrelevant information. Vivint's efforts to combat deceptive sales practices employed by other companies to improperly solicit Vivint customers are irrelevant to CPI's discrete claims of | F FM R |

| CPI Interrogatory | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| "SWAT" representatives to a customer's home in person as opposed to contacting the customer by phone or email. | deceptive sales practices allegedly employed by Vivint sales representatives with respect to CPI customers. For the foregoing reasons, Defendants will not further respond to this request. | |
| <u>Interrogatory No. 22:</u> Describe in detail Vivint's total expenditures for online and other media advertising, and for each media channel, specify all details regarding Vivint's costs associated with such advertising for the timeframe 2016 to present. | <u>Answer:</u> Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. Vivint's expenditures for online and media advertising are wholly irrelevant to CPI's claims that door-to-door Vivint sales representatives made misrepresentations to CPI customers in-person, at the customer's home. Defendants have already disclosed documents and information related to Vivint's door-to-door sales. For the foregoing reasons, Defendants will not respond further to this request. | F<br>FM<br>R<br>H |

# 3. Vivint's Responses to CPI's First Set of Requests for Production:

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Request No. 1:** Produce all documents identified in your Rule 26 initial disclosures and any supplement thereto. | **Response:** Defendants object to this request on the grounds that discovery is ongoing, and Defendants anticipate discovering and providing additional documents generally referenced in Defendants' Initial Disclosures. Defendants' corresponding production includes documents evidencing Plaintiff's false advertising and misrepresentations regarding Defendants. Document bates numbered VIVINT0000001 has been redacted to exclude communications that are confidential pursuant to the Attorney-Client Privilege. Specifically, the redacted portion includes correspondence sent from a Vivint employee to Vivint's legal counsel for the purpose of obtaining legal advice. A corresponding privilege log has been produced herewith. | F FM R H |
| **Request No. 2:** Produce all documents identified or referred to in Defendants' responses to Plaintiffs' First Set of Interrogatories and any documents reviewed in the preparation of | **Response:** Defendants object on the grounds that this request includes multiple sub-parts, of which each part should be counted toward Plaintiff's thirty (30) requests for production. Without waiving the foregoing objections, Defendants have | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| Defendant's Responses to Plaintiffs' First Set of Interrogatories. | provided documents responsive to this request | |
| **Request No. 3:** **For all accounts generated by Vivint from September 11, 2016 to present, produce documents identifying all Vivint customers (or former customers, if they have since ceased Vivint's services) that were CPI Security Systems, Inc. customers immediately prior to signing contracts with Vivint, including each customer's complete name, the address at which alarm service is provided, and telephone number.** | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any factual basis for those claims, and then using discovery requests to obtain confidential customer documents. Furthermore, this request seeks documents for all customers who switched to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to documents regarding Vivint customers who just happened to have been CPI customers | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | sometime before signing with Vivint as this does not in itself mean that false or misleading sales tactics were used to cause the customer to switch to Vivint. In addition, this request is unduly burdensome because there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. For the foregoing reasons, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Vivint does not have a uniform or mandated practice of documenting a customer's former alarm service provider(s). In its best efforts to comply with this request, Vivint has searched all account notes from September 11, 2016 to the present for any mention of CPI as a former provider and has produced all agreements, documents and audio related to those identified customers in the corresponding production.** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Request No. 4:** **For all former CPI Security Systems, Inc. customers that switched to Vivint from September 11, 2016 to present (i.e., those current or former Vivint customers who were CPI customers immediately prior to becoming Vivint customers), produce all documents relating to Vivint's sales transaction with each such customer, including but not limited to: any audio or video recordings relating to Vivint's transaction (whether recorded by Vivint, the customer, or another party); any Vivint customer survey, recording or document relating to the customer's knowledge of any affiliation or lack of affiliation between Vivint and CPI Security Systems, Inc.; and any paperwork signed by the customer.** | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor as is the case here, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any factual basis for those claims. Furthermore, this request seeks information as to all customers who switched to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to information regarding Vivint customers who just happened to have been CPI customers sometime before signing with Vivint as this does not in itself mean that false or misleading sales tactics were used to | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | effectuate the switch to Vivint. In addition, this request is unduly burdensome because there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). In order to determine whether the customer had an alarm service provider prior to signing with Defendants would be required to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. For the foregoing reasons, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Vivint does not have a uniform or mandated practice of documenting a customer's former alarm service provider(s). In its best efforts to comply with this request, Vivint has searched all account notes from September 11, 2016 to the present for any mention of CPI as a former provider and has** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | produced all agreements, documents and audio related to those identified customers in the corresponding production. | |
| **Request No. 5:**<br>**For all former CPI Security Systems, Inc. customers that switched to Vivint from September 11, 2016 to present (i.e., those current or former Vivint customers who were CPI customers immediately prior to becoming Vivint customers), produce all documents memorializing all customer complaints about the representations, actions or statements made by the respective Vivint sales representative, including but not limited to complaints alleging that a Vivint sales representative used false claims of affiliation with CPI Security Systems, Inc. or otherwise misrepresented any aspect of Vivint or CPI Security** | **Response:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor as is the case here, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any factual basis for those claims, and then use discovery in the hopes of discovering that the misconduct actually occurred. Furthermore, this request seeks information as to all customers who switched | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| System, Inc.'s products or services. | to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to information regarding Vivint customers who just happened to have been CPI customers sometime before signing with Vivint as this does not in itself mean that false or misleading sales tactics were used to effectuate the switch to Vivint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. For the foregoing reasons, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Vivint does not have a uniform or mandated practice of documenting a** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | customer's former alarm service provider(s). **In its best efforts to comply with this request, Vivint has searched all account notes from September 11, 2016 to the present for any mention of CPI as a former provider and has produced all agreements, documents and audio related to those identified customers in the corresponding production.** | |
