UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CV-00504-FDW-DSC

CPI SECURITY SYSTEMS, INC.,

    Plaintiff,

v.

VIVINT SMART HOME, INC.,
f/k/a MOSAIC ACQUISITION CORP.;
LEGACY VIVINT SMART HOME, INC.
f/k/a VIVINT SMART HOME, INC.,

    Defendants.

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION
FOR BIFURCATED TRIAL**

Defendants Vivint Smart Home, Inc. and Legacy Vivint Smart Home, Inc. (together, "Vivint") respectfully submit this brief in support of their motion to bifurcate the compensatory and punitive damages phases of trial.

## INTRODUCTION

CPI is seeking a punitive damages award of at least $30 million against Vivint on its two remaining claims under North Carolina law.[1] Under North Carolina law, a defendant has a statutory guarantee of a bifurcated trial on compensatory damages

---

[1] CPI seeks punitive damages for its claims for unfair competition and tortious interference. CPI is not entitled to punitive damages on its Lanham Act claim. *See* 15 U.S.C. § 1117(a) (providing that any award "shall constitute compensation and not a penalty"); *see also* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:95 (4th ed. 2007) (collecting cases). Likewise, CPI is not entitled to punitive damages on its section 75-1.1 claim. *See Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 338 S.E.2d 918, 925 (N.C. Ct. App. 1986); *Monk v. Progressive Southeastern Ins. Co.*, No. 7:06-CV-15-D, 2006 WL 8439059, at *2 (E.D.N.C. May 23, 2006).

and punitive damages. But because that statutory guarantee confers a "procedural" right and not a "substantive" right, federal courts are not bound to follow it. Instead, federal courts conduct a bifurcation analysis under Rule 42(b) of the Federal Rules of Civil Procedure.

In conducting this Rule 42(b) analysis, however, federal courts have given great weight to state statutory guarantees of a bifurcated trial in punitives cases. This motion asks the Court to join these courts in bifurcating the trial of this matter consistent with state law. As described below, the rationale for bifurcation under North Carolina's statutory guarantee calls for the same result under a Rule 42(b) analysis, particularly under the circumstances of this particular case.

## **ARGUMENT**

**I. Bifurcating the compensatory and punitive phases of trial is warranted.**

**A. Under a Rule 42(b) analysis, North Carolina's statutory guarantee of a bifurcated trial can—and should—be given great weight.**

Under North Carolina law, defendants facing the prospect of punitive damages have a statutory guarantee to a trial in which the compensatory and punitive damages phases are bifurcated. *See* N.C. Gen. Stat. § 1D-30. The statute provides:

> Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.

N.C. Gen. Stat. § 1D-30; *see also* N.C. Gen. Stat. § 1D-25(a) ("In all actions seeking an award of punitive damages, the trier of fact shall determine the amount of punitive damages separately from the amount of compensation for all other damages.").

That statutory guarantee is not binding on the Court because the Fourth Circuit has concluded that it is "procedural," not "substantive." *See McKiver v. Murphy-Brown*, LLC, 980 F.3d 937, 974 (4th Cir. 2020). Thus, the issue of whether to bifurcate compensatory and punitive damages phases is determined under Federal Rule 42(b) as a matter within the Court's broad discretion. *Id.*; *see also, e.g.*, *Greenwood Motor Lines, Inc. v. Saga Freight Logistics, LLC*, No. 3:13-cv-529, 2015 WL 13610653, at *1 (W.D.N.C. Oct. 9, 2015).

In exercising this broad discretion under Rule 42(b), however, North Carolina's federal courts have deferred to North Carolina's statutory guarantee of bifurcation in punitives cases and concluded that bifurcation is warranted. *See, e.g.*, *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275, 2011 WL 13234787, at *1–2 (E.D.N.C. Oct. 31, 2011) (relying almost exclusively on North Carolina's punitives statute in granting motion to bifurcate under Rule 42(b)); *see also, e.g.*, *Gillis v. Murphy-Brown, LLC*, 7:14-CV-185-BR, ECF No. 249 (E.D.N.C. Nov. 26, 2018) (same). Federal courts in other states with similar state-law guarantees have done the same. *See, e.g.*, *Cline v. 7-Eleven, Inc.*, No. 3:11-CV-102, 2012 WL 5471761, at *5 (N.D. W. Va. Nov. 9, 2012) (following state bifurcation statute because it found the "logic behind [the West Virginia statute] to be sound"); *Northend Inv'rs, LLC v. S. Tr. Ins.*

*Co.*, 256 F. Supp. 3d 781, 788–89 (W.D. Tenn. 2017) (exercising discretion under Rule 42 to bifurcate "in a manner consistent with state law").

For the reasons that follow, the Court should join these courts in bifurcating the trial consistent with state law. As described below, the rationale for bifurcation under North Carolina's mandatory statute calls for the same result under a Rule 42(b) analysis, particularly given the circumstances of this particular case.

