UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-0504-FDW-DSC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VIVINT SMART HOME, INC. *et al.*, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Withhold Service of Trial Subpoenas Until a Date Certain is Set for Trial (Doc. No. 82) and Defendants' Motion to Bifurcate Trial (Doc. No. 100).

First, as to Plaintiff's Motion for Leave to Withhold Service of Trial Subpoenas, the Court DENIES Plaintiff's request. Under the Case Management Order for this matter, the parties are required to "subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared." (Doc. No. 35, p. 13). Plaintiff's assertion that the leave it requests will "conserve the parties', non-parties', and the Court's time and resources" is unavailing. Therefore, Plaintiff shall subpoena its witnesses in accordance with the Case Management Order (Doc. No. 35).

Next, the Court turns to Defendants' Motion to bifurcate trial in this matter. The issue of whether to bifurcate trial is determined under Rule 42(b) of the Federal Rules of Civil Procedure as a matter within the Court's broad discretion. See Fed. R. Civ. P. 42(b); Central Transport Intern., Inc. v. General Elec. Co., 2008 WL 2257707, at *2-3 (Sept. 30, 2008) ("whether to order bifurcation of claims/issues… rests squarely within the broad discretion of the District Court… Moreover,

bifurcation of discovery is the exception, rather than the rule…"). After reviewing Defendants' arguments in support of bifurcation, the Court finds bifurcation of trial in this matter inappropriate, particularly in light of the fact that the Court can eradicate any potential for unfair prejudice through limiting instructions to the jury during the presentation of evidence. Accordingly, Defendants' Motion is DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Withhold Service of Trial Subpoenas Until a Date Certain is Set for Trial (Doc. No. 82) is DENIED and Defendants' Motion to Bifurcate Trial (Doc. No. 100) is DENIED.

The Court also recognizes the parties have filed several motions in limine, including: (1) Defendants' Motion in Limine to Exclude Out-of-Court Customer Complaints (Doc. No. 86); (2) Defendants' Motion in Limine to Exclude Vivint's Prior Lawsuits Against Competitors (Doc. No. 88); (3) Defendants' Motion in Limine to Exclude External Proceedings and Complaints to Nonparties (Doc. No. 90); (4) Defendants' Motion in Limine to Exclude Inadmissible Hearsay Related to Plaintiff's Damages Theories (Doc. No. 92); (5) Defendants' Motion in Limine to Exclude Testimony of Russell Winer Pursuant to Rule 702 (Doc. No. 94); (6) Motion in Limine to Exclude Testimony of Russell Mangum Pursuant to Rule 702 (Doc. No. 97); and (7) Plaintiff's Motion in Limine to Exclude Irrelevant and Inflammatory Race-Related Evidence at Trial (Doc. No. 102). The Court DEFERS in ruling on these Motions until trial.

IT IS SO ORDERED.

Signed: December 20, 2021

_____
Frank D. Whitney
United States District Judge