# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-80432-MIDDLEBROOKS**

ADT LLC, and ADT US HOLDINGS, INC.,

      Plaintiffs,

v.

VIVINT, INC.,

      Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE BBB COMPLAINTS**

THIS CAUSE comes before the Court upon Defendant Vivint, Inc.'s ("Vivint") Motion to Exclude Better Business Bureau Complaints and Rating, filed October 10, 2017.  (DE 121). Plaintiffs ADT LLC, and ADT US Holdings, Inc. (collectively "ADT") filed a response on October 10, 2017 (DE 129), to which Vivint replied on October 17, 2017 (DE 143).

Vivint seeks to exclude from evidence customer complaints filed with the Better Business Bureau ("BBB") against Vivint, as well as Vivint's rating with the BBB.  Vivint argues that the complaints are inadmissible hearsay in violation of Rule 802 of the Federal Rules of Evidence, and that the rating is both a summary of inadmissible hearsay and irrelevant to ADT's claims in this case.  ADT argues that Vivint's Motion should be denied for two reasons: (1) the complaints may be offered for non-hearsay purposes; and (2) Vivint's responses to the complaints are statements by a party opponent and thus excepted from the rule against hearsay.

**DISCUSSION**

Hearsay is "a statement that the declarant does not make while testifying at the current trial or hearings; and a party offers in evidence to prove the truth of the matter asserted in the

statement." Fed. R. Evid. 801(c). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; [The Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed R. Evid. 802. "The rationale behind the hearsay rule is untrustworthiness of hearsay statements." *T. Harris Young & Assoc., Inc. v. Marquette Elec., Inc.*, 931 F.2d 816, 826 (11th Cir. 1991) (citation omitted). "Hearsay presents substantial risks of insincerity and faulty narration, memory and perception." *Id.*

First, ADT argues that it "intends to use the BBB customer complaints not for what the customers said, but for what Vivint said." (DE 129 at 5). Vivint's Chief Compliance Officer, Nathan Wilcox responded to many of the customer complaints on behalf of Vivint and these responses are included with the complaints on the BBB website. Mr. Wilcox's statements made on behalf of Vivint qualify as statements made by an opposing party and thus are excepted from the rule against hearsay pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. Fed. R. Evid. 801(d)(2).

Next, ADT argues that it "may offer [the customer complaints] to prove matters other than the truth of the matter asserted," in which case they would not be subject to the rule against hearsay. (DE 129 at 6). Specifically, ADT argues that it may use the complaints and Vivint's responses "to prove Vivint's notice and knowledge that for at least the past five years Vivint received a large number of similar allegations from unrelated customers spread all across the country." (DE 129 at 6). Because ADT may offer the BBB complaints for purposes other than to prove the truth of the complaints, it is inappropriate to exclude them as hearsay at this time.

Vivint additionally seeks to exclude the rating assigned it by the BBB. Citing a decision rendered by the District Court for the Southern District of California, ADT argues that the rating could be admissible "'for the limited, non-hearsay purpose of establishing knowledge and notice'

to the defendant of consumer discontent and, presumably, for impeachment purposes to the same end." (DE 129 at 9). ADT fails to show how Vivint's rating with the BBB is relevant in this case. The BBB's website states that its ratings "represent the BBB's opinion of how the business is likely to interact with its customers."[1] A company's rating is based on 13 rating elements including "the business's complaint history with the BBB," which takes into account "whether in BBB's opinion the business appropriately responded to [the complaints];" "whether in BBB's opinion the business resolved the complaints in a timely manner to the customer's satisfaction;" and "the size of the business."[2] ADT fails to explain how information related to any of these criteria are relevant to its claims in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Vivint's Motion (DE 121) is **GRANTED IN PART and DENIED IN PART.**

2. The Better Business Bureau complaints are not excluded to the extent they are offered for purposes other than to prove their truth.

3. Vivint's responses to the Better Business Bureau complaints are not excluded.

4. Vivint's rating with the Better Business Bureau is excluded.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 8 day of December, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record

---

[1] https://www.bbb.org/en/us/overview-of-bbb-ratings/
[2] *Id.*

3