# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-80432-MIDDLEBROOKS

ADT LLC, and ADT US HOLDINGS, INC.,

    Plaintiffs,

v.

VIVINT, INC.,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO EXCLUDE BBB COMPLAINTS

THIS CAUSE comes before the Court upon Defendant Vivint, Inc.'s ("Vivint") Motion to Exclude Evidence of Complaints to State or Federal Agencies Concerning Vivint and Vivint's Lawsuits against Competitors, filed October 02, 2017. (DE 97). Plaintiffs ADT LLC, and ADT US Holdings, Inc. (collectively "ADT") filed a response on October 10, 2017 (DE 128), to which Vivint replied on October 17, 2017 (DE 142).

Vivint seeks to exclude (1) customer complaints about Vivint to state attorneys general or other federal or regulatory agencies regarding deceptive sales practices (collectively "agency complaints"), and (2) documents relating to Vivint's lawsuits against third party competitors ("other lawsuits"). (DE 97). Vivint argues that the agency complaints are irrelevant and inadmissible character evidence and argues that both the agency complaints and other lawsuits are inadmissible hearsay.

## DISCUSSION

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 401. "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [The Federal Rules of Evidence]; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402. Vivint argues that "[e]vidence of complaints filed with state attorneys general or other regulatory agencies against Vivint have zero tendency to make ADT's allegations in any given discrete interaction more or less probable." (DE 97 at 2). Further, evidence of what "a third party may have accused Vivint of in Florida has no substantive bearing on whether or not a Vivint salesperson allegedly said something else to a different individual in California." (97 at 2). Vivint's argument is not persuasive because the complaints may be relevant for purposes other than to show that Vivint acted in conformity with the conduct alleged in the agency complaints. For instance, the agency complaints could be relevant to show that Vivint was aware that consumers across the country have alleged that its sales agents engaged in deceptive sales practices. Accordingly, Vivint's relevancy objection is without merit.

Next Vivint argues that the agency complaints should be excluded as inadmissible character evidence under Rule 404(b)(1). Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Vivint argues that "ADT would only be introducing the Agency Complaints to prove the truth of the matters asserted." (DE 97). ADT does not concede that it will only introduce the complaints to prove the truth of the matters asserted therein. As stated above, ADT may offer the complaints for purposes other than to prove that Vivint acted in accordance with the conduct alleged in the complaints. Accordingly, it is inappropriate to exclude the complaints as inadmissible character evidence at this time.

2

Finally, Vivint moves to categorically exclude the agency complaints and the other lawsuits on the basis that they contain inadmissible hearsay. Vivint fails to identify particular statements that it claims are hearsay, and thus this Court is unable to determine whether a statement is hearsay, and if so whether it falls within an exception to the rule against hearsay. Accordingly, Vivint's objection that the agency complaints and the lawsuits it filed should be excluded as hearsay is without merit. It is hereby

**ORDERED AND ADJUDGED** that Vivint's Motion (DE 97) is **DENIED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this __ day of December, 2017.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record