UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00504-FDW-DSC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIVINT SMART HOME, INC. f/k/a Mosaic Acquisition Corp.; and LEGACY VIVINT SMART HOME, INC. f/k/a Vivint Smart Home, Inc., <br><br> Defendants. | **PLAINTIFF CPI SECURITY SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO VIVINT'S MOTION *IN LIMINE* TO EXCLUDE VERBATIM RECORDINGS OF CUSTOMER COMPLAINTS TO CPI ABOUT VIVINT'S CONDUCT [DOCS 86-87]** |

Vivint should be judicially estopped from seeking to exclude call recordings of customer complaints [DE 87], having already successfully argued for their inclusion in previous, near-identical litigation. Moreover, just as Vivint has previously argued, the recordings should be admitted on their own merits because they are the most reliable proof of the scale of Vivint's misconduct in this case, and of the customer's confusion resulting from the Vivint sales agents' false claims of CPI affiliation. In opposition to Vivint's motion, CPI further states:

## BACKGROUND

CPI must show the jury the scope of Vivint's misconduct in this case, and in particular the confusion it has widely sown in CPI's customers. Time and resources do not permit CPI to depose or call at trial every one of the hundreds of affected customers known to CPI, let alone the hundreds more known to Vivint. As the Ninth Circuit has stated, "it should not be necessary to scale the highest mountains of Tibet

1

to obtain a deposition" to establish one small piece of a much larger claim. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 609 (9th Cir. 1993).

Vivint has faced this exact same issue of proof as a plaintiff in its own affirmative actions against its competitors in other courts involving the exact same claims. In two such actions, Vivint moved *in limine* to admit the intake audio recordings of the initial, unsolicited calls placed by customers to complain about slams they had experienced – the exact same kinds of records that now Vivint moves to exclude from evidence in this motion. In *Vivint, Inc. v. Elite Sec. Svcs., Inc.*, No. 2:12-cv-00692 (D. Utah), Vivint moved the court to admit customer call recordings to prove liability and damages because, Vivint said, the calls were reliable proof of the customers' experiences. (**Ex. A**). Vivint argued that requiring the customers to be deposed or attend trial "would constitute an extensive, onerous and ultimately fruitless task resulting in evidence that would not be any more probative than the Audio Recordings, which are admissible under the controlling Rules of Evidence." (**Ex. A** at 3).

In support of its motion in Utah, Vivint argued in favor of the reliability of the customer call recordings as accurate, contemporaneous accounts of the customers' experiences with the competitor's sales agents. (**Ex. A** at 11-13). The judge in the *Elite* case granted Vivint's motion and ruled the call recordings admissible at trial, observing: "The court is sensitive to concerns raised about the difficulty of deposing this number of witnesses for such limited purposes." (**Ex. B**).

2

Vivint again moved the court in *Vivint, Inc. v. Alarm Protection LLC*, No. 2:14-cv-00441 (D. Utah) for the identical relief, for the identical reasons, (**Ex. C**) but withdrew the motion after Vivint realized that its position advocating admission of the call recordings in *Elite* and *Alarm Protection* jeopardized Vivint's much larger interests as a defendant in other slam litigation. (**Ex. D**).

CPI's intake call recordings, just like Vivint's, are verbatim audio recordings of calls that the customers placed to CPI after becoming confused by Vivint's agents misleading sales pitches. Similarly, CPI's call recordings here are kept in the ordinary course of business, contain statements by customers that carry multiple indicia of reliability, and are the most probative evidence of Vivint's misconduct. Furthermore, the call recordings are the best available evidence of customer confusion, an essential element of CPI's claims under the Lanham Act. As such, just like the call recordings for which Vivint argued for admission in the *Elite* case, CPI's call recordings should be likewise admitted here.

## ARGUMENT

### I. Judicial Estoppel Bars Vivint's Requested Relief.

As Vivint correctly argued in its Utah cases, call recordings provide the best available evidence of the customers' confusion because they are verbatim records of calls that the consumers themselves placed, without prodding by the plaintiff, who are themselves uninvolved in this litigation, and who have no motive to lie, at or near the time when the sales agent misled them and their recollections are fresh; and the fact that hundreds of unrelated callers from around the country are reporting the

same misconduct, taken collectively, make the calls as a body probative of the defendant's actions. (*See* **Ex. A** at 11). *See also Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it.").

