UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CV-00504-FDW-DSC

CPI SECURITY SYSTEMS, INC.

    Plaintiff,

v.

VIVINT SMART HOME, INC.
f/k/a MOSAIC ACQUISITION CORP.;
LEGACY VIVINT SMART HOME, INC.
f/k/a VIVINT SMART HOME, INC.

    Defendants.

**BRIEF IN SUPPORT
OF DEFENDANTS'
MOTION *IN LIMINE***

## INTRODUCTION

The only reliable evidence of what occurred in interactions between CPI customers and Vivint representatives is sworn testimony, subject to cross-examination, of persons with firsthand knowledge. Therefore, the following inadmissible evidence should be excluded at trial:

(1) customer complaints to the parties in the form of audio recordings and customer account notes;

(2) lawsuits filed by Vivint against its competitors;

(3) other lawsuits or proceedings against Vivint;

(4) customer complaints to third parties;

(5) evidence about damages for which CPI never disclosed amounts or computations; and

(6) damages estimates or arguments based on inadmissible evidence and "tip of the iceberg" arguments.

## ARGUMENT

As CPI alleges in the amended complaint, "this case is about Vivint's . . . sales practices on the doorsteps and in the homes of significant numbers of CPI customers across the Southeast." Am. Compl. (Doc. 29) ¶ 1. And to that point, none of the five counts asserted in the amended complaint relieve CPI of its traditional burden to prove liability, causation, and damages with respect to *each incident* of misconduct alleged against Vivint. But based on the allegations of the amended complaint and arguments made in open court, CPI intends to offer inadmissible evidence to invite the jury to speculate as to otherwise unproven customer interactions and alleged damages.

The inadmissible evidence will take the form of prior proceedings, hearsay evidence of customer complaints, prior alleged conduct intended to suggest conduct in conformity therewith, and similar unreliable evidence to create the impression that Vivint's alleged misconduct is merely the "tip of the iceberg." This "tip of the iceberg" argument is plainly improper. And the evidence CPI proposes to offer to invite this rank speculation is also improper.

In an effort to provide the Court with the most efficient means of ruling on these evidentiary issues, the chart below identifies the improper evidence expected to be offered and explains the reasons for its exclusion.

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Customer complaints (audio recordings and summary notes)**<br><br>Examples:<br><br>Exhibits 1–9. | **Hearsay under Rule 801(c).** These documents report what CPI customers allegedly said to CPI or Vivint representatives (first layer of hearsay) about interactions with Vivint salespersons (second layer).[1] Many contain additional layers of hearsay (Exs. 1–2).<br><br>The evidence is hearsay to which no exception applies. The business-records exception is inapplicable because the declarant of the information (the customer) was not acting in the ordinary course of business,[2] and (2) the records lack trustworthiness because the customer statements are not of facts kept in the course of a regularly conducted business practice. The statements are also tainted by coaching (Exs. 2–6), faulty memories (Ex. 7), and incentives to misrepresent details of the interactions (Ex. 8–9).[3]<br><br>The residual exception is inapplicable because the evidence is untrustworthy and more probative evidence is readily available by sworn testimony subject to cross-examination.[4] |

---

[1]  *ADT LLC v. Alarm Prot. LLC*, No. 9:15-cv-80073, 2017 WL 1881957, at *1–2 n.2 (S.D. Fla. May 9, 2017) (citing *ADT, LLC v. Sec. Networks, LLC*, No. 12-CIV-81120 (S.D. Fla. Dec. 9, 2016)); *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 11632866 (S.D. Fla. Dec. 8, 2017).

[2]  *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 194–95 (4th Cir. 2003); *United States v. Baker,* 693 F.2d 183, 188 (D.C. Cir. 1982); *Williams v. Remington Arms Co.*, No. 3:05-cv-1383, 2008 WL 222496, at *9–10 (N.D. Tex. Jan. 28, 2008).

[3]  *United States v. Pendergrass*, 1995 WL 56673, at *5 (4th Cir. 1995) (unpublished) (unreliable evidence inadmissible); *Hoffman v. Palmer*, 129 F.2d 976, 991 (2d Cir. 1942) (statements motivated by incentives inherently unreliable); *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, No. 1:12-cv-2394, 2013 WL 4545143, at *2 (N.D. Ohio Aug. 27, 2013) (same); *W. Insulation, LP v. Moore*, 242 F. App'x 112, 122 (4th Cir. 2007) (unpublished) (same).

