EXHIBIT 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:20-CV-00504-FDW-DSC

CPI Security Systems, Inc.,

    Plaintiff,

        v.

Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp.; and Legacy Vivint Smart Home, Inc. f/k/a Vivint Smart Home, Inc.,

    Defendants.

**PLAINTIFF CPI SECURITY SYSTEMS, INC.'S SECOND SUPPLEMENTAL RULE 26(a)(1) DISCLOSURE**

Plaintiff CPI Security Systems, Inc. ("CPI") hereby serves its second supplemental disclosure pursuant to Rule 26(a)(1)(A) and (e)(1)(A) of the Federal Rules of Civil Procedure. The information disclosed herein is in addition to the information included in all prior Rule 26 disclosures and supplemental disclosures previously served by CPI and is not intended to replace the information provided in such prior disclosures. The information in this disclosure is provided subject to the Protective Order governing this matter. All information should be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**I.**     **Individuals Likely to Have Discoverable Information – F.R.C.P. 26(a)(1)(A)(i)**

1. Current and former employees of Vivint who have already provided deposition testimony in this matter, or who have been noticed for deposition in this matter, including John Taylor, Jared Young, Mark Fransen, Cheyenne Thatcher, Scott Brown, Scott Bell, and Hari Rasolo.

2. Jordan Binning, former sales person for Vivint, 6274 W Grant Circle, Highland UT, 84003. Mr. Binning has knowledge relating to Defendants' sales practices and practices relating to disciplining and terminating Vivint's sales representatives.

3. Eric Schachner, Chief Financial Officer of CPI Security Systems, Inc., c/o Shook, Hardy & Bacon L.L.P., 2555 Grand Boulevard, Kansas City, Missouri 64108. Mr. Schachner may have information related to CPI's damages and customers identified through Vivint's supplemental document productions to CPI's discovery requests.

4. Kerr Putney, Chief Community and Government Relations Officer of CPI Security Systems, Inc., c/o Shook, Hardy & Bacon L.L.P., 2555 Grand Boulevard, Kansas City, Missouri 64108. Mr. Putney may have information related to CPI's community relations and engagement, including but not limited to issues raised by Vivint's counsel in questioning of fact witnesses at deposition that are not raised by and beyond the pleadings in this matter, as well as Vivint's sales conduct and CPI's claims in this suit.

5. Chris Doyle, (new) Chief Marketing Officer of CPI Security Systems, Inc., c/o Shook, Hardy & Bacon L.L.P., 2555 Grand Boulevard, Kansas City, Missouri 64108. Mr. Doyle has replaced previously-disclosed CPI Chief Marketing Officer Dave Kozak. As previously disclosed with regard to Mr. Kozak, Mr. Doyle may have information related to deceptive sales practices complaints about Vivint and/or damages related to those complaints. Mr. Doyle may also have information related to CPI's trademarks.

6. Matt Kurtz, former CPI employee, current address unknown. Mr. Kurtz has information regarding Vivint sales practices, including but not limited to video evidence of a Vivint sales pitch to Mr. Kurtz during the relevant timeframe.

7. CPI Customer Cornelia Johnson, 4267 Valley Crest Drive, Columbus, GA 31907. Mrs. Johnson had a recent interaction with a Vivint sales representative and has information relating to Vivint's sales practices as alleged in the Amended Complaint. Because Mrs. Johnson's incident only recently occurred and was just reported to CPI, CPI anticipates taking her deposition at some point following the August 31, 2021 discovery cutoff prior to trial. Mrs. Johnson's testimony is also relevant to the issue of Vivint's ongoing sales conduct, intent, and punitive damages.

8. Customers of other alarm companies who have provided sworn testimony regarding their sales interactions with Defendants. These customers previously provided deposition testimony against Defendants in cases styled as *ADT LLC and The ADT Security Corporation v. Vivint Smart Home, Inc. et al.*, Case No. 1:20-cv-23391-MGC (S.D. Fla.) and *ADT LLC* and *ADT US Holdings, Inc. v. Vivint, Inc.*, Case No. 9:17-cv-80432-DMM (S.D. Fla.). During discovery, Defendants have indicated that it is their position that the sales practices at issue are not widespread and instead are the result of limited "bad apple" or "rogue" sales people and that the conduct is limited in geographic scope and number. These customers will provide testimony as to their own respective encounters with Defendants' sales people and will rebut Defendants' claims that the conduct is not geographically widespread and is limited to only a few sales people. In addition, these customers' testimony is relevant to the issue of Defendants' sales representatives' intent and to the related issue of punitive damages. Finally, these customers' testimony is relevant to rebut Defendants' defenses imposed in this case as to the issue of actual confusion under the Lanham Act and the appropriateness of a corrective marketing remedy. These customers, whose testimony CPI will provide via deposition designation, include the following:

