


Gregory W. Herbert
Tel 407.418.2431
herbertg@gtlaw.com

May 5, 2021

**VIA EMAIL**
Charles C. Eblen, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
ceblen@shb.com

Re: *CPI Security Systems, Inc. v. Vivint Smart Home, Inc.* – Deficiencies in CPI's Response to Vivint's First Set of Discovery Requests

Dear Charlie:

We write to address deficiencies in Plaintiff's response to Defendants' First Set of Discovery Requests to Plaintiffs served February 25, 2021 (the "Requests").

Plaintiff CPI Security Systems, Inc. is referred to below as "CPI" and Defendants Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp. and Legacy Vivint Smart Home, Inc. f/k/a Vivint Smart Home, Inc. are collectively referred to below as "Vivint." Nevertheless, please clarify any distinction between these parties needed in response to the Requests.

Applicable to all of Vivint's Requests, to the extent CPI is withholding any privileged documents or information responsive to Vivint's requests, please immediately produce a privilege log. Moreover, over 60 days have passed since Vivint served its Requests. Yet, CPI has not yet produced a single document in this case. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce the documents it has agreed to produce.

**CPI's Responses to Vivint's Interrogatories**

With respect to Interrogatory 1, Vivint seeks information in CPI's possession, custody, or control which forms the basis for CPI's allegations in the lawsuit and should have been produced in CPI's initial disclosures. Please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

{01866916-1 }Greenberg Traurig, P.A. | Attorneys at Law

450 South Orange Avenue, Suite 650 | Orlando, Florida 32801 | T +1 407.420.1000 | F +1 407.420.5909

Albany. Amsterdam. Atlanta. Austin. Berlin˜. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City.⁺ Miami. Milan.» Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul.∞ Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv.^ Tokyo¦. Warsaw.˜ Washington, D.C. West Palm Beach. Westchester County.

Operates as: ˜Greenberg Traurig Germany, LLP; *A separate UK registered legal entity; ʹGreenberg Traurig, S.C.; ᵇGreenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

With respect to Interrogatory 2, Vivint seeks information in CPI's possession, custody, or control which forms the basis for CPI's allegations in the lawsuit and should have been produced in CPI's initial disclosures. Please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 3, to the extent some of the requested information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). The list of Customers CPI or its attorneys have "contacted and/or communicated with regarding Vivint's conduct alleged in the Complaint" is directly relevant to CPI's claims and will almost certainly lead to the discovery of relevant witnesses. Currently, CPI and its attorneys are the only possible source of this information as they are the only persons who know whom they contacted regarding Vivint's conduct. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 4, Vivint merely seeks to know "any and all Cancelled Account for which [CPI] seek[s] relief in this Lawsuit." Expert analysis and opinion is not required to provide this information. Please answer this question based on CPI's current knowledge and understanding of its claims. To the extent some of the requested information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

With respect to Interrogatory 5, the list of Defendants' current or former employees CPI or its attorneys have "contacted and/or communicated with regarding this Lawsuit" is directly relevant to CPI's claims and will almost certainly lead to the discovery of relevant witnesses. Currently, CPI and its attorneys are the only possible source of this information as they are the only persons who know whom they contacted regarding this Lawsuit. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 6, the list of third-party persons CPI or its attorneys have "contacted and/or communicated with regarding this Lawsuit" is directly relevant to CPI's claims and will almost certainly lead to the discovery of relevant witnesses. Currently, CPI and its attorneys are the only possible source of this information as they are the only persons who know whom they contacted regarding this Lawsuit. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 7, please provide all responsive information in CPI's possession, custody, or control regarding "all complaints, investigations, or inquires" regardless of whether that information is also in the possession, custody, or control of any non-party. In the context of CPI's allegations of misrepresentation by Vivint's agents, it is highly probative to understand how CPI or its agents may have acted to retain customers. Such acts by CPI may have decreased the likelihood of any customer confusion. In addition, documents and communications responsive to this request are also relevant to Vivint's counterclaims in this case including claims related to

deceptive sales tactics employed by CPI and its agents. Moreover, to the extent some of the requested information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 8, to clarify, Vivint merely seeks to understand what "acts, omissions or conduct" CPI is complaining about in this action. Please describe in detail each such act, omission or conduct of Vivint providing all responsive, non-privileged information in CPI's possession, custody, or control regardless of whether that information is also in the possession, custody, or control of any non-party. To the extent some of this information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Please also clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 9, please "describe in detail any and all complaints, investigations or inquiries that you have received or were notified of" providing all responsive, non-privileged information in CPI's possession, custody, or control regardless of whether that information is also in the possession, custody, or control of any non-party. To the extent some of this information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Please also clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 10, for each named individual please provide their title and current or former relationship to CPI. To the extent some of this information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Further, pursuant to F.R.C.P. 33(d)(1), please indicate whether CPI has produced these business records. If not, please let us know when CPI will produce these business records. If so, please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatories 11 and 12, please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

