


Joshua R. Brown
Tel 407.254.2609
brownjr@gtlaw.com

June 30, 2021

**VIA EMAIL**
Charles C. Eblen, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
ceblen@shb.com

Re: *CPI Security Systems, Inc. v. Vivint Smart Home, Inc.* – Continued Deficiencies in CPI's Response to Vivint's First Set of Discovery Requests

Dear Charlie:

We write to address continued deficiencies in Plaintiffs' responses to Defendants' First Set of Discovery Requests to Plaintiffs Served February 25, 2021 (the "Requests").

Plaintiff CPI Security Systems, Inc. is referred to below as "CPI" and Defendants Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp. and Legacy Vivint Smart Home, Inc. f/k/a Vivint Smart Home, Inc. are collectively referred to below as "Vivint." Nevertheless, please clarify any distinction between these parties needed in response to the Requests.

As you know, we identified deficiencies in CPI's responses to the Requests in a detailed letter dated May 5, 2021. Thereafter, in an attempt to resolve our concerns, we held a meet and confer call on May 20, 2021. Thank you for your supplemental responses to the Requests served on June 3, 2021; however, as detailed below, numerous issues remain with CPI's responses and production.

With respect to Interrogatory Nos. 1, 8-10, 14-15, 21, and 23 and Document Request Nos. 1, 3, 9, 18-19, and 25, CPI provided no supplemental response. The issues identified in my May 5, 2021 letter persist. Please address these issues.

With respect to Interrogatory Nos. 2, 4, 7, 11-13, and 16-20 and Document Request Nos. 5 and 11-14, 16, 24, and 26-28, we will review the promised production and revisit the issues if necessary. In the meantime, please confirm that CPI is not withholding any information other than on the basis of privilege.

Thank you for your supplemental responses to Interrogatory Nos. 3, 5, and 6 and Document Request No. 29. To alleviate CPI's concerns, as a compromise, Vivint will be satisfied with respect to each of these requests, if CPI will merely identify all persons CPI or its agents are aware of with knowledge concerning any claims or defenses asserted in this Lawsuit. Will CPI accept this compromise?

With respect to Interrogatory Nos. 2, 3, 5, 8, 9, 10, and 20 and Document Request Nos. 2 and 29, CPI has asserted attorney-client privilege and/or work-product protections. First, the privilege logs produced by CPI do not identify any documents withheld on the basis of attorney-client

privilege. Please confirm that CPI has not withheld any documents on the basis of attorney-client privilege. Second, with respect to CPI's assertion of work-product protections, the privilege logs do not provide adequate information for Vivint to evaluate CPI's assertion. A privilege log "must as to each document set forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (cleaned up). Therefore, at a minimum, and as to each document withheld, please identify the date of creation, the author, each recipient, the subject, the privilege asserted, and the discovery request to which the material is otherwise responsive.

Thank you for your supplemental response to Document Request No. 2. CPI's supplemental response indicates that it is producing certain "categories of information" from MasterMind that CPI considers "responsive to [Document Request No. 2] and remotely related to any issue in dispute in the case." Nevertheless, CPI is withholding other "categories of information" it unilaterally decided were irrelevant to this case. Relevancy is not a proper objection to this document request. Please identify all "categories of information" CPI is withholding because it does not consider the information sufficiently "related" to this case. Once such withheld "categories of information" have been sufficiently identified, Vivint will be able to ascertain whether or not it objects to CPI's refusal to produce such responsive documents in this case.

Additionally, in a footnote to CPI's supplemental response to Document Request No. 2, CPI indicates that for customer contracts predating "approximately around 2016 or 2017," CPI will only produce the first page of those contracts. CPI also offers to produce an "example" of those older contracts and indicates that the missing pages of each contract are identical. Please produce the "example" of those pages and confirm that the example is an identical representation of every contract's missing pages.

Your supplemental responses to Document Request Nos. 4 and 6 state: "CPI states it has not identified any documents responsive to this request. As stated in CPI's original response above, it is CPI's position that responding to this request will require expert analysis and opinion." Nevertheless, as detailed in my May 5, 2021 letter, Vivint's Document Request Nos. 4-10 and 12 do not seek expert analysis or opinion. Instead, these requests seek the types of documents that CPI's expert may review in reaching their opinions. Both Vivint's and CPI's experts should be allowed to review these documents. Moreover, Vivint should be allowed the opportunity to depose fact witnesses about these documents. When will CPI produce such documents?

Thank you for your supplemental response to Document Request No. 10, which seeks, among other things, "any license and/or royalty agreements between Plaintiff and any other alarm services company" or "affiliate" as referenced in paragraph 31 of the Complaint. CPI's supplemental response asserts that it has not identified any additional responsive documents to Document Request No. 10. Please confirm that CPI has no written agreements with any "affiliate" as that term is used in paragraph 31 of the Complaint.

With respect to Document Request No. 22, the fact that some responsive documents are publicly available does not excuse CPI from producing responsive documents in its possession, custody, or control. Please produce or, at a minimum, identify all responsive documents withheld on the basis of public availability.

The above list of concerns is not intended to be exhaustive. As we continue to investigate, we may identify additional deficiencies. Nevertheless, please let us know when you are available for a

telephone conference to discuss the open issues identified above.  For those issues where we have already reached an impasse, we will proceed with seeking appropriate relief from the Court.

Best regards,

*s/Joshua R. Brown*
Joshua R. Brown
Shareholder

JRB:pc

cc:     Jennifer Ann McLoone, Esq.
        Eric J. Hobbs, Esq.
        Eric S. Boos, Esq.
        Matthew A. Steward, Esq.
        Shannon K. Zollinger, Esq.
        Gregory W. Herbert, Esq.