UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00504-FDW-DSC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIVINT SMART HOME, INC. f/k/a Mosaic Acquisition Corp.; and LEGACY VIVINT SMART HOME, INC. f/k/a Vivint Smart Home, Inc., <br><br> Defendants. | **PLAINTIFF CPI SECURITY SYSTEMS, INC.'S MOTION TO QUASH THE TRIAL SUBPOENA TO ITS CEO KENNETH GILL, OR IN THE ALTERNATIVE TO COMPEL VIVINT'S CEO'S TESTIMONY** |

Plaintiff CPI Security Systems, Inc. ("CPI") respectfully moves the Court to quash Defendants' trial subpoena to CPI's CEO, Kenneth Gill, and to issue a protective order protecting Mr. Gill from appearance at trial. In the alternative, CPI moves the Court to compel Defendants' CEO David Bywater to appear at this trial during CPI's case in chief.

## INTRODUCTION

Defendants have issued a trial subpoena to CPI's Chief Executive Officer, Kenneth Gill. But during discovery, after the Parties discussed their respective CEO's giving sworn testimony in this matter and noticed depositions of the respective individuals, the Parties agreed to dispense with pursuing such testimony on the understanding that neither party's CEO would be burdened with testifying in this case. Nevertheless, Defendants now seek to force Mr. Gill to come to trial because Vivint's CEO, David Bywater, is beyond the radius contemplated by the Federal

1

Rules of Civil Procedure for service of a trial subpoena, while Mr. Gill is not. This about-face leaves CPI in the inherently unfair position of potentially having to burden its own CEO with testifying, while shielding Vivint's CEO Bywater who is far away in Utah.

Mr. Gill has no unique knowledge as to any of the claims alleged in this lawsuit, which are all centered around Defendants' deceptive sales practices, and even to the extent it could be argued he has unique information relevant to the suit there are far less burdensome alternative avenues to put on that evidence. CPI has already put forth corporate representatives to testify on all relevant topics, and CPI will be calling other representatives during this trial who are not the at the top of CPI's corporate structure. Given Mr. Gill's lack of knowledge relevant to this case, and given the agreement between the Parties, it is clear that the purpose of this trial subpoena is to simply harass Mr. Gill and in an 11th-hour attempt to apply pressure on CPI. Accordingly, CPI respectfully asks this Court to quash the subpoena to Mr. Gill and to enter a protective order protecting him from being called at trial. In the alternative, CPI moves the Court to compel Defendants' CEO David Bywater to also appear at trial for testimony during CPI's case in chief. In fact, contrary to Mr. Gill, Mr. Bywater does have unique knowledge directly relevant to issues in this case.

## SUMMARY OF THE FACTS

Kenneth Gill is the founder and CEO of CPI Security Systems, Inc. – the apex of CPI's corporate pyramid.[1] He founded CPI, originally "Crime Prevention, Inc.," in

---

[1] https://cpisecurity.com/careers/leadership-team/

1991 and has grown the company to approximately 750 employees across thirteen offices.[2]

During the course of discovery, numerous depositions were taken both of company and non-party witnesses. Defendants broached the topic of calling party CEO's when Vivint issued its notice to take Mr. Gill's deposition in August of 2021. (**Ex. A**.) In response, CPI issued a notice to take Vivint's CEO's, Mr. Bywater's, deposition. (**Ex. B**.) Thereafter, counsel for the Parties conferred further about eliciting testimony from the opposing party's CEO. Following that conferral, the Parties agreed, via telephone call, that neither party would seek to elicit testimony from the opposing party's CEO. The depositions were cancelled.

On December 10, 2022, the Parties filed their joint pre-trial submissions, which included witness lists for each party. [D.E. 81.] Contrary to the Parties' prior agreement, Defendants listed Mr. Gill as a "will call" witness on their witness list. [D.E. 81-8 at 4.] CPI raised timely objection, asserting in the pre-trial submission that "(1) Mr. Gill was not disclosed as a witness by Vivint under FRCP 26; (2) Mr. Gill has no unique, relevant testimony, and therefore the apex doctrine/ FRCP 26 bars testimony from Mr. Gill; and (3) during discovery the parties agreed not to call the opposing parties' respective Chief Executive Officers at trial. If Mr. Gill is called as a witness, CPI states it should be permitted to depose and/or call Vivint's CEO David Bywater." [D.E. 81 at 14-15.]

