# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:20-CV-00504-FDW-DSC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VIVINT SMART HOME, INC. *et al.*, <br><br> Defendants. | ERIC SCHACHNER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA |

COMES NOW Eric Schachner, through counsel, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv) and shows the Court the following in support of his Motion to Quash the Subpoena issued to him, on the grounds that requiring Mr. Schachner's live trial testimony will subject him to undue burden.

**I. LEGAL BACKGROUND.**

The party moving to quash a subpoena on the grounds that the subpoena subjects the party to an undue burden must show that the party is entitled to the relief one seeks. *Virginia Department of Corrections v. Jordan,* 921 F.3d 180, 189 n.2 (4th Cir. 2019).

**II. FACTUAL SUMMARY.**

The Court is familiar with the underlying facts and legal claims in this case, having previously ruled on a Motion for Partial Summary Judgment. (Docs. 58, 59, 77). The above-referenced matter is set for trial beginning February 6, 2023.

The Movant, Eric Schachner, was previously the Chief Financial Officer of Plaintiff CPI Security Systems, Inc. Only in his official capacity, pursuant to Fed. R. Civ. P. Rule 30(b)(6), Mr. Schachner testified in a deposition taken during the discovery period in this

1

case. The deposition is shown on Defendants' Exhibit List as Defendants' Exhibit 52. (Doc. 139, p. 9). After his deposition, Mr. Schachner became employed elsewhere.

After Mr. Schachner's departure from CPI, Plaintiff's counsel notified Defendants' counsel that it intended to substitute T.J. Groner as its designee for testimony on official matters and consented to Mr. Groner's deposition testimony being taken after closure of the discovery deadline. Defendants did not take Mr. Groner's deposition.

Mr. Schachner is due to depart on a family vacation on Saturday, February 11, 2023. Plaintiff's case is expected to last through Friday, February 10. Plaintiff has not called Mr. Schachner as a witness. Defendants indicate that they "may" call Mr. Schachner during their case, the week of February 13, 2023. (Doc. 134, p. 3, ¶ E. 4.). However, Mr. Schachner has a long-planned family vacation scheduled and will be out of state the entire week of February 13.

### III. ARGUMENT.

"Because nonparties are less intimately connected with a case than those litigating it… courts must not draw them 'into the parties' dispute without good reason[.]'" *Gilliam v. Bertie County Coard of Education,* 2:20-CV-16-D, 2022 WL 6251966 *2 (E.D.N.C. Oct. 7, 2022) (quoting *Jordan*, 921 F.3d. at 189, *supra*). In this case, Mr. Schachner is a non-party. During his previous employment, Defendants sought Plaintiff's "official position[s]" on matters connected to this litigation through the "appropriate mechanism" of the Rule 30(b)(6) deposition. *Gilliam* at *3. Mr. Schachner did not testify in his individual capacity, nor has any party suggested that Mr. Schachner is needed as a fact witness in his individual capacity.

2

"Ultimately, when considering a motion to quash, a court must decide 'whether the benefits of [the subpoena] ... outweigh the burdens on the recipient.'" *Gilliam* at *3 (citing *Jordan*). The protections afforded to non-parties are greater than those afforded to parties to litigation. "[C]ourts should view non-party subpoenas more critically than requests for information from party opponents." *Id.*

As the Eastern District explained in *Gilliam*, "[t]he Fourth Circuit provides courts a helpful, though not exhaustive, list of considerations when weighing a subpoena's benefits against its burdens. *Id.* (citing *Jordan,* 921 F.3d at 189-90). "The Fourth Circuit urges courts to begin by considering the 'marginal benefit' of the subpoena 'in litigating important issues.'" *Id*. (citing *Jordan,* 921 F.3d at 190). Plaintiff is bound by the testimony that Mr. Schachner gave pursuant to Fed. R. Civ. P. 30(b)(6). Defendants have listed the testimony as a trial exhibit and are free, subject to the Court's discretion, to use it at trial. Further, they can call a live witness, T.J. Groner, and cross-examine him regarding Plaintiff's official stances. The value of Mr. Schachner's trial testimony is not even marginal.

