UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CV-00504-FDW-DSC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>VIVINT SMART HOME, INC., et al.<br><br>Defendants. | **VIVINT'S SUPPLEMENTAL BRIEF ON HEARSAY RECORDS OF CUSTOMER COMPLAINTS** |

## BOTTOM LINE UP FRONT

CPI seeks to introduce spreadsheets (first layer of hearsay) listing statements by CPI and non-CPI customers (second layer of hearsay) about what Vivint representatives allegedly said (third layer of hearsay) for their truth. Even if the spreadsheet was a business record, the *contents* of the spreadsheet—that is, *every layer* of hearsay within it—must also satisfy an exception to be admissible.

As discussed below, the out-of-court customer statements CPI seeks to introduce do not satisfy the business-record exception or any other exception. This is why courts have precluded CPI's counsel from introducing this type of evidence in at least three other cases. *See ADT LLC v. Alarm Prot. LLC*, No. 9:15-cv-80073, 2017 WL 1881957, at *1–2 n.2 (S.D. Fla. May 9, 2017); *ADT, LLC v. Sec. Networks, LLC*, No. 12-CIV-81120 (S.D. Fla. Dec. 9, 2016); *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 11632866 (S.D. Fla. Dec. 8, 2017).

The Court should reach the same result here.

# ARGUMENT

I. **The customer-complaint spreadsheets are inadmissible hearsay.**

The hearsay prohibition guards against the "particular hazards" of out-of-court statements—namely, their inherent unreliability. *Williamson v. United States*, 512 U.S. 594, 598 (1994). Here, CPI seeks to introduce a spreadsheet containing multiple layers of hearsay. Most notably, the spreadsheet contains alleged out-of-court complaints by customers of various alarm companies.

The question, therefore, is whether *each layer*—including the customer complaints—satisfies any hearsay exception. The answer is no.

II. **The customer complaints do not satisfy any hearsay exception.**

  A. **The customer complaints are not business records.**

The business records exception only applies where "the record was kept in the course of a regularly conducted activity of a business . . . <u>and</u> . . . the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6) (emphasis added).

As described below, the customer complaints fail both of these tests.

  1. **The customers did not make the alleged complaints in the regular course of their own business.**

For Rule 803(6)'s business record's exception to apply, "the *supplier* of the information"—not just the recipient—must be acting in the regular course. *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 194–95 (4th Cir. 2003) (emphasis added). Thus, if "the supplier of the information does not act in the regular course . . . the fact that

it may be recorded with scrupulous accuracy is of no avail." *Id*. (citing advisory committee's notes); *see also, e.g.*, *United States v. Baker,* 693 F.2d 183, 188 (D.C. Cir. 1982) (holding that Rule 803(6) does not apply "if the source of the information is an outsider"); *Williams v. Remington Arms Co.*, No. 3:05-cv-1383, 2008 WL 222496, at *9–10 (N.D. Tex. Jan. 28, 2008) (applying outsider rule to customer complaints); *see also* Mueller, 4 Federal Evidence § 8:82 (4th Ed. 2023) (explaining that the business-records exception does not apply where there is an additional layer of hearsay that fails to independently qualify for the exception). As the Official Comment to Rule 803(6) explains, when "*the supplier* of the information does not act in the regular course, *an essential link is broken.*" Fed. R. Evid. 803, cmt. (6) (emphasis added).

Here, customers were the suppliers of the out-of-court allegations. They were not employees or agents of CPI or Vivint; they were "outsiders." For that reason alone, the customer complaints are not business records under Rule 803(6).

### 2. The customer complaints also indicate a lack of trustworthiness.

The customer complaints also cannot satisfy the business records exception because there were no necessary "precautions to guarantee the accuracy of the given information." *United States v. Pendergrass*, 1995 WL 56673, at *5 (4th Cir. 1995) (unpublished). There is no such "guarantee" here, *id.*, because the customer complaints "indicate a lack of trustworthiness" on multiple levels, Fed. R. Evid. 803(6), and because Vivint has no opportunity to cross-examine those witnesses.

First and foremost, the customer complaints are untrustworthy because CPI improperly leads and coaches its customers to pursue unwarranted complaints about

3

Vivint. *See, e.g.*, Doc. 117-2. Second, the complaints are inherently unreliable because CPI customers express faulty memories or fail to attribute a deceptive statement to a Vivint salesperson. *See, e.g.*, Doc. 117-7. Third, the customer complaints are untrustworthy because customers are often motivated to misrepresent interactions.[1] *See, e.g.*, Doc. 117-8. Third, as noted above, even if customer phone calls were business records under Rule 803(6), the subject matter of those phone calls—i.e., what a Vivint sales representative allegedly said to a CPI customer—still constitutes an additional layer of hearsay that the business record's exception cannot overcome. *See Moore*, 242 F. App'x at 120–22 ("Even if this [business records] exception addresses the first level of hearsay—the fact that the bid logs were out-of-court declarations [of employees]—it does not address the fact that the information in the bid logs was based on the out-of-court statements of . . . customers.").

