UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00504-FDW-DSC

CPI SECURITY SYSTEMS, INC.,

                Plaintiff,

v.

VIVINT SMART HOME, INC. f/k/a
Mosaic Acquisition Corp.; and LEGACY
VIVINT SMART HOME, INC. f/k/a
Vivint Smart Home, Inc.,

                Defendants.

**PLAINTIFF CPI SECURITY SYSTEMS, INC.'S BENCH BRIEF REGARDING EXHIBIT P50**

Plaintiff CPI Security Systems, Inc. ("CPI") respectfully submits this bench brief in support of its argument that the spreadsheet objected to by counsel during the videotaped testimony of Scott Bell is admissible.[1]

## **INTRODUCTION**

On February 7, 2023, Plaintiff called Scott Bell, a former Vivint sales vice president, as a witness in its case in chief, via videotaped deposition. A portion of Mr. Bell's testimony that Plaintiff seeks to present to the jury relies upon and displays Exhibit P50, a compilation exhibit which includes a spreadsheet created by Vivint to record compliance issues by its salespeople, including compliance issues. Furthermore, Plaintiff seeks to admit Exhibit P50 into evidence. Counsel for Defendants have raised a hearsay objection to the use of the spreadsheet in exhibit

---

[1] Defense counsel did not object to any other portions of P50. Thus, notwithstanding the ruling on this limited issue, the remainder or P50 should be admitted into evidence.

1

P50 that appears to be a hearsay within hearsay objection. Defendants' objection should be overruled because the spreadsheet itself is a business record, and the customer complaints within it are offered for non-hearsay purposes. Contrary to what Defendants have contended, Courts have allowed this type of evidence to be admitted for non-hearsay purposes in multiple nearly identical cases. *See ADT LLC v. Alder Holdings, LLC et al.*, No. 17-CV-81237-ROSENBERG, Doc. 335 (S.D. Fla. Apr. 29, 2019); *see also ADT LLC v. Vivint, Inc.*, No. 17-CV-80432-MIDDLEBROOKS, Doc. 201 (S.D. Fla. Dec. 8, 2017).

## ARGUMENT

### A. THE CHALLENGED PORTION OF EXHIBIT P50 IS A BUSINESS RECORD, AND THUS FALLS WITHIN THE FRE 803(6) HEARSAY EXCEPTION.

The challenged portion of Exhibit P50 is admissible pursuant to FRE 803(6) as a business record. An out of court statement is excluded from the rule against hearsay if:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification.

Fed. R. Evid. 803(6).

2

Mr. Bell, a former employee of Vivint, makes clear that the spreadsheet within Exhibit P50 is an admissible Vivint business record. Vivint kept the spreadsheet in the regular course of business while Mr. Bell was a Vivint employee, in order to record compliance issues, including dated customer complaints. *See* Dep. of Scott Bell, Aug. 31. 2021, 41:21-42:2.

**B. THE CUSTOMER COMPLAINTS WITHIN P50 ARE ADMISSIBLE TO PROVE VIVINT'S KNOWLEDGE AND NOTICE OF THE CONDUCT OF ITS SALES REPRESENTATIVES AND TO PROVE ITS INTENT.**

In addition to the spreadsheet in Exhibit P50 being a business record, the customer complaints within Exhibit P50 are admissible for numerous non-hearsay purposes, including to prove Vivint's knowledge, notice, and intent. "When evidence is offered for the limited purpose of proving notice or state of mind, it is not hearsay." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 5439156, at *3 (E.D.N.C. Nov. 8, 2011).

Contrary to Defendants' suggestion otherwise, courts have allowed this type of evidence for precisely the purpose CPI plans to use Exhibit P50. In an identical action brought by ADT against Vivint, ADT sought to admit customer complaints. The Honorable Donald Middlebrooks held that, "[a]lthough the recordings [of customer complaints] contain hearsay and may not be admitted as evidence for the truth of the statements, in the event they have relevance for a non-hearsay purpose such as notice, any objection shall be dealt with at trial." *See ADT LLC v. Vivint, Inc.*, No. 17-CV-80432-MIDDLEBROOKS, Doc. 201 (S.D. Fla. Dec. 8, 2017).

3

Furthermore, in another prior Lanham Act lawsuit brought by ADT against a security company called Alder Holdings, LLC, the Honorable Robin Rosenberg permitted customer complaints to come into evidence for the non-hearsay purpose of proving Alder's knowledge and notice of its sales representatives' conduct. *See ADT LLC v. Alder Holdings, LLC et al.*, No. 17-CV-81237-ROSENBERG, Doc. 335 (S.D. Fla. Apr. 29, 2019) ("The Court agrees with Judge Reinhart that unsworn customer complaints, evidence of other lawsuits and investigations, and evidence of alleged deceptive sales practices occurring prior to May 24, 2017, **are admissible to show Defendants' knowledge and notice**") (emphasis added).

Accordingly, the customer complaints within Exhibit P50 are admissible for the purposes of proving Vivint's knowledge, notice, and intent.

To the extent this Court has any concerns about whether the jury will consider the customer complaints for the truth of the matter asserted, an instruction to the jury would be the proper remedy. The jury can be instructed that the content of the complaints contained in Vivint's business records cannot be offered for the truth of the matter asserted but can be considered to prove Vivint's knowledge, notice, or intent.

## CONCLUSION

For the foregoing reasons, CPI respectfully asks this Court to overrule Defendants' hearsay objection to P50.

Dated: February 8, 2023               Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

4

By: /s/ *Caroline M. Gieser*
North Carolina Bar No. 51610
cgieser@shb.com
1230 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
(470) 867-6013

-and-

/s/ *Charles C. Eblen*
Charles C. Eblen (Admitted *Pro Hac Vice*)
Missouri Bar No. 55166
ceblen@shb.com
Jason R. Scott (Admitted *Pro Hac Vice*)
Missouri Bar No. 61200
jscott@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

-and-

/s/ *Eric J. Hobbs*
Eric J. Hobbs (Admitted *Pro Hac Vice*))
Colorado Bar No. 46813
ehobbs@shb.com
Daniel E. Rohner (Admitted *Pro Hac Vice*)
Colorado Bar No. 27469
drohner@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, Colorado 80202
(303) 285-5300

*Counsel for Plaintiff*
*CPI Security Systems, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of February, 2023, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

*/s/ Caroline M. Gieser*
