UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CV-504-FDW-DSC

CPI SECURITY SYSTEMS, INC.,

Plaintiff,

v.

VIVINT SMART HOME, INC.
f/k/a MOSAIC ACQUISITION CORP.
and LEGACY VIVINT SMART HOME,
INC. f/k/a VIVINT SMART HOME, INC.,

Defendants.

**REPLY IN SUPPORT
OF VIVINT'S MOTION TO
REQUIRE CPI TO FILE ITS
CLOSING-ARGUMENT SLIDES**

## BOTTOM LINE UP FRONT

CPI's response avoids engaging with most of Vivint's arguments. Where CPI does respond, its arguments only confirm that CPI has no basis for withholding the slides that it showed the jury during closing argument.

CPI should be required to file the slides.

## ARGUMENT

**I.     CPI does not dispute the key points in Vivint's motion.**

CPI's response leaves most of Vivint's arguments undisputed.

First, CPI does not deny that the First Amendment and the common law grant a presumptive right of access to judicial records, including slides presented in open court. Doc. 178 at 2. Nor does CPI attempt to retract its own admission that the public has a "right to view and consider documents tendered [to] a judge and/or

jury . . . in the ultimate public forum, a courtroom." Doc. 156 at 1 (quoting *Legal Newsline v. Garlock Sealing Techs. LLC*, 518 B.R. 358, 364 (W.D.N.C. 2014)); *see also* Doc. 178 at 3. Likewise, CPI does not address its earlier representation that it would not seek redactions for "anything made part of the public record in open court." Doc. 156 at 1; Doc. 178 at 4.

Second, CPI does not deny the slides' probative value to Vivint's post-trial motions. As Vivint's brief and the Declaration of Kent Hansen showed, the slides will confirm that: (1) CPI sought the same compensatory damages on each of its claims, and (2) CPI revealed damages computations for the first time in closing argument. Doc. 178 at 3. CPI's response does not deny these points. Nor does CPI acknowledge that Vivint's post-trial briefs cited the slides for these points. Doc. 161 at 5 (citing CPI's closing-argument slides); Doc. 174 at 11 (same).

Third, CPI's response does not deny that Vivint has been repeatedly requesting the slides from CPI since February 21, within three business days of CPI's closing argument. Doc. 178 at 5.

Finally, CPI does not deny that courts often grant access to an opposing party's demonstrative exhibits through post-trial motions like this one. Indeed, when CPI argues that Vivint should have filed this motion during trial, the only authority CPI offers is a decision that granted a *post-trial* motion. Doc. 179 at 4 (citing *Wrice v. Byrne*, 488 F. Supp. 3d 646, 679 (N.D. Ill. 2020)).

These unrebutted points show that CPI should be required to file the slides.

## II. Where CPI does respond, its arguments only confirm that it has no basis for withholding the slides.

CPI's response offers various arguments in support of withholding the slides. Each of them fails.

At the outset, CPI argues that the slides can be withheld because they were not admitted into evidence, submitted for consideration on an issue, or objected to by Vivint. Doc. 179 at 1, 3. But CPI cites no authority suggesting that these circumstances justify withholding materials presented in open court. Doc. 179 at 3.

To the contrary, the First Amendment and common-law right of access applies to any materials presented in open court—in CPI's words, materials "tendered [to] a judge and/or jury . . . in the ultimate public forum, a courtroom." Doc. 156 at 1. Here, CPI presented its slides to the jury in open court, in front of Vivint and the gallery. Thus, Vivint has a right to them. Doc. 178 at 2–4.

Moreover, CPI's argument fails for additional reasons as well:

- CPI's assertion that the slides were not submitted *to the Court* is misplaced. Doc. 178 at 3. The slides were displayed in this Court, in full view of the Court and the jury. As CPI has admitted, the submission of materials to a jury, by itself, triggers the right of public access. Doc. 156 at 1.

- Nor does it matter that CPI's slides were not admitted as evidence. Demonstratives "are not usually admitted as evidence." *Riley v. Tesla, Inc.*, 603 F. Supp. 3d 1259, 1274 n.8 (S.D. Fla. 2022); 22 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5172.7 (2d ed. 2023). Thus, CPI's "admitted into evidence" test would presumptively deny access to

Case 3:20-cv-00504-FDW-WCM   Document 191   Filed 05/26/23   Page 3 of 9

all demonstratives—a result that courts have rejected. *Rambus, Inc. v. Infineon Techs. AG*, No. CIV.A. 3:00-CV-524, 2005 WL 1081337, at *1−3 (E.D. Va. May 6, 2005); *Wrice*, 488 F. Supp. 3d at 679.

- CPI is mistaken that Vivint has "never objected to [the slides'] use or content for any reason." Doc. 179 at 1. Throughout this case, Vivint objected to CPI's untimely disclosure of damages computations. Doc. 117 at 8; Doc. 161 at 22–24; Doc. 174 at 10–11. Indeed, CPI's untimely disclosure of damages computations through the slides was a basis for Vivint's post-trial motion. Doc. 161 at 22–24; Doc. 174 at 10–11.

