UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-504-MOC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VIVINT SMART HOME, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for attorneys' fees. (Doc. No. 173). Defendant opposes Plaintiff's motion. (Doc. No. 175). The Court will, in its discretion, decline to award attorneys' fees in this matter.

## I. Background

The Court's recent Order denying Defendants' motion for posttrial relief states the relevant case history. Full recapitulation is unnecessary here. As to attorneys' fees, the relevant facts are (1) the jury awarded Plaintiff a verdict of $189,700,000; (2) that award includes damages for Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act (NCUDTPA) and the Lanham Act; (3); Vivint conveyed its first settlement offer a week into trial; (4) CPI retained Shook, Hardy & Bacon LLP to represent them in this matter on a contingency basis; and (5) Plaintiffs' counsel use the "lodestar" method to propose an award of $3,072,340.50 in fees.

## II. Legal Standard

Only two of CPI's four claims against Vivint support an award of attorney's fees. Those claims were brought under the Lanham Act and NCUDTPA. Both statutes authorize courts to

1

award attorneys' fees only where certain criteria are met. Even where a party satisfies the relevant criteria, the decision to award attorneys' fees under either statute remains within the Court's discretion. See Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 568, 589 (W.D.N.C. 2010); see also USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc., No. 1:11-CV-00244-MRDLH, 2014 WL 1230507, at *10 (W.D.N.C. Mar. 25, 2014); Verisign, Inc. v. XYZ.COM LLC, 891 F.3d 481, 484 (4th Cir. 2018). Thus, a litigant is never "entitled" to a fee award under NCUDTPA or the Lanham Act, as Plaintiff erroneously claims. Even where an award is authorized, the court may in its discretion decline to order one.

For a fee award to be authorized under NCUDTPA, the Court must first find that (1) the recipient is a "prevailing plaintiff," (2) the defendant "willfully engaged in the unfair or deceptive trade practice," and (3) the defendant "made an unwarranted refusal to settle." Irwin Indus., 747 F. Supp. 2d at 589 (citing N.C. GEN. STAT. § 75–16.1). To be a "prevailing plaintiff," CPI must show that Defendant violated NCUDTPA, causing actual injury to Plaintiff. Id. An offer to settle at trial, after both parties have expended substantial resources, constitutes unwarranted refusal to settle. See Clark Material Handling Co. v. Toyota Material Handling U.S.A., Inc., No. 3:12-CV-00510-MOC, 2015 WL 3514339, at *7 (W.D.N.C. June 4, 2015).

For a fee award to be authorized under the Lanham Act, the Court must first find that the case is "exceptional." Verisign, Inc., 891 F.3d at 483. "There is no 'precise rule or formula for' determining whether a case is 'exceptional,'" but the Fourth Circuit has articulated a series of circumstances justifying such a finding. Citi Trends, Inc. v. Coach, Inc., 780 F. App'x 74, 80 (4th Cir. 2019). A case may be exceptional where "(1) there is an unusual discrepancy in the merits of the positions taken by the parties, . . . ; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to

2

advance considerations of compensation and deterrence." Georgia-Pac. Consumer Prod. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015), as amended.

If either set of statutory criteria are satisfied, and the Court finds in its discretion that an award of attorneys' fees is justified, the Court must next ensure that the fee award is reasonable. The Fourth Circuit uses the lodestar method to assess attorneys' fee awards. See e.g., Irwin Indus., 747 F. Supp. 2d at 590–91; USA Trouser, S.A. de C.V., No. 1:11-CV00244-MR-DLH, 2014 WL 1230507, at *10; Clark Material Handling Co., No. 3:12CV-00510-MOC, 2015 WL 3514339, at *7; Design Res., Inc., No. 1:10CV157, 2016 WL 5477611, at *7; Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). According to the lodestar method, the Court determines a reasonable number of hours dedicated to the matter, then multiplies by a reasonable hourly fee. Irwin Indus., 747 F. Supp. 2d at 591. The Fourth Circuit has articulated twelve factors to guide courts' assessments of reasonable hours and rates. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court need not apply all 12 factors, and the most critical factor is "the degree of success obtained" by Plaintiff's counsel. E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir.1990); Doe v. Chao, 435 F.3d 492, 506 (4th Cir. 2006).

