UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-504-MOC

| | |
|---|---|
| CPI SECURITY SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| VIVINT SMART HOME, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendant's motion to require Plaintiff to file its closing-argument slides. (Doc. No. 177). Plaintiff opposes Defendant's motion. (Doc. No. 178). The Court heard argument on Defendant's motion in October 2023. Plaintiff, in compliance with the Court's instructions at the October hearing, delivered a copy of the slides in question for the Court's in camera review. Having reviewed the slides and considered the authorities raised in the parties' filings and oral arguments, the Court will deny Defendants' motion.

I.   Background

The Court's recent Order denying Defendants' motion for posttrial relief states the relevant case history. Full recapitulation is unnecessary here. The only facts relevant to the motion before the Court are that (1) CPI showed the jury certain slides from a PowerPoint presentation during closing argument; (2) within three business days of closing argument, Defendant informally requested those slides from Plaintiff; (3) Plaintiff refused Defendant's informal request; (4) since Plaintiff's initial refusal, Defendant has continued to seek the slides without success. While the slides in question were displayed in open court, the entire PowerPoint

1

presentation of which they are a part was not. Defendant did not object to the slides when displayed.

## II. Legal Standard

The First Amendment creates a presumptive right of access to judicial records in civil cases. See Doe v. Pub. Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). Documents tendered to the Court for use in deciding dispositive motions and used in a hearing open to the public are part of the public record. Rambus, Inc. v. Infineon 3 Techs. AG, No. CIV.A. 3:00-CV-524, 2005 WL 1081337, at *1 (E.D. Va. May 6, 2005). Documents displayed in open court are not protected by work-product immunity. Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 583 (E.D. Va. 2009); Rambus, 2005 WL 1081337, at *3. Courts have required demonstrative slides to be released even where the party seeking the slides did not move the court for their production at trial. See, e.g., Rambus, 2005 WL 1081337, at *1; Wrice v. Byrne, 488 F. Supp. 3d 646, 652, 679 (N.D. Ill 2020). Courts have additionally required parties to file demonstrative exhibits used at trial to create a complete record for appeal. See Wrice, 488 F. Supp. 3d at 679.

## III. Analysis

Defendant has a presumptive right of access to the judicial record in this civil case. Doe, 749 F.3d at 265–66. Therefore, Defendant's motion must prevail insofar as Defendant seeks documents (1) tendered to the Court for use in deciding dispositive motions and (2) used in open court. Rambus, 2005 WL 1081337, at *1. While the some of the slides sought by Defendant were used in open court, some of the slides included in the PowerPoint were not. In any case, none of the slides tendered to the Court, nor were they used in deciding a dispositive motion. Therefore, even if the Rambus court's definition of the public record bound this court (it does not),

Defendants are not entitled to the slides as part of the judicial record. See Bond v. Marriott Int'l, Inc., No. RWT 10-CV-1256, 2015 WL 12988744, at *1 (D. Md. Apr. 9, 2015).

Defendants argue that Plaintiff should nonetheless be required to produce the slides "to ensure a complete record for post-trial motions and any appeal." (Doc. No. 177 at 3). Insofar as Defendant requests the slides for their post-trial practice, their motion is moot: the Court has already denied Defendant's motions to alter judgment, for new trial, and for judgment notwithstanding the verdict. (Doc. No. 200). To the extent that Defendant requests the slides to create a complete record for appeal, their motion falters on two independent grounds.

First, Defendant's motion is not supported by binding authority. True, the Northern District of Illinois once required a party to file a demonstrative chart used in closing argument because "it would likely serve the appellate court best to have a fuller record of the trial." Wrice, 488 F. Supp. 3d at 679. But that authority is persuasive at best, and sharply distinguished from the facts of this case: unlike many of the slides Defendant requests here, the demonstrative chart in Wrice was actually shown to the jury.

Second, the trial record is already complete without the requested slides. Defendant contends the slides would "show that CPI sought the same compensatory damages on each of its claims." (Doc. No. 177 at 3). This goes to the double recovery issue Defendant raised in its post-trial motions. But this Court has already concluded that the jury had sufficient evidence to award nonduplicative damages for each count. (Doc. No. 200 at 6). Moreover, the jury instructions in this case—for which Defendant advocated—precluded the risk of double recovery. "A jury is presumed to follow the instructions of the court." Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004). Defendant fails to rebut this presumption. See United States v. Runyon, 707 F.3d 475, 497 (4th Cir. 2013); (Doc. No. 200 at 5). Because Defendant has failed to show that the jury

3

awarded duplicative damages—never mind that those damages were related to the requested slides—adding the slides shown to the jury to the record on appeal would be an empty gesture.[1] Quod vanum et inutile est, lex non requirit: the law does not require a useless act.

Finding that Defendant lacks authority to support their request for the PowerPoint slides, the Court need not consider Plaintiff's defenses of work-product immunity and improper purpose. Even if Plaintiff's defenses are unavailing, Defendant's motion still fails.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to require Plaintiff to file its closing-argument slides, (Doc. No. 177), is **DENIED**.

Max O. Cogburn Jr.
United States District Judge

Signed: February 12, 2024

---

[1] "To the extent that [Plaintiff] mentioned the slides during the argument, that is reflected in the transcript that is part of the record. Bond, No. RWT 10-CV-1256, 2015 WL 12988744, at *1.