| **Request No. 6:** For all former CPI Security Systems, Inc. customers that switched to Vivint from September 11, 2016 to present (i.e., those current or former Vivint customers who were CPI customers immediately prior to becoming Vivint customers), produce the audio files and any related records and communications of all Vivint customer service interactions with such customers regarding any complaints about Vivint's sales practices, including but not limited to complaints alleging that a Vivint sales representative used false | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor as is the case here, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| claims of affiliation with CPI Security Systems, Inc. or otherwise misrepresented any aspect of Vivint or CPI Security System, Inc.'s products or services. | providing any factual basis for those claims and then use discovery in the hopes of discovering that any consumers actually complained about misconduct. Furthermore, this request seeks information as to all customers who switched to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to information regarding Vivint customers who just happened to have been CPI customers sometime before signing with Vivint as this does not in itself mean that false or misleading sales tactics were used to effectuate the switch to Vivint. This request also seeks documents related to "any complaints about Vivint's sales practices," which is encompasses more than the specific misrepresentations alleged in the Amended Complaint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide the requested | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | recordings related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Vivint does not have a uniform or mandated practice of documenting a customer's former alarm service provider(s). In its best efforts to comply with this request, Vivint has searched all account notes from September 11, 2016 to the present for any mention of CPI as a former provider and has produced all agreements, documents and audio related to those identified customers in the corresponding production.** | |
| **Request No. 7:**<br>**For all former CPI Security Systems, Inc. customers that switched to Vivint from September 11, 2016 to present (i.e., those current or former Vivint customers who were CPI customers immediately prior to** | **Response:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| becoming Vivint customers), produce all documents generated by or on behalf of Vivint in response to any customer complaints regarding Vivint's sales practices, including but not limited to complaints alleging that a Vivint sales representative used false claims of affiliation with CPI Security Systems, Inc. or otherwise misrepresented any aspect of Vivint or CPI Security System, Inc.'s products or services. | instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor as is the case here, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any factual basis for those claims and then use discovery in the hopes of discovering that any consumers actually complained about misconduct. Furthermore, this request seeks information as to all customers who switched to Vivint from CPI regardless of whether the sale was proper or not. CPI is not entitled to information regarding Vivint customers who just happened to have been CPI customers sometime before signing with Vivint as this does not in itself mean that false or misleading sales tactics were used to effectuate the switch to Vivint. This request also seeks documents related to "any complaints about Vivint's sales practices," which is encompasses more than the specific misrepresentations alleged in the Amended | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Complaint. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide the requested documents, to the extent they are not privileged, related to the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and dates of alleged misconduct. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Vivint does not have a uniform or mandated practice of documenting a customer's former alarm service provider(s). In its best efforts to comply with this request, Vivint has searched all account notes from September 11, 2016 to the present for any mention of CPI as a former provider and has** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | **produced account notes for each customer identified as a former CPI customer from the period of September 11, 2016 to the present. The account notes are generated in response to and memorialize conversations with customers, including any complaints received from those customers regarding a complaint of a false claim affiliation or another type of misrepresentation. The Court's March 2, 2021 Minute Order sustained Defendants' objection to the production of sales representative disciplinary history and thus, Defendants have not produced disciplinary documents generated in response to any customer complaints.** | |
| **Request No. 8:** Produce all documents related to the employment history and personnel files of all persons identified by Vivint in response to CPI Security Systems, Inc.'s Interrogatory Nos. 5 and 7. | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor as is the case here, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any factual basis for those claims and then use discovery to obtain confidential employee information. CPI is not entitled to information regarding Vivint employees of whom CPI has not alleged any instances of misconduct. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers and then determine the Vivint sales representatives who sold to the customer. Defendants will provide the requested documents related to the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | customer names and relevant dates. Based on the foregoing objections, Defendants will not produce documents responsive to this request. | |
| **Request No. 9:** **Produce all documents related to the disciplinary history of all Vivint sales representative identified by Vivint in response to CPI Security Systems, Inc.'s Interrogatory No. 8, including any fines assessed or other deterrent action taken such representative.** | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. The issues in this lawsuit are whether sales representatives made misrepresentations to CPI customers. Disciplinary information in connection with non-CPI customers is wholly irrelevant to the issues in this case. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | complaints for those claims. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC v. Washington Metro. Area Transit Auth.*, 481 Fed. Appx. 833, 837 n.1 (4th Cir. 2012) (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers. Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff's failure to provide a factual predicate for its allegations does not entitle Plaintiff to over ten years of disciplinary records for sales representatives it has provided no reasonable basis for the belief that they used misleading sales tactics with CPI customer. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | issue and within the relevant timeframe upon receipt of basic specificity of the allegations, including customer names and relevant dates. **Based on the foregoing objections. [sic] Defendants will not respond to this request.** | |
| **Request No. 10:** **Produce all documents related to the sales revenue and compensation for all Vivint sales representatives identified in response to CPI Security Systems, Inc.'s Interrogatory No. 8.** | **Response:** Defendants object to this request on the grounds that it seeks information that is irrelevant and outside the scope, unduly burdensome, and is vague and ambiguous. With nothing more than mere speculation, this request presumes that it has been established that Vivint has made any sales as a result of misleading statements made by Vivint sales representatives. Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint with information as to when, where, and what the misconduct entailed or that any false or misleading sales have ever occurred against CPI customers. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | financial information related to those baseless claims. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers. Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff's failure to provide a factual predicate for its allegations does not entitle Plaintiff to revenue and compensation for sales representatives it has provided no reasonable basis for the belief that they used misleading sales tactics with CPI customer. Moreover, this request seeks | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | documents with revenue and compensation information related to non-CPI customers and that was earned in years in which no misconduct has been alleged. The request seeks documents spanning over a decade, but Plaintiff has not provided any dates for when CPI customers were allegedly deceived by Vivint sales representatives. Indeed, the statute of limitations applicable to Plaintiff's causes of action would not permit prosecution of claims over a decade, and therefore, Plaintiff is not entitled to production of documents containing this irrelevant and potentially outdated information. Furthermore, Plaintiff has not defined "prospective customers" or "false or misleading sales" in the related interrogatory request required to determine the sales representatives for which Plaintiff seeks compensation and revenue information. The request is also unduly burdensome because revenue and compensation information is not sorted by sales representative and certainly not according to each sales representative as anticipated by Interrogatory No. 8. The request would require Defendants to scour hundreds of thousands of customer documents or contact customers for evidence | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | of misleading sales, then perform a search of all payments from those customers, then determine how much revenue the respective sales representatives earned from each of those customers. The benefit of this irrelevant information does not overcome the overwhelming burden to Defendants. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. **Based on the foregoing objections, Defendants will not produce documents responsive to this request.** | |