> **B. Consistent with North Carolina's statutory guarantee, bifurcating the trial in this case is warranted under Rule 42(b).**
>
> **1. Bifurcation is needed to avoid prejudice to Vivint.**

Rule 42(b) specifically authorizes bifurcation "to avoid prejudice." Fed. R. Civ. P. 42(b). Here, that prejudice would be manifest in the absence of bifurcation, because as a matter of state law under N.C. Gen. Stat. § 1D-35, "a plaintiff is permitted to offer certain evidence [relating to punitive damages] that might otherwise be inadmissible." *Silicon Knights*, 2011 WL 13234787, at *2 (recognizing this concern as justification for bifurcating compensatory and punitive damages phases); *see also, e.g., Gillis*, at *4 (same).

The factors that a jury is to consider for punitive damages purposes are set forth in N.C. Gen. Stat. § 1D-35(a) through (i). Under those statutory provisions, jurors are asked to consider evidence that would not only be inadmissible, but would also be extraordinarily prejudicial if considered by the jury for compensatory damages purposes. As one nonexclusive example, jurors are asked to consider "[t]he defendant's ability to pay punitive damages, as evidenced by its revenues or net worth." N.C. Gen. Stat. § 1D-35(i).

4

Thus, as the Eastern District has recognized, in the absence of bifurcation, the statute would allow "evidence of [the defendant's] revenues or net worth [to] unfairly prejudice the jury's determination of its liability for compensatory damages and the amount of compensatory damages." *Silicon Knights*, 2011 WL 13234787, at *2 (citing this concern as a basis for bifurcation). "Introduction of this type of evidence creates a significant risk of unfair prejudice to defendant and has the potential to confuse the issues and mislead the jury." *Gillis*, at *4; *see also Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) (explaining that bifurcation under Rule 42(b) is available "when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages").

Here, CPI is seeking to introduce evidence of precisely that type. Its pretrial submissions confirm that it seeks to introduce evidence of Vivint's revenues and profits. *See* Doc. 81-1 at 9 (listing as exhibits, over Vivint's objection, Vivint's SEC filings).

This inflammatory evidence—including but not limited to the financial evidence—would be extraordinarily "prejudicial to the jury's consideration of liability or compensatory damages[.]" *Mattison*, 947 F.2d at 110. For this reason first and foremost, bifurcation is warranted.

## 2. Bifurcation would promote judicial economy.

Rule 42(b) also embraces bifurcation "[f]or convenience . . . or to economize." Fed. R. Civ. P. 42(b). Thus, a bifurcation analysis requires weighing whether bifurcation would "(1) promote greater convenience to the parties, witnesses, jurors, and the court, [and] (2) be conducive to expedition and economy[.]" *McKiver*, 980 F.3d at 975. The Fourth Circuit has further cautioned that although "conserv[ing] judicial resources and sav[ing] all parties and witnesses time and expense" are "laudable goals . . . a trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice." *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1445 (4th Cir. 1993) (internal citations omitted).

Often these two objectives—avoiding prejudice versus promoting judicial economy—are in tension with one another. Here, however, the Court need not choose between these objectives, because bifurcation would accomplish both.

As a matter of substantive North Carolina law, punitive damages are not available "unless the jury finds defendant liable for compensatory damages and the presence of an aggravating factor is shown by clear and convincing evidence." *Gillis*, at *4–5 (citing *Vandevender v. Blue Ridge of Raleigh*, LLC, 901 F.3d 231, 237 (4th Cir. 2018)); *see also* N.C. Gen. Stat. § 1D-15(a) ("Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) Fraud; (2) Malice; (3)

Willful or wanton conduct."); N.C. Gen. Stat. § 1D-15(b) ("The claimant must prove the existence of an aggravating factor by clear and convincing evidence.").

As a result, bifurcating the compensatory damages and punitive damages phases furthers judicial economy, because a defense verdict on compensatory damages would render a punitives phase "unnecessary." *Gillis*, at *5; *see also, e.g.*, *Silicon Knights*, 2011 WL 13234787, at *1–2 (same). Likewise, a compensatory damages verdict for CPI where the jury does not find an aggravating factor by clear and convincing evidence would render a punitives phase unnecessary.

For these reasons, bifurcating is "conducive to judicial economy and efficiency" because: (1) "[t]he jury [does] not need to consider [certain evidence] if no actual damages are awarded, which would save trial time and the expense of putting on the additional evidence[;]" and (2) "[i]f a second phase becomes necessary, no duplication of evidence would be required because the same jury would hear both phases of trial." *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411, 1414 (D. Kan. 1995).

These efficiency concerns apply with particular force given the unique circumstances of this case. CPI's only pathway to compensatory damages is through a damages model that asks the jury to improperly extrapolate both liability and damages from hearsay, if not double or triple hearsay. *See* Vivint's Br. Supp. Mot. Exclude Inadmissible Hearsay Related to Damages (Doc. 93). Thus, there is a high likelihood that at the close of CPI's evidence on compensatory damages, there will be nothing from which a reasonable jury could, should, or would give CPI in compensatory damages. If this scenario comes to pass, the jury will have no need to

7

hear and consider evidence relating to punitive damages, which "would save trial time and the expense of putting on the additional evidence"—the same inflammatory evidence that justifies bifurcation on prejudice grounds alone. *Scheufler*, 895 F. Supp. at 1414. These savings are not insignificant, particularly given that CPI has forecasted that its case alone will last 5 to 7 days. Doc. 81 at 21.