Vivint should be judicially estopped from taking its inconsistent position now. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *1000 Friends of Md. V. Browner*, 265 F.3d 216, 226-27 (4th Cir. 2001). To find an estoppel, the Fourth Circuit requires: (1) a position inconsistent with a stance taken in prior litigation, (2) to gain unfair advantage, (3) where the prior position was accepted by the court. *1000 Friends*, 265 F.3d 226-27. The intentional change in position to gain an unfair advantage is the "determinative factor in the application of judicial estoppel to a particular case." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996) (quotations omitted).

These factors are clearly present here. Vivint won the relief it sought in its Utah case – the district court granted the motion *in limine* and ruled the customer call recordings admissible. (**Ex. B**). Yet now, Vivint seeks to exclude this exact kind of evidence by characterizing it as unreliable, based solely on a few isolated examples from the litany of call recordings which Vivint has had ample time to review. Vivint's complete reversal of its earlier position here is nothing more than "playing fast and loose with the courts." *Id.*

The Court should bar Vivint from challenging the admissibility of CPI's customer calls in this action so as "to deter improper manipulation of the judiciary." *Havird Oil*

4

Case 3:20-cv-00504-FDW-DSC   Document 111   Filed 12/23/21   Page 4 of 14

*Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir. 1998). As Vivint successfully argued in Utah, and as shown *infra*, the calls should come into evidence on their own merits. Estoppel here lies to protect the integrity of the judicial process and the Court ought not hesitate to impose it on these facts.

## II. The Calls Should Be Admitted Under Rules of Evidence 801(d)(2), 803(6) and 807.

Moreover, the call recordings should be admitted on their own merits for the very same reasons argued by Vivint in its Utah cases. Recordings of consumer complaints should be, and routinely are, excepted from the hearsay rule because, as previously argued by Vivint, they are inherently reliable. (**Ex. A** at 11-13). The recording is a verbatim statement of the customer; the customer initiated the call; the call is contemporaneous with the complaint; the consumer has little (if any) motive or incentive to lie; they are not parties to this litigation; indeed, their complaints were lodged months or years before the lawsuit was filed; they have nothing to gain or lose from this suit; the customers are spread around the Southeast; each is unknown to the others; yet all tell variations of the same story – that each was misled by a sales agent who pretended to represent CPI. (**Ex. A** at 11).

As previously argued by Vivint, these calls fall outside the concerns that animate the hearsay rule because the circumstances of the call make them inherently reliable (**Ex. A** at 11). These are the basic reasons why the call recordings are routinely admitted regardless of hearsay. They do no present the "particular hazards, including dangers of insincerity, ambiguity, erroneous perception, and faulty memory" that the

hearsay rule is meant to avoid. *United States v. Udeozor*, 515 F.3d 260, 267 (4th Cir. 2008).

Here, the recordings have the additional indicium of reliability in that CPI produced the call recordings to Vivint in discovery, and Vivint has had ample opportunity to investigate the complaints and test their reliability. *See, e.g.*, *FTC v. Kuykendall*, 312 F.3d 1329, 1343 (10th Cir. 2002) (customer complaints found reliable under Rule 807 where defendants were "given notice of the consumer declarations approximately one month before the evidentiary hearing and had the opportunity to subpoena the individual consumers if they so desired"), *aff'd en banc in relevant part*, 371 F.3d 745, 767 (10th Cir. 2004).

The call recordings present multiple levels of hearsay but the analytic framework is simple:

- The *recordings themselves* qualify as business records for the purposes of Rule 803(6) – they are created in the ordinary course of CPI's business, and it is CPI's ordinary practice to record and archive these calls. Vivint has offered no argument to contest the nature of these recordings as business records, only that the customer statements within the recordings do not qualify as business records. However, CPI does not maintain that the customer statements are business records, but rather that they should be excepted from the hearsay rule under Rule 807 as described below.

- The sales agent's statement to the customer is excluded from hearsay because it is "was made by a person whom the party authorized to make a statement on the subject," or "by the party's agent or employee on a matter within the scope of that relationship." FED. R. EVID. 801(d)(2).

- The customer's statement to the CPI operator is excepted from the hearsay rule under Rule 807 because the circumstances of these recordings provide the requisite "circumstantial guarantees of trustworthiness" on which Rule 807 rests.

6

Based on this analysis – the same analysis proposed by Vivint in *Vivint v. Elite Sec. Svcs.*, (**Ex. A** at 5-14) – courts have routinely admitted consumer complaints to prove a defendant's liability, the scope of wrongdoing, and the extent of damages in consumer fraud actions. *See, e.g.*, *Kuykendall*, 312 F.3d at 1343; *Figgie Int'l*, 994 F.2d at 608-09.