[4]  *United States v. Gomez*, 774 F. App'x 136, 137 (4th Cir. 2019) (unpublished).

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Lawsuits filed by Vivint against its competitors**<br><br>Examples:<br><br>Doc. 81-1 at 15–22, 32–55. | **Hearsay under Rule 801(c).** Allegations in other lawsuits filed by or against a party are hearsay when offered for the truth of the matter asserted.[5]<br><br>**Irrelevant under Rule 402.** The facts and outcomes of other lawsuits involving different parties and conduct are irrelevant in deciding the merits of this case.[6]<br><br>[*continued on next page*] |

---

[5]   *United States v. May*, 87 F. App'x 867, 868 (4th Cir. 2004) (unpublished); *Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44–45 (5th Cir. 1989); *Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5079170, at *9 (S.D. W. Va. Aug. 27, 2020); *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, No. 2:12-cv-243, 2014 WL 791505, at *2 (M.D. Fla. Feb. 24, 2014); *Tyree v. Boston Sci. Corp.*, No. 2:12-cv-8633, 2014 WL 5445769, at *7–8 (S.D. W. Va. Oct. 22, 2014); *Landis v. Jarden Corp.*, 5 F. Supp. 3d 808, 814–15 (N.D. W. Va. 2014).

[6]   *United States v. Hill*, 322 F.3d 301, 306 (4th Cir. 2003) (affirming exclusion of other lawsuit that "would have necessitated an exhaustive case within a case that would have confused the jury as to the issues to be decided"); *Merrick v. Mercantile-Safe Deposit & Tr. Co.*, 855 F.2d 1095, 1104 (4th Cir. 1988) (same); *Gillis v. Murphy-Brown, LLC*, No. 7:14-cv-185, 2018 WL 5831994, at *1–3 (E.D.N.C. Nov. 7, 2018) (same); *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545, 2004 WL 4054843, at *12–13 (M.D. Fla. July 22, 2004) (same); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) ("[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties").

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Lawsuits filed by Vivint against its competitors** | [*continued from previous page*]<br><br>**Prior acts evidence barred by Rule 404(b).** The facts, outcomes, and arguments litigated in unrelated cases cannot be used to show conduct in conformity therewith.[7] Nor can CPI use the issue of "notice" to "bootstrap in" this evidence.[8]<br><br>**Fails a Rule 403 analysis.** Prior litigation evidence is not probative and would unfairly prejudice Vivint by creating the false impression that Vivint should need to justify positions it took in prior litigation. The risk is that the jury will punish Vivint for conduct for which it is not on trial.[9] It would also inappropriately create the need "to conduct a mini trial on the [other] matter."[10] |

---

[7] *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (excluding evidence as irrelevant under Rules 401 and 402 and inadmissible under Rule 404(b)); *see also, e.g.*, *Owens, II v. Garcia*, No. 17-cvs-1776, 2020 WL 3892183, at *4 (N.C. Super. March 12, 2020) (excluding defendants' other litigation as irrelevant and impermissible character evidence); *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (upholding exclusion of other litigation under Rule 404(b) because the danger of confusing issues, misleading jury, and substantial prejudice outweighed probative value); *Outley v. City of New York*, 837 F.2d 587, 592–93 (2nd Cir. 1988) (excluding prior litigation under Rule 404(b) because "[l]itigiousness is the sort of character trait with which Rule 404(b) is concerned," and other lawsuits "would undoubtedly cause the jury to question the validity of [the parties'] current claims").

[8] *Gillis*, 2018 WL 5831994, at *2.

[9] *Grant Thornton, LLP v. Fed. Dep. Ins. Corp.*, No. 1:00-cv-655, 2007 WL 518421, at *1 (S.D. W. Va. Feb. 13, 2007); *Gillis*, 2018 WL 5831994, at *2; *Hill*, 322 F.3d at 306; *Tyree*, 2014 WL 5445769, at *8.