**Customer Witnesses in *ADT LLC* and *ADT US Holdings, Inc. v. Vivint, Inc.*, Case No. 9:17-cv-80432-DMM (S.D. Fla.)**

i. **Ivan Liechty**, 302 Londonderry Ct., Greer, South Carolina 29650

ii. **Willie Borne**, 135 Saint Charles Bypass Rd., Thibodaux, Louisiana 70301

iii. **Sara Devoli**, 3117 Hull St., Portsmouth, Virginia 23704

iv. **Elnora Bronson**, 1409 Rockledge Dr., Junction City, Kansas 66440

v. **Jerry Bronson**, 1409 Rockledge Dr., Junction City, Kansas 66440

vi. **Sammy Pugh**, 2108 Bloomsbury Rd., Greensville, North Carolina 27585

vii. **Karen Scoville**, 8381 Ascolano Ave., Fair Oaks, California 95628

viii. **Le Arnold**, 19527 E. Iowa Cir., Aurora, Colorado 80017

ix. **James Teems**, 307 Greenmeadow Court, Colonial Heights, Virginia 23834

x. **Lillian Toppins**, 1928 Maple Ave., Portsmouth, Virginia 23704

xi. **Diana Reeder**, 1405 Hunter Drive Lake, Charles, Louisiana 33784

xii. **Trish Henry**, 122 Bluegrass Creek Rd., Youngsville, Louisiana 70592

xiii. **James Harris**, 703 Larry St. San Antonio, Texas 78202

xiv. **Karen Harris**, 1122 W. Ashby Place, San Antonio, Texas 78201

xv. **Bethaney Wilkins**, 4445 Crow Creek Dr., Colorado Springs, Colorado 80922

xvi. **Dorothy Weston**, 134 Riverwood Park Dr., Florissant, Missouri 63031

xvii. **James Jolley**, 2759 Artic St., Las Vegas, Nevada 89121

xviii. **Tena Jolley**, 2759 Artic St., Las Vegas, Nevada 89121

xix. **Brian Delaney**, 25615 Pine Acres Circle, Spring, Texas 77380

xx. **Lucille Billingsley-Brown**, 3120 Belmont Street, North Las Vegas, Nevada 89030

xxi. **Kenny Tipler**, 1024 W. Pontoon Rd., Granite City, Illinois 62040

xxii. **Rick Donaldson**, 329 Lenox Avenue, Granite City, Illinois 62040

**Customer Witnesses to date in *ADT LLC and The ADT Security Corporation v. Vivint Smart Home, Inc. et al.*, Case No. 1:20-cv-23391-MGC (S.D. Fla.)**

      i. **Ko-Chin Chang**, 4 Bookham Court, Gaithersburg, MD 20877

      ii. **Randall Koehn**, 2370 Deet Trail Creek Drive, Brighton, CO 80601

      iii. **Juan and Paula Rubio**, 608 Brightwood, Bakersfield, CA 93314

      iv. **Latoya (Miriam) Ssali**, 3994 Tyne Ct, College Park, GA 30349

      v. **Caren Haught**, 728 Charles Avenue, Barberton, OH 44203

## II. <u>Documents CPI May Use to Support Its Claims – F.R.C.P. 26(a)(1)(A)(ii)</u>

In addition to the documents previously identified by CPI, CPI may use any of the following to support its claims:

1. Documents produced by Vivint in *ADT LLC and ADT US Holdings, Inc. v. Vivint, Inc.*, Case No. 9:17-cv-80432-DMM (S.D. Fla.).

2. Documents produced by Vivint in *ADT LLC and The ADT Security Corporation v. Vivint Smart Home, Inc. et al.*, Case No. 1:20-cv-23391-MGC (S.D. Fla.)