With respect to Interrogatory 13, to the extent CPI intends to respond by producing business records pursuant to F.R.C.P. 33(d), please let us know when CPI will produce these records. Otherwise, please provide Plaintiff's sworn, narrative response. In the context of CPI's allegations of misrepresentation by Vivint's agents, it is highly probative to understand how CPI or its agents may have acted to retain customers. Such acts by CPI may have decreased the likelihood of any customer confusion. In addition, documents and communications responsive to this request are also relevant to Vivint's counterclaims in this case including claims related to deceptive sales

{01866916-1} Greenberg Traurig, P.A. | Attorneys at Law
www.gtlaw.com
Case 3:20-cv-00504-FDW-DSC   Document 117-14   Filed 01/18/22   Page 3 of 11

tactics employed by CPI and its agents. Further, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

To clarify, Interrogatory 14 merely seeks information regarding media, publications, or other advertisements CPI has distributed to third parties that communicate allegations similar to those described in its complaint. Please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Further, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

Part of Interrogatory 15 merely seeks to know "by cause of action" what damages CPI claims in this lawsuit. Expert analysis and opinion is not required to provide this information. Please answer this question based on CPI's current knowledge and understanding of its claims. If appropriate, additional information may be added later pursuant to F.R.C.P. 26(e). Further, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

Similarly, part of Interrogatory 16 merely seeks to know "all valuations" CPI has done for "the Cancelled Accounts." Expert analysis and opinion is not required to provide this information. Please answer this question based on CPI's current knowledge and understanding of its claims. If appropriate, additional information may be added later pursuant to F.R.C.P. 26(e). Further, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

Interrogatory 17 merely seeks to know what lost revenues and/or profits CPI claims it has lost on each Cancelled Account. Please answer this question based on CPI's current knowledge and understanding of its claims. Expert analysis and opinion is not required to provide this information. If appropriate, additional information may be added later pursuant to F.R.C.P. 26(e). Further, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

With respect to Interrogatory 18, please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

To clarify, Interrogatory 19 merely seeks to identify any "complaints, inquires or investigations" CPI has been involved in in any way. Please identify all such "complaints, inquires or investigations" CPI is aware of, regardless of whether that information is also in the possession, custody, or control of Vivint or any non-party. Moreover, to the extent some of the requested information could be derived from the documents referenced in CPI's response, "the burden of deriving or ascertaining the answer" will be substantially greater for Vivint. F.R.C.P. 33(d). Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

To clarify, Interrogatory 20 merely seeks a list of persons CPI has communicated with concerning any "complaints, inquires or investigations" made against Vivint to "governmental and/or

regulatory agencies including but not limited to the North Carolina Alarm Systems Licensing board, the Better Business Bureau ("BBB"), attorney general's office, from 2016 to the present." Vivint seeks information in CPI's possession, custody, or control regardless of whether such information is also in the possession of any non-party. CPI and its employees are the only possible source of this information as they are the only persons who know whom they contacted regarding such "complaints, inquires or investigations." The fact that some information may be lost does not excuse CPI from conducting a reasonable investigation and interviewing employees likely to have recollections regarding such communications. Finally, please clarify whether CPI is withholding any information other than on the basis of privilege; and please immediately provide a privilege log.

With respect to Interrogatory 21, please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

To clarify, Interrogatory 22 merely seeks to know the various "mediums through which" CPI has communicated with third parties regarding Vivint including "for each medium" the geographic area(s) and persons receiving such materials. Please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

To clarify, Interrogatory 23 merely seeks to know the names and titles of each CPI employee responsible for reviewing or responding to communications to or from the referenced email account. Please let us know when CPI will produce the referenced business records pursuant to F.R.C.P. 33(d). Once produced, pursuant to F.R.C.P. 33(d)(1), please specify the Bates ranges of the business records. Finally, please clarify whether CPI is withholding any information based on its "General Objections" or any other objection.