---

[2] *Id.*

On January 18, 2023, counsel for CPI received an email inquiring as to whether counsel for CPI would accept service on a trial subpoena directed at Mr. Gill. Expressly subject to the objections already raised with respect to Vivint's apparent intent to elicit testimony from Mr. Gill, counsel for CPI accepted service on behalf of Mr. Gill. The trial subpoena, attached hereto as **Ex. C**, seeks to compel Mr. Gill's testimony on February 6, 2023.[3]

## ARGUMENT

### A. THE SUBPOENA TO MR. GILL VIOLATES THE AGREEMENT OF THE PARTIES.

Defendants should not be permitted to call Mr. Gill as a witness at trial because the subpoena issued violates the Parties' agreement not to elicit testimony from the opposing party's CEO. Presumably, Defendants chose to renege on this agreement after the close of the discovery period because they believed it would allow them to avoid Mr. Bywater's deposition while benefiting from the fact that Mr. Gill resides within the trial subpoena power under the Federal Rules of Civil Procedure.[4] This sort of gamesmanship should not be permitted: "the rules of discovery were not designed to encourage procedural gamesmanship." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 415 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118 (4th Cir. 2019). CPI dispensed with taking Mr.

---

[3] The compliance date in the subpoena makes no sense. CPI will begin presenting its case on February 6th. There is no possible way that Vivint's case will begin on February 6th.

[4] As set forth more fully below, CPI does not believe the 100 mile limitation applies to Mr. Bywater or Defendants' other officers because the Court has inherent power to compel Mr. Bywater's testimony.

4

Bywater's deposition during discovery on the express understanding that both parties would forego eliciting testimony from the opposing party's CEO. Vivint's 11th hour attempt to subpoena Mr. Gill's trial testimony after the close of discovery is convenient because their own CEO Mr. Bywater resides in Utah—beyond the 100-mile geographic limitation contemplated by the Rules of Civil Procedure for trial subpoenas. Permitting Vivint to compel Mr. Gill's testimony at trial but avoid Mr. Bywater's testimony outright would take away any benefit to CPI of the Parties' agreement during discovery not to conduct opposing party CEO depositions. The Gill subpoena should be quashed on this basis alone.

### B. THE SUBPOENA TO MR. GILL ALSO VIOLATES THE APEX DOCTRINE.

To the extent the Court does not quash the subpoena based on the Parties' discovery agreement, the Court should also quash it on the grounds of the Apex doctrine. "The Apex doctrine is the application of the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard or, on a party's motion for a protective order, constitutes good cause for such an order as an 'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1)." *Performance Sales & Mktg. LLC v. Lowe's Companies, Inc.*, No. 5:07-CV-00140-RLV, 2012 WL 4061680, at *4 (W.D.N.C. Sept. 14, 2012). The purpose of the Apex doctrine is to prevent the deposition of a high ranking corporate official that the opposing party seeks just because the individual is the CEO – "the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Cross by & Through Steele v. XPO Express, Inc.*, No. CV 4:15-2480-BHH,

2017 WL 10544634, at *1 (D.S.C. May 8, 2017). The Apex doctrine generally applies to depositions but can also be applied "to protect a senior executive from being compelled to appear at trial." *See Pinn, Inc. v. Apple Inc.*, No. SA19CV01805DOCJDE, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021); *see also Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 (N.D. Cal. Aug. 5, 2015). When applying the Apex doctrine, Courts require that the party seeking the testimony to show both "(1) the executive has unique or special knowledge of the facts at issue <u>and</u> (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Cross by & Through Steele*, 2017 WL 10544634, at *1. Defendants have not and cannot meet this burden.