The Fourth Circuit has also suggested "that courts gauge the requesting party's need for the information." *Id.* Defendants do not need Mr. Schachner's testimony. "While valuable testimony should be allowed, the requesting party needs to explain why it can't obtain the information from another source." *Id.* The Defendants' need for the information Mr. Schachner possesses is very low or non-existent. Defendants already possess the information they seek. They already established Plaintiff's positions on issues Defendants designated in accordance with Fed. R. Civ. P. 30(b)(6). Defendants can also

3

obtain any information they need from Mr. Schachner from other sources. First, Plaintiff is bound by Mr. Schachner's deposition testimony. The Defendants possess and plan to use Mr. Schachner's deposition testimony. Second, after Mr. Schachner's departure, Plaintiff offered T.J. Groner as a substitute Rule 30(b)(6) deponent. Defendants chose not to depose Mr. Groner, even though Plaintiff's counsel consented to an extension of the discovery deadline to allow for Mr. Groner's deposition. Defendants plan to call Mr. Groner as a witness. Whatever information about *Plaintiff's* official positions Defendants could glean from Mr. Schachner, a former officer, they can glean from Mr. Groner, the current officer.

"As for burdens," the Fourth Circuit has said that "courts should consider monetary expense, privacy interests, and overbreadth." *Id.* (citing *Jordan* at 189–90). "If a subpoena asks for testimony 'irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money,' the subpoena likely constitutes an undue burden." *Cook* v. *Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012). In this case, Mr. Schachner, a non-party, has been called by Defendants as a witness only because he was previously an officer at CPI. It is unclear what relevant information Mr. Schachner may be able to testify to that Defendants did not already cover in their deposition of *Plaintiff* using Mr. Schachner as Plaintiff's designee. For cross-examination, Defendants have Mr. Groner to call.

Plaintiff's case is expected to run through the week of February 6, 2023. During the second of week of an expected two-week trial, Defendants *may* call Mr. Schachner. This

4

will cause Mr. Schachner to incur an excessive expenditure of time or money, given his already-planned trip out of state, set to begin on Saturday, February 11, 2023.

Testimony may be particularly irrelevant when the subpoena's recipient lacks personal knowledge of the dispute. *See* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment. Mr. Schachner does not possess relevant information in his individual capacity. He has been called only because he was the Chief Financial Officer of Plaintiff for a period. As described by Plaintiff's counsel at Doc. 140, p 6, the *Apex* doctrine, adopted in other circuits and instructive here, was established "to protect a senior executive from being compelled to appear at trial." See *Pinn, Inc. v. Apple Inc.*, No. SA19CV01805DOCJDE, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021); see also *Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 (N.D. Cal. Aug. 5, 2015). Courts require that the party seeking the testimony show both "(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Cross by & Through Steele*, 2017 WL 10544634, at *1.

Given that

(1) Defendants took Plaintiff's Rule 30(b)(6) deposition with Mr. Schachner as Plaintiff's designee;

(2) That Plaintiff is bound by Mr. Schachner's testimony in accordance with the rules of evidence;

(3) That Plaintiff substituted T.J. Groner as its Rule 30(b)(6) designee after Mr. Schachner's departure;

(4) That Mr. Groner is available to testify and is listed as a witness by Defendants (Doc. 134, p. 3, ¶ D. 3.);

(5) That Defendants will be able to cross-examine Mr. Groner regarding Plaintiff's official positions; and

(6) That Defendants passed on an opportunity to take Mr. Groner's Rule 30(b)(6) deposition;

Defendants have not and cannot meet this burden.

## CONCLUSION

**WHEREFORE,** for the reasons stated herein, Eric Schachner respectfully requests that the Court quash the trial subpoena issued to Eric Schachner or provide such other relief as is just and proper

This the 3rd day of February, 2023.

> _/s/ Paul A. Tharp_
> Paul A. Tharp
> N.C. Bar No.: 34244
> ARNOLD & SMITH, PLLC
> The Historic John Price Carr House
> 200 North McDowell Street
> Charlotte, North Carolina 28204
> Telephone: 704.370.2828
> Facsimile: 704.370.2202
> Email: Paul.Tharp@arnoldsmithlaw.com

## Certificate of Service

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record. This the 3rd day of February, 2023

This the 3rd day of February 2023.

/s/ Paul A. Tharp
Paul A. Tharp