For all of these reasons, the customer complaints do not satisfy the hearsay exception for business records. Thus, they are inadmissible.[2]

---

[1] Under threat of fees or enticement of a better deal, the customer complaints are the sort of evidence that "by [their] very nature, [are] *dripping with motivations to misrepresent*" and are therefore inherently unreliable. *Hoffman v. Palmer*, 129 F.2d 976, 991 (2d Cir. 1942) (emphasis added); *see also, e.g.*, *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, No. 1:12-cv-2394, 2013 WL 4545143, at *2 (N.D. Ohio Aug. 27, 2013) (excluding consumer complaints where "consumers often made the complaints with hopes of receiving some type of refund or other financial benefit"). As the Fourth Circuit has observed, customer information is not trustworthy where "the customers may well have had a motive to mislead." *See W. Insulation, LP v. Moore*, 242 F. App'x 112, 122 (4th Cir. 2007) (unpublished).

[2] Accordingly, CPI is not entitled to offer a written summary or other summary of the customer complaints, because Rule 1006 only admits summaries "as a surrogate for underlying voluminous records *that would otherwise be admissible in evidence*." *U.S. v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004) (emphasis added).

### III. CPI is not introducing the out-of-court customer complaints for a non-hearsay purpose.

CPI hopes to introduce this evidence for the truth of the matter asserted. After all, those records are only useful to CPI to the extent they reflect that customers did, in fact, complain to Vivint about deceptive sales practices by its representatives. Any argument by CPI that it is offering this evidence for some other non-hearsay purpose—namely, "notice"—is without merit.

Specifically, CPI cannot use the spreadsheet to show "notice" of customer complaints, because Vivint's mere notice or knowledge of the receipt of customer calls has no probative value unless CPI can also tell the jury that these calls *alleged deceptive conduct* and that those reports *had some validity*. This is because, to the extent CPI will argue that Vivint should have done something in response, there is no reason for Vivint to have done anything unless the alleged misconduct *actually occurred*. Thus, the jury must *presuppose* the truth and validity that these inadmissible hearsay "complaints" were, in fact, "deceptive sales practices." In other words, the truth of the matter is baked into the use of this material by CPI.

Likewise, CPI cannot use the spreadsheet as a "party admission," because Vivint customer service employees merely receive and document what a customer claims a Vivint sales representative said. As such, these records cannot possibly "manifest[] that [Vivint] adopted or believed to be true" a third-party customer's hearsay allegations because Vivint customer service was not present at the interaction and has no personal knowledge or authority to adopt a binding admission on behalf of Vivint. *See* Fed. R. Evid. 801(d)(2)(B). Nor can CPI use the spreadsheet

5

to show "intent" or "lack of mistake," as the spreadsheet merely reflects customer service representatives recording completely unverified statements by third-party customers alleging completely unverified statements by representatives.

Moreover, no limiting instruction could sufficiently ensure that the jury restricts this evidence into a certain silo. And this is precisely why CPI hopes to introduce it to the jury. If there were any doubt, the Court need look no further than the tall stack of paper on counsel's table—which counsel represented during his opening statement contains hundreds of customer complaints.

\* \* \*

In sum, the Court should reach the same conclusion reached in at least three other cases in which courts have precluded CPI's counsel from introducing this type of evidence: The out-of-court customer statements CPI seeks to introduce are inadmissible hearsay and do not satisfy the business-records exception or any other exception. *See ADT v. Alarm Prot.*, No. 9:15-cv-80073, 2017 WL 1881957, at \*1–2 n.2; *ADT v. Sec. Networks*, No. 12-CIV-81120; *ADT v. Vivint*, No. 17-cv-80432, 2017 WL 11632866.

Respectfully submitted the 8th day of February, 2023.

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** | **CLYDE SNOW & SESSIONS, P.C.** |

By: s/ Michael N. Kreitzer
    Michael N. Kreitzer
    Florida Bar No. 705561
    kreitzerm@gtlaw.com
    333 S.E. 2nd Avenue, Suite 4400
    Miami, FL 33131
    Telephone: (305) 579-0500

By: s/ Joshua R. Brown
    Joshua R. Brown
    Florida Bar No. 826391
    brownjr@gtlaw.com
    450 S. Orange Avenue, Suite 650
    Orlando, FL 32801
    Telephone: (407) 420-1000

**Counsel for Defendants**

By: s/ Matthew A. Steward
    Matthew A. Steward
    Utah Bar No. 7637
    mas@clydesnow.com
    Shannon K. Zollinger
    Utah Bar No. 12724
    skz@clydesnow.com
    One Utah Center, 13th Floor
    201 South Main Street
    Salt Lake City, UT 84111-2216
    Telephone: (801) 322-2516

**Counsel for Defendants**

**POYNER SPRUILL LLP**

By: s/ Andrew H. Erteschik
    Andrew H. Erteschik
    N.C. State Bar No. 35269
    aerteschik@poynerspruill.com
    s/ John Michael Durnovich
    John Michael (J.M.) Durnovich
    N.C. State Bar No. 47715
    jdurnovich@poynerspruill.com
    P.O. Box 1801
    Raleigh, NC 27602-1801
    Telephone: (919) 783-2895

**Local Counsel for Defendants**

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

This the 8th day of February, 2023.

s/ John Michael Durnovich  
John Michael (J.M.) Durnovich