Next, CPI contends that Vivint's motion is pretextual. Doc. 179 at 5–6. That accusation is baseless. As CPI silently concedes, the slides will confirm two key points in Vivint's motion for post-trial relief: (1) CPI sought the same compensatory damages on each of its claims, and (2) CPI revealed damages computations for the first time in closing argument. Doc. 178 at 3. On these issues, Vivint's post-trial motion is explicitly based on the slides. Doc. 161 at 5; Doc. 174 at 11. Fair litigation of Vivint's arguments calls for this Court, any later court, and Vivint to have access to the slides that underlie the arguments.

CPI argues that if the slides were important to Vivint's post-trial motion, Vivint "would have made this request long ago," before the post-trial motion was briefed. Doc. 179 at 6. But Vivint did make this request long ago, weeks before the post-trial motion was briefed. Vivint requested the slides from CPI within three business days of CPI's closing argument. Since then, in accordance with Local Rule

7.1(b), Vivint has repeatedly requested the slides from CPI. Doc. 178 at 5. CPI has nonetheless refused to provide the slides.

Next, CPI insists that even though the slides were "used in open court," they remain confidential work product. Doc. 179 at 6. CPI offers no support for that notion. It instead tries to distinguish *Rambus* on its facts. Doc. 179 at 7. CPI does not address the other authorities holding that once a party voluntarily discloses documents in open court, it waives any claim that the documents are confidential work product. Doc. 178 at 4 (citing *In re Grand Jury 16-3817 (16-4)*, 740 F. App'x 243, 247 (4th Cir. 2018) and *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009)).

Finally, CPI suggests that it "skipped over" certain slides in the PowerPoint presentation when showing it to the jury.[1] Doc. 179 at 7–8. But Vivint is seeking only the slides that were shown in open court. Doc. 178 at 1. CPI, meanwhile, is withholding *all* of the slides.

Although CPI says that it will need to "attempt[ ] to recall" which slides it did and did not show (Doc. 179 at 4, 8), CPI does not claim that it lacks a record—or even a recollection—of which slides it showed. CPI has not offered a declaration on

---

[1]     CPI relies on a single case in which a party's slides merely contained citations to cases, statutes, and the record, and where the same content on the slides also appeared in the transcript. Doc. 179 at 8–9 (citing *Bond v. Marriott Int'l, Inc.*, No. RWT 10-CV-1256, 2015 WL 12988744, at *1 (D. Md. Apr. 9, 2015)). Here, by contrast, the content of the slides does not appear in the transcript. Instead, the slides have significance of their own: They confirm key assertions in Vivint's post-trial motion. *Supra* p. 2.

5

that point. Nor does it dispute the Declaration of Kent Hansen on which slides were actually shown. Doc. 177-1 ¶ 4.

As discussed above, moreover, Vivint requested the slides three business days after CPI's closing argument. If determining which slides were shown is now more difficult, that is only because CPI delayed in disclosing the slides without justification.

For each of these reasons, CPI's withholding of the slides is unjustified.

## <u>CONCLUSION</u>

Vivint asks that the Court require CPI to file the slides that CPI showed the jury during its closing argument in open court.

Respectfully submitted the 26th day of May, 2023.

**QUINN EMANUEL
URQUHART & SULLIVAN, LLP**

Rachel E. Epstein
New York Bar No. 4795092
rachelepstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

**GREENBERG TRAURIG, LLP**

Michael N. Kreitzer
Florida Bar No. 705561
kreitzerm@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500

**CLYDE SNOW & SESSIONS, P.C.**

Matthew A. Steward
Utah Bar No. 7637
mas@clydesnow.com
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, UT 84111-2216
Telephone: (801) 322-2516

**Counsel for Defendants**

**ROBINSON, BRADSHAW &
HINSON, P.A.**

s/ Matthew W. Sawchak
Matthew W. Sawchak
N.C. State Bar No. 17059
msawchak@robinsonbradshaw.com
Erik R. Zimmerman
N.C. State Bar No. 50247
ezimmerman@robinsonbradshaw.com
434 Fayetteville St., Suite 1600
Raleigh, NC 27601
Telephone: (919) 239-2600

**POYNER SPRUILL LLP**

s/ Andrew H. Erteschik
Andrew H. Erteschik
N.C. State Bar No. 35269
aerteschik@poynerspruill.com
John M. Durnovich
N.C. State Bar No. 47715
jdurnovich@poynerspruill.com
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601-1801
Telephone: (919) 783-2895

**Counsel for Defendants**

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief complies with the word-limit requirements set forth in paragraph 3(c) of the Case Management Order (Doc. 35).

This the 26th day of May, 2023.

s/ Andrew H. Erteschik
Andrew H. Erteschik

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

This the 26th day of May, 2023.

s/ Andrew H. Erteschik
Andrew H. Erteschik