The party seeking attorneys' fees bears the burden to show that an award is statutorily authorized and that the fees requested are reasonable. Driskell v. Summit Contracting Grp., Inc., No. 3:16-CV-819-FDW-DCK, 2021 WL 3044156, at *2–3 (W.D.N.C. July 19, 2021).

**III. Analysis**

    **a. NCUDTPA Factors**

For the Court to award attorneys' fees under NCDUPTA, the Court must first make three predicate findings. First, that the recipient is a "prevailing plaintiff." Second, that the defendant willfully violated the statute. And third, that the defendant "made an unwarranted refusal to

3

settle." Irwin Indus., 747 F. Supp. 2d at 589 (citing N.C. GEN. STAT. § 75–16.1). The Court assesses these conjunctive criteria below.

### i. CPI is a Prevailing Plaintiff

A plaintiff is "prevailing" if the defendant's NCUDTPA violation caused them to suffer actual injury. CPI showed, and the jury found, that Vivint's NCDUPTA violation caused actual injury.[1] Therefore, CPI is a prevailing plaintiff.

### ii. Vivint Willfully Engaged in Unfair/Deceptive Trade Practices

Willfulness is not an element of an ordinary NCUDTPA claim. To recover attorneys' fees, however, the prevailing plaintiff must prove that the defendant acted willfully. Standing v. Midgett, 850 F. Supp. 396, 404 (E.D.N.C. 1993). "An act or a failure to act is 'willfully' done if done voluntarily and intentionally with the view to doing injury to another." Id.

Plaintiff argues that the jury's $140 million punitive damages award proves that Vivint willfully violated the NCUDTPA. (Doc. No. 173 at 3). Vivint's briefing is non-responsive. See (Doc. No. 176 at 2). Nonetheless, Plaintiff bears the burden to show its entitlement to fees, and thus to show that Defendant's violation of the NCUDTPA was willful.

The Court now finds—as the jury did at trial—that Vivint's NCUDTPA violation was "willful." The jury found Vivint liable for tortious interference of contract. (Doc. No. 148 at 3–4). Intent—i.e., willfulness—is an element of tortious interference in North Carolina. Blue Ridge Pub. Safety, Inc. v. Ashe, 712 F. Supp. 2d 440, 447 (W.D.N.C. 2010) (citing North Carolina cases). The jury's tortious interference verdict "satisfies Chapter 75's willfulness requirement for the recovery of attorneys' fees." Irwin Indus., 747 F. Supp. 2d 568, 590 (W.D.N.C. 2010).

---

[1] The jury awarded CPI $29.3 million in damages on its UDTPA claim.

4

### iii. Vivint Made an Unwarranted Refusal to Settle

When a party's first settlement offer comes only after trial begins, that party has made an unwarranted refusal to settle. Such conclusion is bolstered if the settlement offer is less than half of the final award. See Clark Material Handling Co., No. 3:12-CV-00510-MOC, 2015 WL 3514339, at *7 (W.D.N.C. June 4, 2015). Here Defendant's first settlement offer came a week into trial and was a fraction of the final award. (Doc. No. 173 at 4); (Doc. No. 173-1 ¶ 28). Vivint plainly made an unwarranted refusal to settle.

### b. Lanham Act Criteria

An attorneys' fee award is authorized by the Lanham Act where "(1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." Georgia-Pac. Consumer Prod., 781 F.3d at 721. Plaintiff argues the first and third of these disjunctive criteria.