| **Request No. 11:** **Produce all Vivint sales, training, fine, or disciplinary documents that reference "CPI," "CPI Security Systems, Inc.," or any other CPI entity in any manner, or that reference any former CPI Security Systems, Inc. customers that switched to Vivint from September 11, 2016 to present (i.e., those current or former Vivint customers who were CPI** | **Response:** Defendants object to this request on the grounds that it seeks documents containing irrelevant, overbroad, confidential, proprietary and trade secret information. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential training and disciplinary records. Similarly, Plaintiff cannot use the discovery process to | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **customers immediately prior to becoming Vivint customers).** | determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers or why training or discipline of Vivint sales representatives are relevant to its claims. In addition, this request is overbroad in that it is not limited to CPI customers who were misled or deceived into signing with Vivint. Rather, it seeks documents related to all customers who were CPI customers prior to signing with Vivint, regardless of whether any misleading sales tactics were implicated in the customer's switch to Vivint. Furthermore, the Amended Complaint does not make any allegation related to training, making a request for all training materials | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | unjustifiable. The request seeks documents from September 2016 to the present, but Plaintiff has not provided any dates for when CPI customers were allegedly deceived by Vivint sales representatives. Any documents unrelated to door-to-door sales representatives are additionally irrelevant because that is the only sales forum at issue in the Amended Complaint. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. **Based on the foregoing objections, Defendants will not produce documents responsive to this request.** | |
| **Request No. 12:** **Produce all training materials, including but not limited to videos, scripts, manuals, PowerPoints, customer lists, maps, reference materials, props, or documents used by Vivint for training sales representatives and customer service representatives (including but not limited to** | **Response:** Defendants object to this request on the grounds that it seeks documents containing irrelevant, overbroad, confidential, proprietary and trade secret information. As part of its purported request for training materials, this audacious request includes "customer lists" as a type of document it is seeking. Plaintiff is seemingly attempting to use this request as a means of obtaining lists of Vivint's confidential customer | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **door-to-door sales representatives and representatives who field calls from customers complaining about sales practices) from 2010 to present.** | information over the course of a decade. Such an abuse of the discovery process for competitive gain is not permitted. While a narrower request for Vivint's customer lists would still not be justified in the absence of any factual basis for the claims of deceptive sales practices, this request is so overbroad as to request lists of non-CPI customers who were not misled at the time of sale—customers irrelevant to this lawsuit. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential training and customer information related to those baseless claims. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers or why training is somehow relevant to its claims. The Amended Complaint does not make any allegation related to training, making a request for all training materials unjustifiable. The request seeks documents spanning over a decade, but Plaintiff has not provided any dates for when CPI customers were allegedly deceived by Vivint sales representatives. Indeed, the statute of limitations applicable to Plaintiffs causes of action would not permit prosecution of claims over a decade, and therefore, Plaintiff is not entitled to production of documents containing this irrelevant and potentially outdated information. Any documents related to customer service representatives are additionally irrelevant because there are no claims regarding customer service representatives in the Amended Complaint. Defendants will provide the requested documents upon receipt of basic specificity of the allegations, including customer names | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | and relevant dates. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Along with these supplemental responses, Defendants are producing training materials from 2010 to the present for Vivint's Direct-to-Home, Inside Sales, and Competitive Response departments.** | |
| **Request No. 13:**<br>**Produce organizational charts of Vivint's department(s) and team(s) responsible for door-to-door sales of residential alarm systems in the states of North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida in each of the past five years (2016 to present).** | **Response:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | details as to those complaints, and then use discovery in the hopes of discovering that such claims actually exist. Plaintiff cannot use the discovery process to determine if any claims exist or to collect confidential information, such as the names of sales representatives, teams or departments. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Furthermore, this request seeks information as to teams and departments who sold to non-CPI customers, who are irrelevant to this lawsuit. CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff has not provided any evidence as to why it believes any misconduct occurred in these states or during the requested time frame and thus, | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Defendants cannot evaluate whether the requested jurisdictions are relevant to the issues in this case. Defendants will provide the requested documents upon receipt of basic specificity of the allegations, including customer names and relevant dates. For the foregoing reasons, Defendants will not provide documents responsive to this request.<br><br>**Supplemental Response:**<br>**Along with these supplemental responses, Defendants are producing Vivint's organizational charts for North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida from 2016 to the present.** | |
| **Request No. 14:**<br>From the time period of September 11, 2016 to present, produce all e-mails and electronically stored information referencing "CPI" and any of the following terms: "affiliation misrepresentation", "AM", "misrepresent[]", "slam", "lie[]", "takeover", "switchover", or any other term used by Vivint to reference a false claim of affiliation | **Response:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| between Vivint and another alarm company. | misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential customer information in the hopes of finding any support for those baseless claims. *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a fishing expedition in which Plaintiff is asking Defendants to prove that consumers complained about Vivint under the guise of previously receiving complaints about Vivint from its customers. Without any information as to what customer complaints CPI received and believes are actionable in this lawsuit, Defendants have no way of evaluating whether the date range of September 11, 2016 to the present is relevant to the claims at issue. This request is overbroad in that it seeks documents related to non-CPI customers. Such documents are not relevant | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | to Plaintiffs claims, which are limited to CPI customers. This request is also unduly burdensome because there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). As a result, this request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Based on the foregoing objections, Defendants will no produce documents responsive to this request.<br><br>**Supplemental Response:**<br>As described in Defendants' consent motion for extension of time filed this same day, Defendants are in need of additional time to produce responsive, non-privileged documents in response to this request.<br><br>**Second Supplemental Response:**<br>Defendants are producing non-privileged emails responsive to this request for the following custodians:<br><br>Mark Lyons<br>Tessa Turrell<br>Kent Gren<br>Brett Walker | |