As these points show, bifurcating the trial would promote judicial economy.

### 3. Bifurcation would not prejudice CPI in any way.

A bifurcation analysis also asks the Court to determine whether bifurcation would "result in undue prejudice to any party." *McKiver*, 980 F.3d at 975.

Here, CPI would not suffer any prejudice from a bifurcated trial. CPI would enjoy the same benefits of judicial economy and resource conservation described above, including the significant cost and time savings if the jury does not return a verdict that would allow for punitives. Indeed, in other cases, including before this Court, plaintiffs have apparently recognized these and other benefits of a bifurcated trial and consented to bifurcation or joined in the request. *See Legacy Data Access, Inc. v. Cadrillion, LLC*, No. 3:15-cv-163, 2017 WL 253978, at *1 (W.D.N.C. Jan. 19, 2017) (Whitney, J.) ("Upon request by and consent of the parties, the Court bifurcated the compensatory and punitive damages phases of trial.").

One reason for this may be that if the compensatory and punitive phases are not bifurcated, it can invite increased appellate scrutiny of a jury's punitive damages decision, resulting in the plaintiff having to try its case a second time. *See, e.g.*, *McKiver*, 980 F.3d at 975–76. The Fourth Circuit's decision in *McKiver* offers a prime

example. *See id.* The Court vacated and remanded for a new trial on punitive damages that would have been unnecessary had the district court granted the defendants' motion to bifurcate the compensatory and punitive damages phases. *See id.* These risks are heightened, of course, when a plaintiff seeks a multimillion-dollar punitives award as the plaintiffs did in *McKiver*. *See id.*

Here, CPI seeks more than $30 million in punitive damages—many multiples of what the plaintiffs in *McKiver* received. *See* Doc. 29 at 15–17 (alleging more than $10 million in compensatory damages); *see also* N.C. Gen. Stat. § 1D-25 (limiting punitive damages to "three times the amount of compensatory damages"). The sheer size of that punitive damages request, by itself, justifies an approach that is designed to protect against the potential for prejudice.

That is especially true given that there is no downside to bifurcation. It only protects a defendant's right to a fair trial and accomplishes the objectives of Rule 42(b); it does not infringe on any right of the plaintiff whatsoever. That is why, when the stakes are as high as they are here, bifurcation is the only option that is unassailable by any party.

In sum, there is no prejudice to CPI in bifurcating the compensatory and punitive damages phases of trial. The only prejudice here would be to Vivint, as described above, if the trial is not bifurcated.

## **CONCLUSION**

Vivint respectfully requests that the Court bifurcate the compensatory and punitive damages phases of trial.

Respectfully submitted the 15th day of December, 2021.

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** | **CLYDE SNOW & SESSIONS, P.C.** |

By: s/ Michael N. Kreitzer
    Michael N. Kreitzer
    Florida Bar No. 705561
    kreitzerm@gtlaw.com
    333 S.E. 2nd Avenue, Suite 4400
    Miami, FL 33131
    Telephone: (305) 579-0500

By: s/ Gregory W. Herbert
    Gregory W. Herbert
    Florida Bar No. 111510
    herbertg@gtlaw.com
    Joshua R. Brown
    Florida Bar No. 826391
    brownjr@gtlaw.com
    450 S. Orange Avenue, Suite 650
    Orlando, FL 32801
    Telephone: (407) 420-1000

**Counsel for Defendants**

By: s/ Matthew A. Steward
    Matthew A. Steward
    Utah Bar No. 7637
    mas@clydesnow.com
    Shannon K. Zollinger
    Utah Bar No. 12724
    skz@clydesnow.com
    One Utah Center, 13th Floor
    201 South Main Street
    Salt Lake City, UT 84111-2216
    Telephone: (801) 322-2516

**Counsel for Defendants**

**POYNER SPRUILL LLP**

By: s/ Andrew H. Erteschik
    Andrew H. Erteschik
    N.C. State Bar No. 35269
    aerteschik@poynerspruill.com
    John M. Durnovich
    N.C. State Bar No. 47715
    jdurnovich@poynerspruill.com
    N. Cosmo Zinkow
    N.C. State Bar No. 53778
    nzinkow@poynerspruill.com
    P.O. Box 1801
    Raleigh, NC 27602-1801
    Telephone: (919) 783-2895

**Local Counsel for Defendants**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the length requirements set forth in paragraph 3(c)(i) of the Case Management Order (Doc. 35).

This the 15th day of December, 2021.

                                                                                                 <u>s/ Andrew H. Erteschik        </u>
                                                                                                 Andrew H. Erteschik

# **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

This the 15th day of December, 2021.

s/ Andrew H. Erteschik  
Andrew H. Erteschik