For example, in *FTC v. U.S. Mortgage Funding, Inc.*, the Honorable Judge Cohn opined on the admission of unsworn consumer complaints offered for the truth of the matters asserted within the complaints under Rule 807. No. 11-cv-80155, 2011 WL 2784466 (S.D. Fla. July 12, 2011). In support of admission, Judge Cohn noted that the declarations appeared reliable because they came from unrelated consumers from around the country, each reporting an "experience that is substantially similar to other declarants' experiences" and defendants had received the declarations in discovery and "had ample opportunity to depose the declarants or otherwise oppose the declarations." *Id.* at *2. Judge Cohn concluded that calling hundreds of separate witnesses "is not likely to be any more reliable than the letters themselves" and "furthers the federal rules' paramount goal of making relevant evidence admissible." *Id.* Judge Cohn ruled against admission only because the majority of the complaints did not relate to the remaining defendants, not because they were inadmissible hearsay. *Id.*[1]

---

[1] Although the call recordings should be admitted for *all* purposes as argued above, at minimum the Court should admit the call recordings as proof on CPI's damages, as at least one prior federal court has held in similar circumstances. *See ADT, LLC v. Sec. Networks, LLC*, No. 12-cv-81120, DE 279 (S.D. Fla. Mar. 2, 2017) (admitting recorded phone conversations of customer complaints under Rule 807 to prove damages as opposed to liability) (**Ex. E**).

Ultimately, the call recordings should be admitted for all purposes, as the Utah district did when it granted Vivint's motion to admit its call recordings into evidence, because in the aggregate, they are a trustworthy body of evidence that the jury should be allowed to consider. While Vivint might find reason to challenge the reliability of any one call, or several (which CPI agrees should be excluded, see Part IV *infra*), the accumulated probative weight of these many dozens of calls, each from unrelated consumers spread all across the Southeast over a period of years, none with motive to dissemble, all reporting the same misconduct, is entitled to go to the jury under Rule 807:

> First, out-of-court statements are only presumed unreliable. The presumption may be rebutted by appropriate proof. *See* FED. RULE EVID. 803(24) (otherwise inadmissible hearsay may be admitted if circumstantial guarantees of trustworthiness demonstrated). Second, individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts. Taken together, these two propositions demonstrate that a piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence.

*Bourjaily*, 483 U.S. at 179-80. These are the same reasons that Vivint urged the Utah court to adopt, and on which Vivint was able to move its customer call recordings into evidence. This Court should credit them here, hold Vivint to its earlier position on the admissibility of these call recordings, and deny this motion.

### III. The Calls Are The Most Palpable Proof Of The Actual Confusion Caused By Vivint's False Representations of CPI Affiliation.

A critical element of proof in this case is the actual confusion of existing CPI customers that Vivint's sales agents caused with their false representations of CPI

affiliation. Actual customer confusion is "patently the best evidence of likelihood of confusion." *Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 705 (5th Cir. 1981); *accord Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc.,* 87 F.3d 654, 661 (4th Cir. 1996). And, critically, out of court statements offered to prove actual confusion are not inadmissible hearsay. *See, e.g.*, *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 780 (4th Cir. 2001) (noting that anecdotal reports of actual confusion are not hearsay); *PNGI Charles Town Gaming, LLC v. Hot Spot CT Real Estate, LLC*, No. 3:18-CV-38, 2019 WL 6869873, at *8 (N.D.W.V. Dec. 16, 2019) (finding plaintiffs' evidence of actual confusion was not hearsay because "third-party statements [are] admissible and probative when used to demonstrate instances of consumer confusion").

The best evidence of the customers' actual confusion in this case are the recordings of the calls the consumers placed to CPI to try to make sense of what has happened to them. The common thread that runs through these calls is that they are all placed at the moment of the customer's realization that something is wrong. They are the only contemporaneous proof that can communicate the full range of the customer's emotions and mental state – her actual confusion – are these recordings. They preserve the customer's tone of voice – communicating fear, anxiety, anger, and embarrassment – in the moment for the jury to hear. The timbre of the customers' voices in these recordings speaks more to their confusion in the moment than their recounted recollection years later at a deposition. The jury should be permitted to hear their voices for themselves when considering the effect that Vivint's deceptive

9

Case 3:20-cv-00504-FDW-DSC   Document 111   Filed 12/23/21   Page 9 of 14

sales practices have had on CPI's customers. The Court may admit these recordings for this non-hearsay purposes (i.e., to show *confusion*, not the truth of the matter asserted), or under the hearsay exception to prove the callers' "then-existing state of mind" under Rule 803(3). The customers' state of confusion is the central dispositive issue in this case. These call recordings tangibly reflect that confusion. The recordings should therefore be admitted to show the jury the customer's actual mental state at the moment they realized that they had been misled.