[10] *United States v. Lindberg*, 476 F. Supp. 3d 240, 269 (W.D.N.C. 2020) (excluding other litigation to avoid having "to conduct a mini trial on the [other] matter"); *see also Gillis*, 2018 WL 5831994, at *2–3 ("[Defendant] would have to be given an opportunity to respond to the allegations" regarding other litigation which would "substantially broaden this litigation resulting in the undue consumption of time on a completely collateral matter").

| EVIDENCE | REASONS FOR EXCLUSION |
| --- | --- |
| **Other lawsuits and proceedings against Vivint**<br><br>Examples:<br><br>Doc. 81-1 at 15–22, 32–55. | **Irrelevant under Rule 402.** This evidence is irrelevant because proceedings between *different* parties under *different* circumstances in *different* jurisdictions lack sufficient probative value.<br><br>**Prior-acts evidence barred by Rule 404(b).** This evidence is inadmissible for the same reason that Vivint's lawsuits against competitors are inadmissible: The facts, outcomes, and arguments litigated in unrelated cases cannot be used to show conduct in conformity therewith. *Supra* at 5.<br><br>**Hearsay under Rule 801(c).** This evidence is hearsay for the same reasons Vivint's lawsuits against competitors are hearsay. *Supra* at 4.<br><br>**Fails a Rule 403 analysis.** This evidence fails a Rule 403 analysis for the same reasons as Vivint's lawsuits against competitors.[11] *Supra* at 5. |

---

[11] *See also, e.g., Miller*, 2004 WL 4054843, at *9–10 (excluding depositions in prior lawsuit as hearsay); *Sutphin,* 2020 WL 5079170, at *9 (excluding "other lawsuits and the factual allegations therein" under Rule 403); *Apex Custom Homes, L.L.C. v. O'Kelley*, 671 F. App'x 134, 135 (4th Cir. 2016) (unpublished) (affirming exclusion of regulatory proceeding involving dispute between plaintiff and unrelated party under Rule 403).

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Customer complaints to third parties**<br><br>Examples:<br><br>Doc. 81-7 at 5–8. | **Hearsay under Rule 801(c).** Consumer complaints about Vivint to the Better Business Bureau, state attorneys general, or other regulatory agencies is hearsay for the same reasons that customer complaints to the parties constitute hearsay.[12] *Supra* at 3.<br><br>**Fails a Rule 403 analysis.** These complaints: (1) were made out-of-court without the right to cross-examine; (2) are inherently unreliable, after-the-fact statements by consumers motivated to misreport the facts and coached by CPI to lodge complaints (Exs. 3, 5–6); (3) create a substantial risk of misleading the jury, particularly where CPI has minimal actual evidence of its customers being misled; and (4) will prolong trial on extraneous issues.[13] |

---

[12] *See also Miller*, 2004 WL 4054843, at *10 (depositions from prior lawsuit are hearsay).

[13] *See, e.g.*, *United States v. Nwaigwe*, 225 F.3d 656, 2000 WL 1087254, at *3 (4th Cir. 2000) (per curiam) (unpublished) (affirming exclusion of BBB materials as hearsay and citing lack of cross examination); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (excluding findings of fact from separate case as hearsay and under Rule 403 where findings were "likely be given undue weight by the jury"); *Whirley v. Kawasaki Motor Corp. USA*, No. 1:04-cv-1145, 2007 WL 9706880, at *2 (W.D. Tenn. Nov. 14, 2007) (excluding Consumer Product Safety Commission's investigatory reports concerning defective products at issue because "jury may have been influenced by the official character of the report to afford it greater weight than it was worth"); *Waconda v. United States*, No. CIV 06-0101, 2007 WL 2461624, at *6 (D.N.M. May 31, 2007) ("[E]vidence related to the other case against Dr. Bair would be highly prejudicial and has little probative value … other than to suggest Dr. Bair has a propensity for negligence."); *Harris v. Miss. Transp. Comm'n*, No. 3:07-cv-366, 2008 WL 5427795, at *2 (S.D. Miss. Dec. 30, 2008) (excluding EEOC determination letter because it "could invade the province of the jury to determine from the evidence whether discrimination was proven" and "confuse or mislead the jury"), *aff'd*, 329 Fed. Appx. 550 (5th Cir. 2009); Wright & Miller, *Confusion of Issues—Application*, 22A Fed. Prac. & Proc. Evid. § 5216.1 (2d ed.) (urging courts to "consider the bulk of the proffered evidence" under Rule 403 because "the more evidence the proponent offers, the more potential inferences it will provide the jury to wander along").