3. Documents produced in response to any subpoena issued by CPI in this matter.

4. Documents produced by any third party in response to any subpoenas issued in *ADT LLC and The ADT Security Corporation v. Vivint Smart Home, Inc. et al.*, Case No. 1:20-cv-23391-MGC (S.D. Fla.).

5. Documents introduced or referenced at any deposition in this matter.

6. Video clips of Vivint sales pitch in the possession and control of Matt Kurtz, former CPI employee, current address unknown.

### III.     Computation of Damages – F.R.C.P. 26(a)(1)(A)(iii)

CPI will seek the damages set forth in CPI's original initial disclosures and operative complaint. As stated in CPI's original disclosures, computation of such damages required (and continues to require) additional discovery and expert assistance to fix with greater certainty. The following discussion represents CPI's best efforts to estimate its losses based on its current knowledge through the present state of discovery. CPI notes that it has provided Vivint numerous extensions of time to produce documents and information on which these supplemental damages disclosures are based. CPI granted such extensions expressly subject to CPI's right to any other extensions that may be required in light of providing Defendants additional time to make their productions. CPI continues to review such records and will update these disclosures as the case progresses. However, in light of the numerous extensions consented to by CPI for Vivint to complete its productions, and Defendants' late productions long after CPI had served its discovery requests, CPI reserves the right to revise these numbers as it acquires more knowledge through the date of trial.

In addition to the categories and damages previously disclosed in CPI's initial disclosures, CPI discloses the following damages:

Compensatory Damages – Lost and Disrupted Customers

*Incidents of CPI Customer Complaints to Vivint About False, Deceptive or Misleading Sales Practices by Vivint Sales Representatives*. As pled in CPI's complaint and as stated in CPI's initial disclosures, there are numerous CPI customers who were victims of false, misleading and deceptive sales practices by Defendants' sales persons who either (1) never complained to any entity or (2) complained to Vivint about such practices but not to CPI. During discovery, CPI has sought information from Vivint about individuals who complained to Vivint

about false, misleading and deceptive sales practices by Defendants' sales persons when such individuals were CPI customers at the time of the interaction with Defendants' sales agents. CPI claims damages under any and all of its claims pleaded in connection with such interactions, including CPI's claims for unfair competition in violation of the Lanham Act (Count I); common law unfair competition (Count II); violation of the North Carolina Unfair and Deceptive Trade Practices Act (Count III); trade slander/commercial disparagement (Count IV); and tortious interference with business relationships (Count V). CPI also seeks punitive damages based on such incidents. In response to CPI's numerous discovery requests, and following numerous extensions of time granted by CPI for Vivint to comply with this Court's orders on CPI's discovery requests, Vivint has produced voluminous documents identifying CPI customers who complained to Vivint about Vivint's sales practices in violation of the law and in support of CPI's various claims. CPI is still in the process of reviewing and understanding the information included in such voluminous documents. However, based on its current knowledge and review of Defendants' productions, CPI believes that there are an additional 500-800 incidents of false, misleading and deceptive sales practices by Vivint's sales representatives against CPI customers that were reported to Vivint during the relevant timeframe and which support one or more of CPI's five causes of action. Based on the records produced by Vivint, CPI is informed and believed a majority of these incidents resulted in a CPI customer cancelling their service with CPI following or in conjunction with misrepresentations, lies, omissions or other misdeeds by Vivint's sales persons in violation of the law.

Because Vivint has only recently completed its production of documents in response to CPI's discovery requests relating to these topics, CPI is still in the process of attempting to quantify its damages related to these incidents. At present, CPI anticipates providing evidence

6

Case 3:20-cv-00504-FDW-DSC    Document 117-13    Filed 01/18/22    Page 6 of 11

of the average value of an alarm account for a given time period, either through lay or documentary evidence, to be multiplied by the number of confirmed incidents of false, misleading and deceptive sales practices by Defendants' sales persons. CPI also anticipates offering evidence of such value based on documents and information produced by Defendants in this suit in response to CPI's related discovery requests, as well as through testimony of Defendants' representatives, and related documents, in prior related matters involving Defendants. CPI also anticipates offering evidence that for every incident that is reported to either CPI or Vivint, there are several more that go unreported, as addressed by CPI's expert disclosures.