**CPI's Responses to Vivint's Requests for Production**

CPI states no specific objection in response to Request 1. Please confirm that CPI is not withholding any documents on the basis of any of its "General Objections" or any other objection. Please confirm that CPI will produce documents responsive to the full scope of Vivint's request. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 2, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Vivint seeks all responsive documents in CPI's possession, custody, or control regardless of whether additional documents may be in the possession, custody, or control of Vivint or any non-party. Will CPI agree to produce all responsive documents in its possession, custody, or control for each Customer it has identified at present? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. If appropriate, additional documents may be produced later pursuant to F.R.C.P. 26(e). Finally, please clarify

{01866916-1} Greenberg Traurig, P.A. | Attorneys at Law
Case 3:20-cv-00504-FDW-DSC   Document 117-14   Filed 01/18/22   Page 5 of 11
www.gtlaw.com

whether CPI plans to withhold any documents other than on the basis of privilege; and please immediately provide a privilege log.

To clarify, Request 3 merely seeks affidavits, declarations, or statements made by each Customer. Will CPI agree to produce "all affidavits, declarations, and/or statements, including signed or unsigned draft(s)" made by each Customer that are in CPI's possession, custody, or control? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. If appropriate, additional documents may be produced later pursuant to F.R.C.P. 26(e). Further, please clarify whether CPI plans to withhold any documents based on its "General Objections" or any other objection.

Request 4 does not seek CPI's experts' analysis or opinions related to CPI's claims of "lost royalties." Instead, this request seeks "documents"—here, "documents concerning" CPI's claims that it suffered "lost royalties form Vivint's unauthorized use of the CPI brand" as alleged in CPI's Complaint. Vivint defined the word "concerning" to mean "relating, referring, or pertaining to, or which is in any way logically or factually connected with, the subject matter the term precedes." Requests, at 3. CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce these documents? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Similar to Request 4, Request 5 does not seek CPI's experts' analysis or opinions. Instead, this request seeks "documents" in CPI's possession, custody, or control—here, "documents concerning [CPI's] claim to have suffered 'injuries to [CPI's] goodwill and reputation' as alleged in the Complaint." Thank you for agreeing to produce at least some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Further, please clarify whether CPI is withholding any documents based on its "General Objections" or any other objection.

To clarify, similar to Request 4 and 5, Request 6 does not seek CPI's experts' analysis or opinions. Instead, this request seeks "documents"—here, "documents concerning [CPI's] claim to have suffered 'loss of control of the use of its brand in the market' as alleged in the Complaint." Such documents would include any "consumer or market reports, surveys, studies, data analytics" or similar analyses CPI has conducted or encountered regarding "its brand." Will CPI agree to produce all such documents in its possession, custody, or control? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, similar to Request 4-6, Request 7 does not seek CPI's experts' analysis or opinions related to CPI's damage claims. Instead, these requests seek "documents"—here, "documents concerning" CPI's claims that it "suffered damages related to the 'disruption of CPI's relationships with its customers' as alleged in the Complaint." Vivint defined the word "concerning" to mean "relating, referring, or pertaining to, or which is in any way logically or factually connected with, the subject matter the term precedes." Requests, at 3. CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce these documents? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Similar to Request 4-7, Request 8 does not seek CPI's experts' analysis or opinions related to CPI's damage claims. Instead, these request seeks "documents"—here, "documents concerning any Cancelled Accounts." Vivint defined the phrase "Cancelled Accounts" to mean "the CPI Customer Account(s) CPI alleges were lost, cancelled, or terminated as a result of Vinit's alleged actions." Requests, at 2. Vivint defined the word "concerning" to mean "relating, referring, or pertaining to, or which is in any way logically or factually connected with, the subject matter the term precedes." Requests, at 3. CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce such documents? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, similar to Request 4-8, Request 9 does not seek CPI's experts' analysis or opinions related to CPI's damage claims. Instead, these requests seek "documents"—here, "documents related to [CPI's] 'costs and damages' alleged in paragraph 37 of the Complaint." CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce such documents? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Similar to Request 4, Request 10 does not seek CPI's experts' analysis or opinions. Instead, this request seeks "documents"—here, "documents and communications concerning [CPI's] allegations in paragraph 31 of the Complaint." Vivint defined the word "concerning" to mean "relating, referring, or pertaining to, or which is in any way logically or factually connected with, the subject matter the term precedes." Requests, at 3. CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce these documents? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 11, CPI's financial documents are relevant to damages available under the Lanham Act including "any damages sustained by plaintiff." 15 U.S.C. § 1117(a)(2). CPI's Complaint seeks multiple categories of damages allegedly sustained by CPI including, but not limited to: "loss of numerous customers"; "injuries to its goodwill and reputation"; "CPI's lost royalties"; "lost profits"; and "losing revenue streams that otherwise would remain with CPI." CPI's financials are directly relevant to CPI's claimed damages. For example, CPI's past revenues, royalties, and profits are relevant to evaluating whether and to what extent such revenue streams or profits were damaged by Vivint's alleged misconduct. Vivint's request is not limited to publicly available financial documents. Will CPI agree to produce audited and unaudited financial statements (including profit and loss statements, balance sheets, and cash flow statements) from 2016 to the present, in its possession, custody, or control? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Similar to Request 4-10, Request 12 does not seek CPI's experts' analysis or opinions related to CPI's damage claims. Instead, these requests seek "documents"—here, "documents concerning the number or quantity of Plaintiff's Customer Accounts, including attrition and attrition rates from 2016 through the present date." Vivint defined the word "concerning" to mean "relating, referring,