Although the Fourth Circuit has not formally adopted the Apex doctrine, courts in this circuit apply its principles to protect top corporate officials from being forced to testify in matters simply because their company is involved in litigation. *See Performance Sales & Mktg. LLC v. Lowe's Companies, Inc.*, No. 5:07-CV-00140-RLV, 2012 WL 4061680, at *10 (W.D.N.C. Sept. 14, 2012) (holding that "Plaintiffs' evidence insufficiently suggests that a plan to eliminate all third-party vendors was developed…by those at the very apex of Lowe's corporate structure" and that "Plaintiffs' requested depositions are unduly burdensome and unwarranted"). In essence, the Apex doctrine is simply a nuanced application of the Rules of Civil Procedure when high ranking corporate officials are involved. *See Est. of Valentine by & through Grate v. South Carolina*, No. CV 3:18-00895-JFA, 2020 WL 12783947, at *2 (D.S.C. Aug. 13, 2020).

6

In this case, Mr. Gill does not have any unique, specific knowledge of the claims or defenses at issue—and certainly not any unique knowledge that others lower on the corporate chain would not also have. This subpoena is simply a harassment tactic in an attempt to apply pressure to CPI and Mr. Gill, exactly the type of subpoena the Apex doctrine and Courts applying the Federal Rule of Civil Procedure more generally prohibit.

CPI anticipates that Defendants may argue in response to this motion that Mr. Gill's testimony is sought to explore evidence related to commentary Mr. Gill made regarding the Charlotte-Mecklenburg Police Department's response to protests in the Charlotte area in the summer of 2020, and the alleged fallout following those comments. As CPI has already briefed *in limine,* this is a red herring issue, but to the extent it's relevant at all to the issues actually in dispute in this case, Mr. Gill's personal testimony on the matter is neither necessary nor the "least burdensome" avenue for Defendants to attempt to put on evidence on that issue. Further, Defendants have deposed CPI's Chief Financial Officer, and CPI's Controller TJ Groner will also be called at trial to testify on financial topics relating to CPI's damages to goodwill. (D.E. 138 at 1.) And, Defendants have already listed several media articles relating to the media attention surrounding Mr. Gill's comments in the summer of 2020. (DE 139, Def. Trial Exs. 96-105). Clearly, there are less burdensome means for Defendants to put on evidence related to this issue short of personal testimony by CPI's Chief Executive Officer.

7

## C. RULE 403 ALSO SUPPORTS QUASHING THE GILL SUBPOENA.

In addition to running afoul of the principles underlying the Apex doctrine, the Court should quash the subpoena for the reasons contemplated by Federal Rule of Evidence 403: any inquiry directed toward Mr. Gill has no probative value, but even if it did have some minimal or theoretical relevance, the subpoena threatens creating a side-show mini trial within this trial around the issue of race, as CPI has already briefed to the Court *in limine*. Allowing Vivint to call Mr. Gill creates a substantial danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time" on issues ancillary to those actually at issue. Fed. R. Evid. 403; *see also, e.g.*, *Tyree v. Bos. Sci. Corp.*, No. 2:12-CV-08633, 2014 WL 5445769, at *15 (S.D.W. Va. Oct. 22, 2014) (prohibiting testimony of the plaintiff's prior suicide attempt because any probative value was substantially outweighed by the prejudicial effect); *see also Torkie-Tork v. Wyeth*, No. 1:04CV945, 2010 WL 11431846, at *2 (E.D. Va. Nov. 17, 2010) (prohibiting testimony referring to Pfizer, Inc.'s acquisition of Wyeth, Pfizer's products, or purported conduct of Pfizer because it would violate Rule 403).

Based upon Defendants' arguments at the *in limine* hearing in this matter held on March 25, 2022, set forth below, it is clear that Defendants want to elicit testimony from Mr. Gill related to certain statements about the Black Lives Matter movement as it pertains to accounts CPI may have lost during the relevant period:

> MR. KREITZER:…Whether a customer decided to sign a contract with Vivint because they were offended by what the CEO of CPI said, that is obviously legitimate consideration for the jury in this proceeding.

THE COURT: But only for the damages issues, right? Causation of damages. *Mot. in Limine Hr'g.*, Mar. 25, 2022, at 11:15-20.