Rather than wade into the "discrepancy" between the merits of CPI and Vivint's positions or "reasonableness" of Vivint's litigation strategy, the Court focuses on the obvious need to deter Vivint from adopting similar tactics in the future. The Court's finding that deterrence is appropriate simply reiterates the jury verdict. The jury found by clear and convincing evidence that CPI was entitled to receive from Vivint punitive damages. (Doc. No. 148 at 5). Under North Carolina law, punitive damages serve two purposes: "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C.G.S. § 1D-1 (emphasis added). The jury was so informed by Judge Whitney:

> if you determine, in your discretion, to award punitive damages, then you may award an amount which bears a rational relationship to the sum reasonably needed

5

to punish Vivint for egregiously wrongful acts and to deter Vivint and others in
committing similar wrongful acts.

(Doc. No. 189 at 1558:4–8). "A jury is presumed to follow the instructions of the court." Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004); see United States v. Runyon, 707 F.3d 475, 497 (4th Cir. 2013).

Even if the jury's $140 million punitive damages award reflects their exclusive desire to punish (not deter) Vivint,[2] the Court finds that deterrence is appropriate in light of the several actions initiated against Vivint by state attorneys general for similar misconduct. The Court thus concludes that an award of attorneys' fees is appropriate under the Lanham Act.

### c. The Court's Discretion

Even where—as here—the statutory factors authorize a fee award, the decision to award attorneys' fees under NCUDTPA and the Lanham Act remains within the Court's discretion. The court may—not must—award attorneys' fees.[3] CPI's claim that it is "entitled" to attorneys' fees misapprehends the law. (Doc. No. 173 at 3).

The purpose a fee award under the Lanham Act and NCUDTPA is essentially twofold:

---

[2] This seems unlikely considering counsel's focus on deterrence at closing argument. See (Doc. No. 189 at 1560:16–22) ("You have the opportunity to deliver a message to Vivint that in the state of North Carolina and anywhere in the United States of America it's not acceptable to behave that way. Nothing has worked so far. Maybe today, maybe today it will finally resonate with them that they need to change the way they treat people."); (id. at 1574:22–23) ("This conduct simply has to stop. It has to stop."); (id. at 1575:9–10) ("[W]e're going to ask you to send a message to them that this behavior has to stop.").

[3] "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). "Once the Court has determined that a case is 'exceptional,' the decision to award fees [for a Lanham Act claim] is a matter within the Court's discretion." Irwin Indus., 747 F. Supp. 2d at 588 (citing Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1480 (Fed.Cir.1998); Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 381 (W.D.N.C. 1997)). "An award of attorneys' fees under Chapter 75 [i.e., NCUDTPA,] is a matter within the Court's discretion." Id. at 589 (citing Shepard v. Bonita Vista Props., L.P., 191 N.C. App. 614, 625 (2008)). "The award of attorneys' fees under G.S. 75–16.1 is within the sound discretion of the trial judge." Borders v. Newton, 68 N.C. App. 768, 770 (1984).

(1) to punish and deter willful and/or egregious conduct, and (2) to compensate the party who incurs legal fees because of their counterparty's unreasonable litigation strategy. For their work in this matter, Plaintiff's counsel will be compensated on a contingency basis. (Doc. No. 173-1 ¶ 14). The contingency agreement between Plaintiff and Plaintiff's counsel vitiates the "compensation" justification for a fee award. Plaintiff did not incur additional fees due to Defendant's litigation strategy because Plaintiff's counsel was not paid hourly. That leaves only the punishment and deterrence rationale for a fee award. The Court finds that the jury's $140 million punitive damages award is sufficient to satisfy the objectives of punishment and deterrence in this case. An additional award of attorneys' fees is unnecessary.

The Court will, in its discretion, deny Plaintiff's motion for attorneys' fees. Because the Court will deny Plaintiffs' motion for attorneys' fees, the Court need not apply the <u>Robinson</u> factors to determine whether an award is "reasonable."

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorneys' fees, (Doc. No. 173), is **DENIED**.

Max O. Cogburn Jr.
United States District Judge