69

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Britnee Roberts<br>Daxon Frandsen<br>Elise Anderson<br>Emily Nate<br>Emmale Koyle<br>Ingrid Burton<br>Isaac Johnson<br>Jordan Mold<br>Maria Voeks<br>Natalie Mortenson<br>Roxanne Wilson<br>Suzette Cabezas<br>Tyler Baker<br>Alicia Herrada<br>Antonio Gustin<br>Cole Halladay<br>Connor Baird<br>Dillon Sleper<br>Eric Trinidad<br>Karen Lewis<br>Kelsea Hone<br>Kelsey Silva<br>Mandi Sandblom<br>Robert Pittenridge<br>Stetson Parker<br>Sueisy Membrila<br>Valeria Ismodes | |

70

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Pursuant to Defendants' Consent Motion filed on June 25, 2021, to the extent additional search parameters are agreed upon by the parties, Defendants reserve the right to supplement their response to RFP No. 14 accordingly.<br><br>**Third Supplemental Response:**<br>Defendants are producing non-privileged emails responsive to this request for the following custodians:<br><br>Aaron Gunn<br>Aaron Katz<br>Adam Kinkler<br>Adam Layton<br>Adam Nelson<br>Addison Arfaras<br>Addison Bates<br>Al Cooper<br>Alan Swick<br>Alec Seyfetdinov<br>Alex Antle<br>Alex Kuresa<br>Andrew Baldwin<br>Andrew Brothers<br>Andrew Harris<br>Angel Quintero<br>Ben Sinbela | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Ben Sokhansanj | |
| | Billy Edge | |
| | Brad Rombach | |
| | Bradley Rossiter | |
| | Brandon Ogletree | |
| | Braun Thueson | |
| | Brent Lewis | |
| | Brett Barbour | |
| | Bryan Ravit | |
| | Cade Thueson | |
| | Caleb Latteier | |
| | Cameron Kimball | |
| | Cameron Willis | |
| | Carl Martin | |
| | Chase Johnson | |
| | Cheyenne Thatcher | |
| | Christopher Holmes | |
| | Cole Cason | |
| | Collin Hoeffner | |
| | Connor Kaup | |
| | Corey Reed | |
| | Cory Wennerholm | |
| | Craig Livengood | |
| | Damien Lancaster | |
| | Darik Chatwin | |
| | David McPherson | |
| | David Ritchie | |
| | Davy Adams | |
| | Deven Pyper | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Donnie Patterson<br>Dustin Anderson<br>Dusty Hunt<br>Dylan Krahn<br>Eli Jarvis<br>Eric Mealey<br>Felix Solano<br>Gabriel Pfeifer<br>Gregorio Perez<br>Hadley Miller<br>Isaac Gates<br>Jace Powell<br>Jake Lambson<br>Jake Woodhouse<br>James McEachern<br>Jared Arcus<br>Jared Barney<br>Jason Newby<br>Jeffrey Torres<br>Jeremiah Lajoie<br>Jeremy Mauriello<br>Joel Arcus<br>Joel Murray<br>Johnny Caruso<br>Jon Duerden<br>Jon Stevens<br>Jordan Binning<br>Jordan Helm<br>Jordan Lewis | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Jordan Monsen<br>Josh Crittenden<br>Josh Thiebe<br>Justin Herrera<br>Justin Nickle<br>Ken Yiem<br>Kenneth Gordon<br>Kolby Ashton<br>Kurtis Kunz<br>Lance Horton<br>Lance Wallin<br>Lane Heggie<br>Luca Pruneddu<br>Lucas Dukek<br>Mark Layton<br>Matt Sessa<br>Michael Deaunovich<br>Michael Maitre<br>Miles Setzer<br>Mitch Dummitt<br>Mitchel Murphy<br>Mitchell Goodwin<br>Mohamed Haji-Noor<br>Nick Pass<br>Nick Tocher<br>Rafi Mateu<br>Rhett Hathaway<br>Riley Rawlings<br>Rob Jackson | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Rob Vogelsberg | |
| | Robbie Reader III | |
| | Rocky Niger | |
| | Ryan Gratil | |
| | Ryan Madden | |
| | Ryan Young | |
| | Scott Alger | |
| | Scott Bell | |
| | Shadrach Ennis | |
| | Shane Schroeder | |
| | Shelby Guest | |
| | Sherry Ali | |
| | Spencer Hutchings | |
| | Stewart Fagans | |
| | Tate Horlacher | |
| | Taylor Ford | |
| | Thomas Wilkinson | |
| | Timothy Jooste | |
| | Trav Vollick | |
| | Travis Davis | |
| | Trent Wood | |
| | Trevor Fronk | |
| | Treyten Dougher | |
| | Tristan DiCristofano | |
| | Tyiquan Caines | |
| | Tyson Cox | |
| | Walter Gelfano | |
| | Wyatt Levin | |
| | Zach Simpson | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Zack Andersen | |
| **Request No. 15:**<br>**From the time period of September 11, 2016 to present, produce all Vivint account notes, customer service documents, or compliance documents that reference "CPI" and any of the following terms: "affiliation misrepresentation", "AM", "misrepresent[]", "slam", "lie[]", "takeover", "switchover", or any other term used by Vivint to reference a false claim of affiliation between Vivint and another alarm company.** | **Response:**<br>Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a relevant period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential customer information in the hopes of finding any support for those baseless claims. *See Greenbelt Ventures*, LLC, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a fishing | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | expedition in which Plaintiff is asking Defendants to prove that consumers complained about Vivint under the guise of previously receiving complaints about Vivint from its customers. Without any information as to what customer complaints CPI received and believes are actionable in this lawsuit, Defendants have no way of evaluating whether the date range of September 11, 2016 to the present is relevant to the claims at issue. This request is overbroad in that it seeks documents related to non-CPI customers. Such documents are not relevant to Plaintiffs claims, which are limited to CPI customers. This request is also unduly burdensome because there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s). As a result, this request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. Based on the foregoing objections, | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**The corresponding production includes all account notes and customer service documents associated with the former CPI customers identified via Defendants' best search efforts and for the period of September 11, 2016 to the present, which included searching all account notes during the September 11, 2016 to present timeframe for any mention of CPI as a former provider. The Court's March 2, 2021 Minute Order sustained Defendants' objection to the production of sales representative disciplinary history and thus, Defendants have not produced documents responsive to the "compliance documents" portion of this request.** | |
| **Request No. 16:**<br>**Produce any audio or video recordings of Vivint sales representative trainings from 2010 to present, whether recorded by you or by a third party, that relate to or discuss** | **Response:**<br>Defendants object to this request on the grounds that it seeks documents containing irrelevant, overbroad, confidential, and proprietary information. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| the use of any potential misleading or false claim of affiliation with a potential customer's existing alarm services provider. | "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints and then request confidential training information in the hopes of supporting those claims. Similarly, Plaintiff cannot use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to customers or why training is somehow relevant to its claims. The Amended Complaint does not make any allegation related to training, making a request for all training materials unjustifiable. This request also seeks documents spanning over a decade, but | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Plaintiff has not provided any dates for when CPI customers were allegedly deceived by Vivint sales representatives. Indeed, the statute of limitations applicable to Plaintiffs causes of action would not permit prosecution of claims over a decade, and therefore, Plaintiff is not entitled to production of documents containing this irrelevant and potentially outdated information. Finally, documents related to sales representatives who do not make sales door-to-door are not relevant because door-to-door sales representatives are the only sales representatives referenced in the Amended Complaint. Defendants will provide the requested documents in the relevant timeframe upon receipt of basic specificity of the allegations, including customer names and relevant dates. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**Along with these supplemental responses, Defendants are producing company-wide training videos in Defendants' possession from 2010 to the present.** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Request No. 17:** <br> **Produce all documents setting forth the Vivint regional and divisional sales managers from September 11, 2016 to present for the states of North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida.** | **Response:** <br> Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any details as to those complaints, and then use discovery in the hopes of discovering that such claims actually exist. Plaintiff cannot use the discovery process to determine if any claims exist or to collect confidential information, such as the names of sales representatives. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt* | F <br> FM <br> R <br> H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | *Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Furthermore, this request seeks information as to sales representatives who sold to non-CPI customers, who are irrelevant to this lawsuit. CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff has not provided any evidence as to why it believes any misconduct occurred in these states and thus, Defendants cannot evaluate whether the requested jurisdictions are relevant to the issues in this case. Defendants will provide the requested documents related to the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. For the foregoing reasons, Defendants will not provide documents responsive to this request.<br><br>**Supplemental Response:** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | **See documents produced in Supplemental Response to Request for Production No. 13.** | |
| **Request No. 18: Produce all documents relating to your efforts to enforce standards of conduct among your sales representatives for committing or allegedly committing false or deceptive sales practices or employing claims of affiliation with a potential Vivint customer's existing alarm provider, including all records of disciplinary actions you have taken in response to complaints by customers or third parties (whether former CPI customers or former customers of other alarm companies) from 2010 to present.** | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any details as to those complaints, and then request confidential employee information in the hopes of proving that such complaints were made. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff is not entitled to standard of conduct documents when it has not provided any evidence of alleged misconduct. Plaintiff is not entitled to documents regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Documents related to non-CPI customers or even customers who switched from CPI to Vivint with no complaint of deceptive sales. CPI is not entitled to standard of conduct documents when it has not provided any evidence of alleged misconduct nor is it entitled to disciplinary records for sales representatives that have not been accused of deceptive sales practices. In addition, this request is unduly burdensome because Defendants do not have a way to search for such information, as there is not a uniform or mandated practice of documenting a customer's former alarm service provider(s) or whether the customer even had an alarm service provider prior to signing with Vivint. | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | This request would require Vivint to contact thousands of customers and scour thousands of account notes and audio to (potentially) determine their former alarm security providers, and then determine the sales representative who sold to that customer. Defendants will provide the requested documents in the relevant timeframe upon receipt of basic specificity of the allegations, including customer names and relevant dates. **For the foregoing reasons, Defendants will not respond to this request.** | |
| **Request No. 19:** Produce all documents and/or electronically stored information in the "Vivint Suite" app for the sales representatives identified in response to CPI Security Systems, Inc.'s Interrogatory Nos. 5 and 8. | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. The issues in this lawsuit are whether sales representatives made misrepresentations to CPI customers. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | occurred. Regardless, this request has provided no specific date range and presumably, requests all electronically stored information related to the sales representatives that ever existed. This is overbroad and would result in production of documents irrelevant to Plaintiff's claims. Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff's failure to provide a factual predicate for its allegations does not, however, entitle Plaintiff to all electronically stored information that ever existed related to sales representatives who may have never sold to a CPI customer. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints, and then request information in the hopes that any alleged claims actually have a basis in fact. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers. Regardless, no application called "Vivint Suite" exists. Based on the foregoing objections, Defendants will not produce documents responsive to this request. | |
| **Request No. 20:** Produce all "Street Genie" electronically stored information for the sales managers and representatives identified in response to CPI Security Systems, Inc.'s Interrogatory Nos. 5 and 8. | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. The issues in this lawsuit are whether sales representatives made misrepresentations to CPI customers. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | occurred. Regardless, this request has provided no specific date range and presumably, requests all electronically stored information related to the sales representatives that ever existed. This is overbroad and would result in production of documents irrelevant to Plaintiff's claims. Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff's failure to provide a factual predicate for its allegations does not, however, entitle Plaintiff to all electronically stored information that ever existed related to sales representatives who may have never sold to a CPI customer. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints, and then request information in the hopes that any alleged claims actually have a basis in fact. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Plaintiff has failed to make any showing as to why it believes Vivint sales representatives were involved in any misconduct with respect to CPI customers. Defendants will provide the requested documents related to Defendants' transactions with the CPI customers at issue in this case upon receipt of basic specificity of the allegations, including customer names and relevant dates. Based on the foregoing objections. Defendants will not produce documents responsive to this request. | |