Moreover, Vivint should welcome these calls into evidence. If Vivint truly believes, as it contends, that CPI in any way solicited or colored its customers' complaints, or that their calls were motivated by anything other than confusion caused by Vivint's sales agents, then the call recordings will reflect that – the jurors will be able to listen to the calls and judge for themselves whether the callers were actually confused by Vivint's sales agents, or not.

### IV. Vivint's Isolated Examples Of Supposedly-Unreliable Customer Calls Do Not Undermine The Probative Value Of The Calls As A Whole.

Vivint argues by anecdote that the call recordings are not reliable because the call operators allegedly colored the callers' complaints. It makes this attack by offering only a handful of examples out of dozens of recordings. But showing error in the inclusion of a handful of calls (if erroneous) does not prove that the other calls are unreliable. *Cf., e.g., ADT LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 689 (N.D. Tex. 2015) (Fish, J.) (court disregarded 13 disputed customer complaints but allowed the remaining 55 undisputed complaints to be considered as evidence for entry of

10

preliminary injunction). The unreliability of any one call, by itself, does not negate the probative value of the calls as a whole. *See Bourjaily*, 483 U.S. at 179-80. This motion sweeps far too broadly – it asks the Court to exclude an entire class of evidence without identifying the particular recordings that lack reliability for an identifiable reason. Vivint's expansive attack on these intake call recordings, based on only a handful of cherry-picked samples, does not prove that the other recordings are in any way unreliable, or inadmissible.

## V. If Not Admitted in Whole, the Court Should Defer Ruling to the Extent there Are Individualized Issues Relating to Particular Recordings.

Finally, wholesale exclusion (as Vivint seeks) would not be appropriate in any event. As with any evidentiary issue, admission is highly fact-dependent on the purpose for which it is offered. There are many unique circumstances raised in this case where a given recording could be admissible for unique purposes, such as the "Recorded Recollection" exception of Rule 803(5) in the event that a given witness's memory is no longer sufficient to recall the incident, an issue that has arisen in depositions of certain customers in this case. *See A. Hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 3:11–CV–74, 2014 WL 12591696, at *1 (N.D.W.V. Dec. 18, 2014) ("[B]road pre-trial evidentiary rulings, like that requested by a generalized motion in limine, present a serious risk of excluding admissible evidence."); *cf. E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 Fed. Appx. 710, 715 (4th Cir. 2014) ("[A] court is often wise to await the unfolding of evidence before the jury before

undertaking to make definitive rulings on the likely probative value of disputed evidence.").

## CONCLUSION

The motion should be denied.

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

In accordance with section 3.c.i. and 4.d. of the Case Management Order (Doc. No. 35), CPI certifies that the text of the above motion consists of 2,997 words (excluding the caption and signature block, but including footnotes).


Dated: December 23, 2021　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**SHOOK, HARDY & BACON L.L.P.**

　　　　　　　　　　　　　By:　/s/ *Caroline M. Gieser*
　　　　　　　　　　　　　　　　North Carolina Bar No. 51610
　　　　　　　　　　　　　　　　cgieser@shb.com
　　　　　　　　　　　　　　　　1230 Peachtree Street, Suite 1200
　　　　　　　　　　　　　　　　Atlanta, Georgia 30309
　　　　　　　　　　　　　　　　(470) 867-6013

　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　/s/ *Charles C. Eblen*
　　　　　　　　　　　　　　　　Charles C. Eblen (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　Missouri Bar No. 55166
　　　　　　　　　　　　　　　　ceblen@shb.com
　　　　　　　　　　　　　　　　Erin M. Fishman (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　Missouri Bar No. 69842
　　　　　　　　　　　　　　　　efishman@shb.com
　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.
　　　　　　　　　　　　　　　　2555 Grand Blvd.
　　　　　　　　　　　　　　　　Kansas City, Missouri 64108-2613
　　　　　　　　　　　　　　　　(816) 474-6550

　　　　　　　　　　　　　　　　　-and-

/s/ *Eric J. Hobbs*
Eric J. Hobbs (Admitted *Pro Hac Vice*))
Colorado Bar No. 46813
ehobbs@shb.com
Daniel E. Rohner (Admitted *Pro Hac Vice*)
Colorado Bar No. 27469
drohner@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, Colorado 80202
(303) 285-5300

*Counsel for Plaintiff*
*CPI Security Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of December, 2021, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

/s/ <u>*Caroline M. Gieser*</u>