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Undisclosed damages or computations**<br><br>Examples:<br><br>Exhibits 10–13. | **Prohibited under Rule 26(a)(1), Rule 37(c)(1), and CMO ¶ 1(d).**<br><br>Rule 26(a)(1)(A)(iii) requires a plaintiff to disclose "a computation of each category of damages" it seeks. This Rule requires not only "specific dollar amounts" for each category of damages, but also "specific damages computations" with "an analysis of the damages sought as to each claim," showing "how the relevant facts lead to that dollar figure" in a manner "supported by documentary evidence."[14] The failure to disclose damages calculations bars the pursuit of those damages at trial "unless the failure was substantially justified or is harmless."[15] *See* Fed. R. Civ. P. 37(c)(1); CMO (Doc. 35) ¶ 1(d) (providing additional warnings).<br><br>Despite repeated requests, CPI only disclosed a damages computation for a remedial information campaign. CPI never disclosed a computation—or a *dollar amount*—for any other category of damages it now seeks: "lost and disrupted customers," "costs incurred to respond to" alleged deceptive practices, or "disgorgement of Vivint's profits." Doc. 81 at 10.[16]<br><br>Accordingly, except for the alleged cost of a remedial information campaign, any evidence or argument from CPI about undisclosed damages or computations would be highly prejudicial to Vivint and should be excluded. |

---

[14] *Liberty Ins. Underwriters, Inc. v. Beaufurn, LLC*, No. 1:16-cv-1377, 2021 WL 2109479, at *5 (M.D.N.C. May 25, 2021); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1–10 (E.D.N.C. May 7, 2012).

[15] *Nelson-Salabes, Inc. v. Morningside Dev.*, 284 F.3d 505, 512 n.10 (4th Cir. 2002) (damages not properly disclosed were properly excluded); *Silicon Knights, Inc.*, 2012 WL 1596722, at *9 (same); *Beaufurn, LLC*, 2021 WL 2109479, at *5 (same).

[16] Doc. 81-6 at 10–13 (Interrog. Nos. 15–17) (requesting "detailed calculation, by cause of action, all damages" claimed and "valuations" of specific types of damages, including "processes, methodologies, and calculations that CPI employs to value" such damages); Exhibits 14–15 (Vivint's letters to CPI demanding damages computations); *see also* Exhibit 13 at 5 (CPI declining to disclose and stating it "continues to require[ ] additional discovery and expert assistance to fix [its damages computations] with greater certainty").

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Damages estimates or arguments based on inadmissible evidence and "tip of the iceberg" arguments**<br><br>Examples:<br><br>Exhibits 10–12. | **The Court correctly excluded CPI's expert, Professor Mangum**<br>CPI sought to use Mangum to quantify its damages through a "tip of the iceberg" theory. CPI should not be permitted to circumvent the Court's ruling (Doc. 115) by otherwise presenting Mangum's theory to the jury.<br><br>**Hearsay under Rule 801(c).** CPI's "tip of the iceberg" damage theories are premised solely on what CPI claims are hundreds of "other incidents" with *non-testifying* individuals, and even "unreported" incidents CPI's expert believes *might* have occurred.[17]<br><br>[*continued on next page*] |

---

[17] *Supra* at 3, 5–7; *see also California v. Green*, 399 U.S. 149, 158 (1970) (describing cross-examination as "greatest legal engine ever invented for the discovery of truth").

| EVIDENCE | REASONS FOR EXCLUSION |
|---|---|
| **Damages estimates or arguments based on inadmissible evidence and "tip of the iceberg" arguments**<br><br>Examples:<br><br>Exhibits 10–12. | [*continued from previous page*]<br><br>**Fails a Rule 403 analysis.** Argument that any alleged misconduct is the "tip of the iceberg" should be excluded because it: (1) lacks probative value and is contrary to CPI's obligation to prove each instance of liability, causation, and damages to a reasonable degree of certainty;[18] (2) invites jury speculation in that it is neither (i) based on a reliable expert methodology nor (ii) based on the facts alleged in the pleadings and proven by *admissible evidence*;[19] and (3) creates substantial dangers of unfair prejudice to Vivint, confusion of the issues, and misleading the jury.[20] |