<u>Compensatory Damages – Cost to CPI to Respond to Vivint's Deceptive Sales Practices</u>

As pled in CPI's complaint, the constant need to assist CPI customers in fixing problems resulting from Vivint's deceptive sales conduct imposes a substantial cost on CPI to maintain and train customer service agents appropriately. In effect, CPI is forced to constantly police Vivint's salespeople because Vivint has failed to curb the conduct. Vivint is also liable for these costs and damages. It is impossible to define these costs with mathematical precision. In the past five years, CPI has spent between approximately $900,000 and $1,700,000 per year on its Customer For Life operations, which is the department responsible for responding to customer issues resulting from Vivint's deceptive sales practices. While the CFL department also spends time on other issues, responding to Vivint's deceptive sales practices consumes substantial department resources. CPI will present evidence of its yearly CFL annual costs during the relevant timeframe and will ask the jury to determine an appropriate award of damages associated with these costs.

7

Vivint's Profits

As stated in CPI's original initial disclosures, CPI also seeks disgorgement of Vivint's profits under Section 35(a) of the Lanham Act. During discovery, CPI has requested information relating to Vivint's sales and revenues in the geographic areas in dispute during the timeframe in dispute. Vivint has indicated in response to CPI's discovery requests that Vivint does not have an ability to track revenues by state, notwithstanding the testimony of former Vivint employees with personal knowledge of this topic that Vivint does have the ability to track such information. In response to follow-up discovery requests from CPI, Vivint has also otherwise refused to disclose any other revenue figures necessary for quantification of CPI's damages under Section 35(a) of the Lanham Act. As such, CPI will present evidence of Defendants' nation-wide profits related to sales of alarm accounts and home automation services during the relevant period based on publicly-available documents. *See* 15 U.S.C. § 1117(a).

Dated: August 27, 2021

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ *Charles C. Eblen*
Charles C. Eblen (Admitted *Pro Hac Vice*)
Missouri Bar No. 55166
ceblen@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

-and-

/s/ *Eric J. Hobbs*
Daniel E. Rohner (Admitted *Pro Hac Vice*)
Colorado Bar No. 27469
drohner@shb.com
Eric J. Hobbs (Admitted *Pro Hac Vice*))

Colorado Bar No. 46813
ehobbs@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, Colorado 80202
(303) 285-5300

    *-and-*

/s/ *Caroline M. Gieser*
Caroline M. Gieser
North Carolina Bar No. 51610
cgieser@shb.com
1230 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
(470) 867-6013

*Counsel for Plaintiff CPI Security Systems, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on the 27th day of August 2021, I served Plaintiff CPI Security System, Inc.'s Second Supplemental Rule 26(a)(1) Disclosures by electronic mail upon the following:

Andrew H. Erteschik
aerteschik@poynerspruill.com
Steven B. Epstein
sepstein@poynerspruill.com
N. Cosmo Zinkow
nzinkow@poynerspruill.com
POYNER SPRUILL LLP
P.O. Box 1801
Raleigh, North Carolina 27602-1801
(919) 783-6400
    -and-
J.M. Durnovich
jdurnovich@poynerspruill.com
POYNER SPRUILL LLP
301 S. College Street
Suite 2900
Charlotte, North Carolina 28202
(704) 342-5250
    -and-
Gregory W. Herbert (admitted *pro hac vice*)
herbertg@gtlaw.com
castrop@gtlaw.com
Michael N. Kreitzer (admitted *pro hac vice*)
kreitzerm@gtlaw.com
belloy@gtlaw.com
Joshua R. Brown (admitted *pro hac vice*)
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
(407) 420-1000
    -and-
Michael N. Kreitzer (admitted *pro hac vice*)
kreitzerm@gtlaw.com
belloy@gtlaw.com
Jared R. Kessler (admitted *pro hac vice*)
kesslerj@gtlaw.com
cruzm@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131

(305) 579-0500
  -and-
Matthew A. Steward (admitted *pro hac vice*)
mas@clydesnow.com
Shannon K. Zollinger (admitted *pro hac vice*)
skz@clydesnow.com
CLYDE SNOW & SESSIONS
201 S. Main Street, Suite 1300
Salt Lake City, Utah 84111
(801) 322-2516

*Counsel for Defendants*


            */s/ Lisa Loveless*
            Lisa Loveless