{01866916-1} Greenberg Traurig, P.A. | Attorneys at Law
www.gtlaw.com
Case 3:20-cv-00504-FDW-DSC   Document 117-14   Filed 01/18/22   Page 7 of 11

or pertaining to, or which is in any way logically or factually connected with, the subject matter the term precedes." Requests, at 3. The number of CPI's customer accounts is relevant to CPI's claims that Vivint mislead CPI's costumers. This number is particularly relevant to CPI's claims that the identified Customers are merely "the tip of the iceberg." The total number of CPI's customer accounts would be a necessary input to any attempt to speculate or opine as to the rest of the proverbial iceberg. While Vivint rejects the validity of any such analysis, if CPI's experts are going to attempt it, Vivint is entitled to the same information CPI's experts may rely on. To the extent CPI has already calculated, communicated about, or created documents related to "attrition" or "attrition rates," such documents are also relevant and responsive to this request. In addition, documents responsive to this request are also relevant to Vivint's counterclaims in this case including claims related to deceptive sales tactics employed by CPI and its agents. Will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, Request 13 seeks communications concerning complaints made by Customers to "the Better Business Bureau ('BBB'), any of the BBB affiliates, and any other organization or website concerning Vivint." Vivint only seeks by its Requests documents in CPI's possession, custody, or control. With these clarifications, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 14, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Vivint seeks all responsive documents in CPI's possession, custody, or control regardless of whether additional documents may be in the possession, custody, or control of Vivint or any non-party. To clarify, Request 14 seeks documents and communications concerning CPI's policies, procedures, and practices instituted to retain Customer Accounts. In the context of CPI's allegations of misrepresentation by Vivint's agents, it is highly probative to understand how CPI or its agents may have acted to retain customers. Such acts by CPI may have decreased the likelihood of any customer confusion. In addition, documents and communications responsive to this request are also relevant to Vivint's counterclaims in this case including claims related to deceptive sales tactics employed by CPI and its agents. With these clarifications, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 15, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Vivint seeks all responsive documents in CPI's possession, custody, or control. To clarify, Request 15 seeks "documents concerning compensation and/or incentives [CPI] offers or has offered to encourage reporting of alleged wrongful conduct by Vivint and/or other alarm service providers." These documents are relevant to Vivint's investigation of CPI's claims including, but not limited to any bias in such reporting. Please confirm that CPI is not withholding any documents on the basis of any of its "General Objections" or any other objection. Please confirm that CPI will produce documents responsive to the full scope of Vivint's request. Pursuant

{01866916-1} Greenberg Traurig, P.A. | Attorneys at Law
Case 3:20-cv-00504-FDW-DSC   Document 117-14   Filed 01/18/22   Page 8 of 11
www.gtlaw.com

to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Request 16 and 17 seek documents and communications concerning complaints, investigations, or inquiries against CPI from 2016 to the present. In the context of CPI's allegations of misrepresentation by Vivint's agents, it is highly probative to understand how CPI or its agents may have acted to obtain or retain customers. Such acts by CPI may have decreased the likelihood of any customer confusion. In addition, documents and communications responsive to these requests are also relevant to Vivint's counterclaims in this case including claims related to deceptive sales tactics employed by CPI and its agents. Vivint only seeks by its Requests documents in CPI's possession, custody, or control. Will CPI agree to produce documents and communications in its possession, custody, or control that are responsive to these requests? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 18-19 and 23, please confirm that CPI will produce documents responsive to the full scope of these requests. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Please also clarify whether CPI is withholding any documents other than on the basis of privilege; and please immediately provide a privilege log.

Request 19 seeks documents and communications concerning "any complaint, investigation or inquiry identified in response to Interrogatory No. 9." Please confirm that CPI will produce documents responsive to the full scope of Vivint's request. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Please also clarify whether CPI is withholding any documents other than on the basis of privilege; and please immediately provide a privilege log.