As the Court aptly recognized, this inquiry is only conceivably relevant to the issue of CPI's damages in this case. Mr. Gill's personal testimony is neither necessary nor relevant to those questions. And, again, there are other, less burdensome avenues for eliciting testimony or putting on evidence of that issue to the extent it is relevant at all—including the testimony Defendants have already obtained through the Fed. R. Civ. P. 30(b)(6) testimony of CPI's Chief Financial Officer and through the live testimony of CPI's Controller at trial. Defendants are simply attempting to create a side show about the statements made by Mr. Gill and further toss fuel on to the fire of this topic by harassing Mr. Gill in front of the jury. This is highly prejudicial to this trial, and any probative value is minimal. Another reason the subpoena should be quashed.

### D. ALTERNATIVELY, IF THE COURT ENFORCES THE GILL SUBPOENA, IT SHOULD ALSO COMPEL VIVINT'S CEO DAVID BYWATER TO TESTIFY AT TRIAL

If the Court does not quash the Gill subpoena, in the alternative the Court should compel Defendants' CEO, David Bywater, to come to trial to testify during CPI's case in chief. *See, e.g.*, *In re Vioxx Prod. Liab. Litig.*, 438 F. Supp. 2d 664, 668 (E.D. La. 2006) (holding, after extensive analysis of F.R.C.P. 45, that a federal court may compel a party's corporate officer to travel further than 100 miles to testify at trial); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254, at *3 (D.S.C. Nov. 21, 2017) (holding same).

The only reason CPI did not already obtain Mr. Bywater's sworn testimony is because CPI's counsel thought the Parties had agreed to forego opposing-party CEO testimony in this case. David Bywater lives in Utah. If the Court is going to require Mr. Gill's testimony, the Court can and should compel Mr. Bywater's testimony at trial under the circumstances described in this motion. At bare minimum, the Court should compel Mr. Bywater to testify via live video feed pursuant to Fed. R. Civ. P. 43(a). *See, e.g.*, *Sentry Select Ins. Co. v. Maybank Law Firm, LLC*, No. 5:15-cv-04984-JMC, 2020 WL 8771323, at *2 (D.S.C. Sept. 5, 2020) (allowing remote trial testimony); *Humbert v. O'Malley*, 303 F.R.D. 461, 465 (D. Md. 2014) (finding that "travel cost and inconvenience" to be a "compelling circumstance[]" for purposes of Rule 43(a)).[5]

In fact, contrary to Mr. Gill, Mr. Bywater actually does have knowledge unique to this matter, as evidenced by the number of times Mr. Bywater's name appears on exhibits listed on CPI's trial exhibit list, including exhibits where Vivint is discussing all of the complaints about deceptive sales practices that it has received, where Vivint classifies customers who have reported such complaints as "terrorists," (*see* D.E. 137, Ex. P734 at p. VIVINT112381), and where Vivint analyzes the broad geographic breadth of such complaints. (*Id.* at p. VIVINT112398.) (Ex. P734 was attached to an email from Mr. Bywater to Alex Dunn at Vivint, which is Ex. P733.)

---

[5] Allowing live, remote video testimony, if necessary, is also consistent with Federal Rule of Evidence 611(a), which directs courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

## CONCLUSION

For the foregoing reasons, CPI respectfully moves the Court to quash Defendants' subpoena to Kenneth Gill and enter a protective order protecting him from appearance at trial. In the alternative, CPI moves the Court to compel Defendants' CEO, David Bywater, to also testify—either live, or at minimum by contemporaneous video feed.

Dated:  February 3, 2023  Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By:  /s/ *Caroline M. Gieser*
North Carolina Bar No. 51610
cgieser@shb.com
1230 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
(470) 867-6013

-and-

/s/ *Charles C. Eblen*
Charles C. Eblen (Admitted *Pro Hac Vice*)
Missouri Bar No. 55166
ceblen@shb.com
Erin M. Fishman (Admitted *Pro Hac Vice*)
Missouri Bar No. 69842
efishman@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

-and-

/s/ *Eric J. Hobbs*
Eric J. Hobbs (Admitted *Pro Hac Vice*))
Colorado Bar No. 46813
ehobbs@shb.com

Daniel E. Rohner (Admitted *Pro Hac Vice*)
Colorado Bar No. 27469
drohner@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, Colorado 80202
(303) 285-5300

*Counsel for Plaintiff*
*CPI Security Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of February, 2023, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

/s/ *Caroline M. Gieser*