| **Request No. 21:** **Produce all documents related to Vivint's analyses of Better Business Bureau (BBB) complaints in the past 10 years, including but not limited to all source information relating to such analyses. For example only, this request would include Vivint's 62-page June 2014 slide deck titled "BBB** | **Response:** Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. This request embodies the heart of the issue with Plaintiffs claims and all of its discovery requests—Plaintiff has initiated this lawsuit and has propounded discovery by relying on allegations of misconduct against Defendants by non-parties to engage in a | F FM R H MIL |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| Complaint Analysis" which references sales representative being profiled as "terrorists" and "apostles." | fishing expedition for potential claims involving Plaintiff. This request seeks information as to BBB complaints involving non-CPI customers and in jurisdictions where no CPI customers reside. Even more, this request seeks documentation of Vivint's internal analyses of these complaints irrelevant to this litigation, which would include documents covered by the Attorney-Client and Attorney Work Product privileges.(FN: In the event non-privilege related objections are resolved, Defendants will provide a Privilege Log at that time.) Further problematic, Plaintiff presumably only has knowledge of an alleged June 2014 slide deck as a result of the production of confidential and attorneys' eyes only documents in an unrelated action, not involving CPI or its customers, of which CPI's counsel was privy to as counsel for a non-party in that unrelated litigation. Vivint's analyses with respect to BBB complaints from non-CPI customers are irrelevant to the issue of whether Vivint sales representatives made misleading statements to CPI customers. "Conclusory claims of bad faith may not be the bases for conducting marginally relevant discovery which is by its nature burdensome." *Marker* | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---------|--------------------------------------------------------|-----------------------------------------------|
|         | *v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124-25 (M.D.N.C. 1989) (finding that defendant was not required to provide information about prior lawsuits because the request was "an out of season fishing expedition"). "Producing litigation histories very often is by its nature burdensome." *Id*. Plaintiff has failed to provide any showing of need as to why it is entitled to discovery on irrelevant investigations or how such information would tend to prove or disprove its conclusory allegations that Vivint engaged in deceptive sales practices with respect to CPI customers. Information as to allegations of misconduct in connection with non-CPI customers have no bearing on the issues before the Court. This is especially the case where Plaintiff "has not made a *prima facie* or any other preliminary showing that [Defendants] acted in bad faith." *Id.* at 125. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant |  |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | jurisdictions where the alleged misconduct occurred in order to narrowly tailor this request as required. Plaintiff cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any details of those complaints, and then use the discovery process to determine if any such claims actually exist. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. Also, to the extent pleadings have been filed in any such lawsuits and are not under seal, this request needlessly increases the cost of litigation by making the request rather than performing a search for public court documents and information. For the foregoing reasons, Defendants will not respond to this request.<br><br>**Supplemental Response:** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | As described in Defendants' consent motion for extension of time filed this same day, Defendants are in need of additional time to produce responsive, non-privileged documents in response to this request.<br><br>**Second Supplemental Response:**<br>**Based upon the example provided in the document request, Defendants are producing similarly analytical, non-privileged documents related to BBB complaints. It remains unclear precisely what Plaintiff intends by the phrase "related to Vivint's analyses of Better Business Bureau (BBB) complaints," given that the term "analyses" is not defined, but Defendants have made a full production as best as they are able based upon the provided example.** | |
| **Request No. 22:**<br>**Produce documents reflecting or relating to the valuation of a given residential alarm account generated by Vivint. For example only, this request would include but is not limited to any analysis conducted by Vivint to determine the average** | **Response:**<br>Defendants object to this request on the grounds that it seeks information that is irrelevant and overbroad in scope and is vague and ambiguous. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **value (or range of value) of a new account over the anticipated lifetime of the account.** | without providing any details of those complaints, and then request information in the hopes that any alleged claims actually have a basis in fact. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* The "value" of customer account varies by customer, and the average "value" of all Vivint customer accounts, including those of non-CPI customers, are not relevant to the claims at issue. Furthermore, this request is vague and ambiguous because Plaintiffs have not provided a definition for "value" or "valuation," both of which could be determined in several different ways, which would require production of different documents. It is Plaintiffs' burden to make narrowly tailored discovery requests in which Defendants can ascertain what documents are actually being requested. Based on the foregoing objections, | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>As described in Defendants' consent motion for extension of time filed this same day, Defendants are in need of additional time to produce responsive, non-privileged documents in response to this request.<br><br>**Second Supplemental Response:**<br>**Defendants are producing an Investor Presentation filed with the Security Exchange Commission on October 29, 2019. The information therein, however, does not account for various other factors determinative in the lifetime value of a given residential alarm account and the information relied upon therein has since changed. This is the only document in Defendants' possession in which the average value of a Vivint residential alarm account, in general, is described.** Defendants are not required to create new documents in response to this request, but they reserve the right to supplement with updated and additional data responsive to this request through expert analyses, | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | testimony, and reports, insofar as calculating the true value of accounts may require expert analysis and opinion, as relevant to the claims and counterclaims. | |