---

[18] *Olivetti Corp. v. Ames Business Systems, Inc.*, 319 N.C. 534, 547–48, 356 S.E.2d 578, 586 (1987) (damages must be "based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty"); *Lord of Shalford v. Shelley's Jewelry, Inc.*, 127 F. Supp. 2d 779, 788 (W.D.N.C. 2000) (same), *aff'd*, 18 F. App'x 147 (4th Cir. 2001); *Earhart v. Countrywide Bank, FSB*, No. 3:08-cv-238-RJC, 2009 WL 500838, at *6–7 (W.D.N.C. Feb. 25, 2009) (damages must be supported by admissible evidence); *see also, e.g.*, *Tony Guiffre Distrib. Co., Inc. v. Washington Metro. Area Transit Auth.*, 740 F.2d 295, 297 (4th Cir. 1984) ("[U]ncertain, speculative measure of [the plaintiff's] damages" properly excluded because "marginal relevance" substantially outweighed by "likelihood that it would mislead the jury"); *Bullard v. Ross*, 205 N.C. 495, 171 S.E. 789 (1933) (speculative and conjectural damages properly excluded).

[19] *Reich v. S. Maryland Hosp., Inc.*, 43 F.3d 949, 951 (4th Cir. 1995) (extrapolated damages model properly excluded because of insufficient sample size of actual testimony); *Best v. Time Warner Inc.*, No. 5:11-CV-00104-RLV-DSC, 2013 WL 66265, at *5 (W.D.N.C. Jan. 4, 2013) (damages extrapolation too speculative where "Plaintiff relies on this extrapolation not only to proffer a measure of damages in other years but also to establish the *fact* of damages in other years"); *Pharmanetics, Inc. v. Aventis Pharm., Inc.*, No. 5:03-CV-817-FL(2), 2005 WL 6000369, at *11–12 (E.D.N.C. May 4, 2005) (excluding expert's extrapolated damages models as unreliable), *aff'd*, 182 F. App'x 267 (4th Cir. 2006); *Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp.*, 407 F. Supp. 2d 1304, 1315 (S.D. Fla. 2005) (fraud in nine customer solicitations did not allow inference that other customers were also victims because there was "little indication" the fraud was "necessarily a part of each … solicitation"), *aff'd in part, vacated in part, remanded on other grounds*, 531 F.3d 1339 (11th Cir. 2008).

[20] *Tony Guiffre Distrib. Co., Inc.*, 740 F.2d at 297 (affirming exclusion of "uncertain, speculative measure of [the plaintiff's] damages" because "marginal relevance" substantially outweighed by danger of confusion); *United States v. Rand*, No. 3:10-CR-182, 2011 WL 4914962, at *5 (W.D.N.C. Oct. 17, 2011) (excluding evidence of financial harm with "slight connection" to allegations because probative value substantially outweighed by danger of confusion).

## CONCLUSION

For the reasons above, the following inadmissible evidence should be excluded at trial:

(1) customer complaints to the parties in the form of audio recordings and customer account notes;

(2) lawsuits filed by Vivint against its competitors;

(3) other lawsuits or proceedings against Vivint;

(4) customer complaints to third parties;

(5) evidence about damages for which CPI never disclosed amounts or computations; and

(6) damages estimates or arguments based on inadmissible evidence and "tip of the iceberg" arguments.

Respectfully submitted the 18th day of January, 2022.

**GREENBERG TRAURIG, LLP**

By: s/ Michael N. Kreitzer
Michael N. Kreitzer
Florida Bar No.
705561kreitzerm@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500

Gregory W. Herbert
Florida Bar No. 111510
herbertg@gtlaw.com
Joshua R. Brown
Florida Bar No. 826391
brownjr@gtlaw.com
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000

**Counsel for Defendants**

**CLYDE SNOW & SESSIONS, P.C.**

By: s/ Matthew A. Steward
Matthew A. Steward
Utah Bar No. 7637
mas@clydesnow.com
Shannon K. Zollinger
Utah Bar No. 12724
skz@clydesnow.com
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, UT 84111-2216
Telephone: (801) 322-2516

**Counsel for Defendants**

**POYNER SPRUILL LLP**

By: s/ Andrew H. Erteschik
Andrew H. Erteschik
N.C. State Bar No. 35269
aerteschik@poynerspruill.com
John M. Durnovich
N.C. State Bar No. 47715
jdurnovich@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: (919) 783-2895

**Local Counsel for Defendants**

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with the word-limit requirements set forth in paragraph 3(c)(i) of the Case Management Order (Doc. 35) and the Court's January 14, 2022 order (Doc. 115).

This the 18th day of January, 2022.

s/ Andrew H. Erteschik  
Andrew H. Erteschik

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

This the 18th day of January, 2022.

s/ Andrew H. Erteschik<br>
Andrew H. Erteschik