Similar to Request 4-10 and 12, Request 20 does not seek CPI's experts' analysis or opinions related to CPI's damage claims. Instead, these requests seek "documents" in CPI's possession, custody, or control—here, "documents concerning any valuations (including profits and revenues) and/or estimates of the value of each Cancelled Account." CPI's experts' analysis or opinions are not required to produce such documents. To the extent CPI has already generated any such valuations or estimates, such documents are also relevant and responsive to this request. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce documents responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 21, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Vivint seeks all responsive documents in CPI's possession, custody, or control. To clarify, Request 21 merely seeks documents concerning "materials … that reference Vivint" that CPI disseminated or published from 2016 to the present. With this clarification, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, Request 22 merely seeks documents and communications CPI referenced or relied on to prepare materials about Vivint it disseminated or published to others from 2016 to the present. With this clarification, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 24, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. To the extent such documents reveal CPI trade secrets, please clarify what trade secrets of CPI are at issue and why the protective order in this case is not sufficient to protect such trade secrets. Once we have had an opportunity to review your production, we will consider whether additional documents are needed.

To clarify, Request 25 seeks documents or communications concerning what is to happen (according to CPI's written training materials, policies, procedures, etc.) when "CPI receives an alert and/or notification that" hardware or software installed at a Customer's location is "tampered with and/or replaced." To the extent such documents reveal CPI trade secrets, please clarify what trade secrets of CPI are at issue and why the protective order in this case is not sufficient to protect such trade secrets. With this clarification, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, Request 26 seeks CPI's sales, customer service, and customer retention "training materials, scripts, policies, procedures" that reference Vivint. In the context of CPI's allegations of misrepresentation by Vivint's agents, it is highly probative to understand how CPI or its agents may have acted to obtain or retain customers. Such acts by CPI may have decreased the likelihood of any customer confusion. In addition, such documents are also relevant to Vivint's counterclaims in this case including claims related to deceptive sales tactics employed by CPI and its agents. In contrast, CPI fails to explain or establish how running a keyword search for the unique term "Vivint" across known repositories of such materials would be unduly burdensome to CPI. With these clarifications, will CPI agree to produce all documents responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

With respect to Request 27, thank you for agreeing to produce some responsive documents. Pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Once we have had an opportunity to review your production, we will consider whether additional documents are needed. In the meantime, please immediately produce a privilege log identifying any documents withheld on the basis of any privilege.

To clarify Request 28, paragraphs 28-30 and 32-33 of the Counterclaim each reference particular communications from CPI (or its software) to CPI customers, which reference Vivint. Request 28 seeks documents and communications in CPI's possession, custody, or control concerning any of these communications. With this clarification, will CPI agree to produce all documents in its possession, custody, or control that are responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

To clarify, Request 28 seeks documents concerning costs incurred by CPI in soliciting, creating, or generating each Cancelled Account. These documents are relevant to CPI's damages claims including, but not limited to alleged damages based on CPI's "lost profits." Vivint is not asking CPI to "discern specific costs and expenses associated" with these activities. Instead, Vivint merely asks for "documents" concerning such costs or expenses. CPI's experts' analysis or opinions are not required to produce such documents. Both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. Will CPI agree to produce documents responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

Vivint is willing to narrow the scope of Request 29 to seek only communications concerning the allegations of the Complaint, which CPI or its attorneys have had with Vivint's current or former employees from 2016 to the present. Will CPI agree to produce such communications? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents. Regardless, please immediately a privilege log.

To clarify, Request 30 seeks consumer or market surveys CPI has conducted or encountered regarding the allegations of the Complaint. Request 30 does not seek CPI's experts' analysis or opinions. Instead, these requests seek documents—here, "surveys." To the extent CPI has generated or encountered such surveys, both sides' experts should be allowed to review these documents to conduct their own analysis and reach their own conclusions. With these clarifications, will CPI agree to produce documents responsive to this request? If so, pursuant to F.R.C.P. 34(b)(2)(B), please indicate a "reasonable time" when CPI will produce these documents.

The above list of concerns is not intended to be exhaustive. As we continue to investigate, we may identify additional deficiencies. Nevertheless, please let us know when you are available for a telephone conference to discuss the Requests, including the above identified concerns.

Best regards,

*s/ Gregory W. Herbert*
Gregory W. Herbert
Shareholder

GWH:pc

cc: Jennifer Ann McLoone, Esq.
     Eric J. Hobbs, Esq.
     Eric S. Boos, Esq.
     Matthew A. Steward, Esq.
     Shannon K. Zollinger, Esq.
     Drew Erteschik, Esq.