| **Request No. 23:** **Produce all records showing Vivint sales revenues, profits, and expenses, including but not limited to income statements, cash flow summaries, and balance sheets in the states of North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida from September 11, 2016 to the present.** | **Response:** Defendants object to this request on the grounds that it seeks information irrelevant to the claims, defenses, and damages at issue in this matter and is overbroad in scope. Plaintiff, especially an industry competitor like CPI, cannot file a speculative claim alleging countless "consumer complaints CPI has received from its customers" (Am. Compl. ¶ 6) without providing any details of those complaints, and then request information in the hopes that any alleged claims actually have a basis in fact. Plaintiff speculates that such misconduct has occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id.* Sales records related to accounts outside of | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | CPI customer accounts allegedly obtained by Vivint via deceptive sales practices are irrelevant and outside the scope of this litigation. Even had Plaintiff provided any colorable basis for its claims of misconduct, it would not be entitled to documents related to non-CPI customers or CPI customers from whom there were no complaints of deceptive sales practices made. In the absence of any information as to when or where the alleged misconduct occurred, Defendants are unable to determine the relevant timeframe or which jurisdictions are relevant, if any, including the states identified in this request. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**<u>Supplemental Response:</u>**<br>**After conducting an intensive search, Defendants have not located any responsive documents. In their ordinary course of business, Defendants do not track sales revenues, profits, and expenses by state. Defendants have not withheld documents responsive to this request.** | |
| <u>Request No. 24:</u> | <u>Response:</u> | F |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Produce all documents showing the top 100 sales representative, and all related sales and disciplinary information tracked by Vivint, in the states of North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida from September 11, 2016 to the present. This request includes but is not limited to total sales, total revenue generated, total commissions paid, attrition rate, profitability, commissions associated with each sales representative.** | Defendants object to this request on the grounds that the request is overbroad in scope, seeks irrelevant information, and is unduly burdensome. With nothing more than mere speculation, Plaintiff has filed claims against Defendants for "false and misleading sales" without providing a single instance of a customer complaint or information as to when, where, and what the misconduct entailed. Thus, Plaintiff has not provided a period for when the alleged misconduct occurred or the relevant jurisdictions where the alleged misconduct occurred. Plaintiff, especially as an industry competitor, cannot file a speculative claim alleging countless "consumer complaints" (Am. Compl. ¶ 6) without providing any details as to those complaints, and then request confidential employee information in the hopes of proving that such complaints were made. Plaintiff speculates that such complaints and misconduct have occurred, but provides no colorable basis for that conclusion, which is "not a sound basis for permitting discovery." *See Greenbelt Ventures, LLC*, 481 Fed. Appx. at 837 n.1 (holding the district court properly denied a request for discovery for evidence of which plaintiff provided no basis for why or how it | FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | believed such evidence existed). This amounts to nothing more than a "fishing expedition." *See id*. CPI is not entitled to information regarding Vivint customers who have never had an affiliation with CPI or the Vivint sales representatives who sold to them. Plaintiff is also not entitled to disciplinary records related to sales representatives simply because they were top sales performers. Whether or not a sales representative was a "top 100" performer, does not implicate those representatives in any deceptive sales with any customer, let alone a CPI customer. How much those top sales performers generated in revenue or commissions is irrelevant to whether or not deceptive sales practices were used with CPI customers. Moreover, Plaintiff as provided no factual basis for its claims in order for Defendants to evaluate whether the identified states or the requested time period are relevant or within the scope of the claims. In addition, this request contains multiple sub-parts, in an apparent attempt to circumvent the limitations on requests for production (30) as stated by the Case Management Order. This request seeks documents related to discipline, attrition, revenue and commissions—discrete and | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | separate data points. Even more, Plaintiff requests these different groups of documents for eight different states. Based on the foregoing objections, Defendants will not respond to this request.<br><br>**Supplemental Response:**<br>**Along with these supplemental responses, Defendants are producing documents showing the top 100 sales representatives at Vivint in North Carolina, South Carolina, Tennessee, Georgia, Virginia, Maryland, Alabama, and Florida from September 11, 2016 to the present. Pursuant to the Court's March 2, 2021 Minute Order, Defendants have not produced and are not required to produce related disciplinary and compensation information.** | |
| **Request No. 25:**<br>**Produce all documents related to Queen City Unity, including but not limited to all communications between any Vivint employee and Queen City Unity, any Queen City Unity team member or affiliate, or Jorge Millares.** | **Response:**<br>Defendants object to this request on the grounds that it seeks irrelevant documents and is overbroad in scope. The Complaint is devoid of any mention of Queen City Unity or Jorge Millares. Furthermore, Plaintiff has made no claims with respect to non-profit organizations and related individuals, like Queen City Unity or Jorge Millares. | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Even if such claims had been made, Plaintiff would not be entitled to all communications with no defined timeframe. Based on the foregoing objections, Defendants will not produce documents responsive to this request.<br><br>**Supplemental Response:**<br>**No responsive documents exist in Defendants' possession. Therefore, no responsive documents have been produced or withheld.** | |
| **Request No. 26:**<br>Produce documents related to any charitable donation Vivint has made from 2018 to present. | **Response:** Defendants object to this request because it seeks irrelevant documents. There is not a single claim in the Complaint related to Vivint's charitable donations, let alone actionable conduct with respect to charitable donations. Plaintiff has also not provided any factual basis for why 2018 to the present would be reasonable in scope. Based on the foregoing objections, Defendants will not provide documents responsive to this request. | F<br>FM<br>R<br>H |

## 4. Vivint's Responses to CPI's Second Set of Requests for Production:

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Request for Production No. 1: Produce all documents related to the cost of Vivint's door-to-door sales program in North Carolina and South Carolina during the relevant time frame.** | **Response:**<br>Defendants object to this request on the grounds that it seeks documents that are irrelevant and outside the scope of this litigation. The cost of Vivint's door-to-door sales program is irrelevant to whether or not Vivint sales representatives engaged in deceptive sales practices against CPI customers. The request is also overbroad because it necessarily includes costs and documents related to non-CPI customers and CPI customers who were not misled by Vivint sales representatives, which costs are outside the scope of the claims and defenses at issue in this case. Thus, the request is not limited nor proportional to the claims and defenses asserted in this case. Furthermore, this request is vague and ambiguous as to what the unspecified "cost," or "documents related to the cost" means in this context. It is also vague and ambiguous as to what the "relevant timeframe" is because CPI has not identified the "relevant timeframe" nor the customers which it alleges were deceived by Vivint sales representatives in order for Vivint to derive the "relevant timeframe." | F<br>FM<br>R<br>H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | Defendants further object to the request to the extent it encompasses materials protected by trade secret, the work-product doctrine, the attorney-client privilege, or other applicable privilege. **Based on the following objections, Defendants will not produce documents responsive to this request.** | |
| **Request for Production No. 2:** **Produce all documents evidencing the products and services Vivint sales representatives sold through the door-to-door sales channel in North Carolina and South Carolina during the relevant time frame.** | **Response:** Defendants object to this request on the grounds it seeks documents irrelevant and outside the scope of this litigation. The products and services sold through door-to-door sales is irrelevant to whether Vivint sales representatives made false affiliation claims to CPI customers. Moreover, the request is overbroad because it necessarily includes documents related to non-CPI customers and CPI customers who were not misled by Vivint sales representatives, which documents are outside the scope of the claims and defenses at issue in this case. Thus, the request is not limited nor proportional to the claims and defenses asserted in this case. The request is also vague and ambiguous as to the meaning of "documents evidencing the products and services" sold and therefore constitutes an undue burden and justifies Defendants' | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | inability to reasonably identify responsive documents. If what Plaintiff seeks is a list of products and services Vivint sold to CPI customers, this request encompasses much more than that and does not justify the search required to identify all responsive documents. It is also vague and ambiguous as to what the "relevant timeframe" is because CPI has not identified the "relevant timeframe" nor the customers which it alleges were deceived by Vivint sales representatives in order for Vivint to derive the "relevant timeframe." Defendants further object to the request to the extent it encompasses materials protected by trade secret, the work-product doctrine, the attorney-client privilege, or other applicable privilege. Defendants have previously produced all documents related to customers identified as former CPI customers from September 11, 2016 to the present, which included Purchase Service Agreements and Schedule of Equipment of Services documents, which include the requested information with respect to the identified former CPI customers therein. **For the foregoing reasons, Defendants will not produce additional documents responsive to this request.** | |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | | |
| **Request for Production No. 3: Produce all documents reflecting or referencing the total number households to which Vivint marketed Vivint's products and services through the door-to-door sales channel in the relevant time frame.** | **Response:** Defendants object to this request on the grounds it seeks documents that are irrelevant and outside the scope of this litigation. The "total number of households to which Vivint marketed" would include non-CPI customers and is thus overbroad in scope. Furthermore, the request is also overbroad because it necessarily includes documents related to non-CPI customers and CPI customers who were not misled by Vivint sales representatives, which documents are outside the scope of the claims and defenses at issue in this case. Thus, the request is not limited nor proportional to the claims and defenses asserted in this case. The request is also vague and ambiguous as to the meaning of "reflecting or referencing the total number households" sold and therefore constitutes an undue burden and justifies Defendants' inability to reasonably identify responsive documents. If what Plaintiff seeks is the total number of households to which Vivint marketed its product and service, this number is irrelevant. Moreover, this request encompasses much more than that and does not justify the search required to identify all | F FM R H |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | responsive documents. It is also vague and ambiguous as to what the "relevant timeframe" is because CPI has not identified the "relevant timeframe" nor the customers of which it alleges were deceived by Vivint sales representatives in order for Vivint to derive the "relevant timeframe." Defendants further object to the request to the extent it encompasses materials protected by trade secret, the work-product doctrine, the attorney-client privilege, or other applicable privilege. **Based on the foregoing objections, Defendants will not produce documents responsive to this request.** | |

## 5. Vivint's Responses to CPI's Third Set of Requests for Production:

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| **Request for Production No. 30:** Produce updated versions, from 2016-present, of all the documents used as exhibits or produced in connection with the two Vivint 30(b)(6) depositions in *ADT LLC and ADT US Holdings, Inc. v. Vivint, Inc.,* 9:17-cv-80432, to track DSP complaints; correlate complaints by representative or manager; and that relate to compliance actions or communications with those representatives/managers or any discipline taken as a result of the complaints (if these documents are no longer used, please produce and documents used in replacement). | **Response:** Defendants object on the grounds that this request and prior requests include multiple sub-parts, of which each part should be counted toward Plaintiff's thirty (30) requests for production. Defendants further object on the grounds that the request seeks information irrelevant to the claims at issue, and seeks documents more easily obtainable by another source. Exhibits used in an unrelated action, which included different plaintiffs and independent, discrete interactions with ADT customers, are not relevant to this action brought by CPI or related to independent, discrete interactions with CPI customers. Furthermore, CPI's counsel were the same attorneys representing the plaintiffs in the lawsuit referenced in this request and were provided all exhibits used in the referenced 30(b)(6) depositions with the deposition transcripts. Thus, these documents are easily obtainable by CPI's counsel themselves, to the extent | F<br>FM<br>R<br>H<br>MIL<br>P |

| CPI RFP | Vivint Response (including supplemental responses) | Defendants' Counter Designations / Objections |
|---|---|---|
| | that CPI's counsel believes those documents could be relevant to the claims made in relation to CPI customers here.<br><br>Moreover, the Court's March 2, 2021 Minute Order sustained Defendants' objection to the production of sales representative disciplinary history (i.e., compliance information) and thus, Defendants are not required to produce documents related to compliance actions or discipline taken as a result of complaints.<br><br>In addition, this request seeks communications between Vivint's legal counsel and Vivint's employees, which are governed by the attorney-client privilege. The request also apparently seeks documents considered attorney-work product as it seeks documents presumably created and maintained by Vivint's legal counsel to track and respond to DSP complaints.<br><br>For these reasons, Defendants will not produce documents responsive to this request. | |

**SHOOK, HARDY & BACON L.L.P.**

By:    /s/ Caroline M. Gieser
        North Carolina Bar No. 51610
        cgieser@shb.com
        1230 Peachtree Street, Suite 1200
        Atlanta, Georgia 30309
        (470) 867-6013

            -and-

        /s/ Charles C. Eblen
        Charles C. Eblen (Admitted *Pro Hac Vice*)
        Missouri Bar No. 55166
        ceblen@shb.com
        Erin M. Fishman (Admitted *Pro Hac Vice*)
        Missouri Bar No. 69842
        efishman@shb.com
        SHOOK, HARDY & BACON L.L.P.
        2555 Grand Blvd.
        Kansas City, Missouri 64108-2613
        (816) 474-6550

            -and-

        /s/ Eric J. Hobbs
        Eric J. Hobbs (Admitted *Pro Hac Vice*))
        Colorado Bar No. 46813
        ehobbs@shb.com
        Daniel E. Rohner (Admitted *Pro Hac Vice*)

109

Colorado Bar No. 27469
drohner@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, Colorado 80202
(303) 285-5300

*Counsel for Plaintiff*
*CPI Security Systems, Inc.*